LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
REBECCA K. KIMURA (State Bar No. 220420)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:    (415) 357-4605

Attorneys for Defendant
AT&T PENSION BENEFIT PLAN -
NONBARGAINED PROGRAM

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QUILLER BARNES,

      Plaintiff,

vs.

AT&T PENSION BENEFIT PLAN -
NONBARGAINED PROGRAM,

      Defendant.

Case No. CV 08 4058

JCS

**NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. SECTION 1441(a)-(c)
(FEDERAL QUESTION)**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

     PLEASE TAKE NOTICE that AT&T PENSION BENEFIT PLAN - NONBARGAINED

PROGRAM (the "Plan") hereby removes to the Court the state action described below.

     1.    On January 22, 2008, an action was commenced under Title 29 USC section

1132(a)(1)(B) in the Superior Court of the State of California, in and for the County of Contra

Costa, entitled Quiller Barnes, Plaintiff v. SBC Communications, Inc., et al., Defendants, as Case

No. C08-00160 ("Complaint"), and is now pending therein (the "Action").  (A true and correct

copy of the original Complaint is attached hereto as Exhibit "A").  An Amendment to the

Complaint was filed on June 9, 2008.[1]  (A true and correct copy of the Amendment to the

Complaint is attached hereto as Exhibit "B").  A Second Amendment to the Complaint

---

[1] The First Amendment to the Complaint substituted the fictitious name of Doe One for the true name of Fidelity Investments.

1

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1  substituting the Plan for Doe Two was filed on July 14, 2008. (A true and correct copy of the

2  Second Amendment to the Complaint is attached hereto as Exhibit "C").

3      2.    The Plan was served Summons and Complaint by Notice of Acknowledgement

4  and Receipt dated July 29, 2008 (the "Acknowledgement"). (A true and correct copy of the

5  Summons is attached hereto as Exhibit "D.")[2]

6      3.    Plaintiff seeks, and the Complaint raises claims under Title 29 USC section

7  1132(a)(1)(B), for pension and retirement benefits under the Plan. (See Complaint at 4 ¶¶ 23-24).

8      4.    Exhibits "A" through "E" comprise all effective process and pleadings received by

9  the Plan in the Action.

10     6.    The Action is one over which this Court has original jurisdiction under 29 U.S.C.

11  § 1132, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C.

12  § 1441 in that it arises under the Employee Retirement Income Security Act of 1974 ("ERISA"),

13  29 U.S.C. § 1001, *et seq.*

14     7.    The Plan requests that the Court accept this Notice of Removal and that the Action

15  pending against it in the Superior Court of the State of California, Contra Costa County, Case No.

16  C 08-00160, be removed to this Court for all proceedings.

17

18  DATED:  August 25, 2008                    LAFAYETTE & KUMAGAI LLP

19

20                                            _____
                                             SUSAN T. KUMAGAI
21                                            Attorneys for Defendant
                                             AT&T PENSION BENEFIT PLAN -
22                                            NONBARGAINED PROGRAM

23

24

25

26

27  _____

28  [2] On July 29, 2008, voluntary dismissal was entered against improperly named defendants Fidelity Investments, SBC
Communications, Inc., and SBC Pension and Savings Plan. (A true and correct copy of the Dismissal is attached
hereto as Exhibit "E").

2

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(a)-(c) (FEDERAL QUESTION)

THE JOHNSON LAW FIRM
RONALD R. JOHNSON, ESQ (SBC # 055776)
430 Railroad Avenue
Pittsburg, CA 94565
Tel: (925) 427-9006
Fax: (925) 427-3020

Attorneys for Plaintiff
QUILLER BARNES

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR COUNTY OF CONTRA COSTA
UNLIMITED CIVIL CASE

|  |  |
|---|---|
| QUILLER BARNES, | Case No  C  08 - 00160 |
| Plaintiff | **COMPLAINT BY PLAN PARTICIPANT TO RECOVER BENEFITS DUE UNDER PENSION PLAN AND/OR TO ENFORCE RIGHTS UNDER TERMS OF PENSION PLAN (Title 29 USC section 1132(a)(1)(B)** |
| vs | |
| SBC COMMUNICATIONS, INC., and SBC PENSION AND SAVINGS PLAN, and Does 1 through 50. inclusive | |
| Defendants. | PER LOCAL RULE 5 THIS CASE IS ASSIGNED TO DEPT ___ |

COMES NOW, Plaintiff QUILLER BARNES, and alleges as follows:

1. Plaintiff QUILLER BARNES is, and at all times hereinmentioned was, a citizen resident of the State of California  Plaintiff is suing in his capacity as Plan Participant in a pension plan administered by SBC PENSION AND SAVINGS PLAN.

2. Plaintiff is informed and believes and based thereon alleges that defendants SBC COMMUNICATIONS, INC , is a corporation licensed to do business in the State of Delaware and doing business in California. Contra Costa County  Plaintiff is further informed and believes and based thereon alleges that the pension plan for SBC COMMUNICATIONS, INC., and its predecessors-in-interest PACIFIC BELL TELEPHONE COMPANY and PACIFIC TELESIS FOUP is or was, at all relevant times administered by defendant SBC PENSION AND SAVINGS PLAN. Plaintiff is informed and believes and based thereon alleges that is and at all times

COMPLAINT

- 1 -

Exhibit "A"

hereinmentioned defendant SBC PENSION AND SAVINGS PLAN was the administrator of a pension plan for employees of Pacific Bell Telephone Company, Pacific Telesis Group which was later taken over by defendant SBC COMMUNICATIONS, INC

3. This Court has concurrent jurisdiction over plaintiff BARNES' claim to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan pursuant to Title 29 USC section 1132(a)(1)(B), as set forth in Title 29 USC section 1132(e)(1).

4. Venue is proper in Contra Costa County since plaintiff was employed by Pacific Bell Telephone Company and SBC COMMUNICATIONS in this County.

5. The true names or capacities, whether individual, associate, corporate, or otherwise of Defendants charged in this Complaint as Does 1 through 50, inclusive, and each of them, are unknown to the Plaintiff, who therefore sues said Defendants by such fictitious names. As soon as their respective true names and capacities have been ascertained, Plaintiff will amend this Complaint to show the same.

6. Plaintiff is informed and believe, and on that basis allege, that each of said fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and the Plaintiff injuries herein alleged were proximately caused by each of said Defendants' acts or omissions.

7 Plaintiff is further informed and believe, and on that basis allege, that at all times herein mentioned, each of the Defendants was the agent or the employee of each of the other Defendants and was acting within the course and scope of such agency or employment in acting or failing to act as hereinafter set forth.

8 Plaintiff commenced his employment with Pacific Bell Telephone Company in or about 1971. On October 29, 1996, plaintiff retired from Pacific Bell Telephone Company with 24 years and 10 months of service at the age of 48 years and 5 months  At the time of his initial

COMPLAINT

1   retirement, plaintiff had only requested his cash out benefits. Plaintiff did not use other retirement

2   benefits at that time.

3        9   Shortly thereafter, within approximately six months, plaintiff BARNES was rehired

4   by Pacific Bell Telephone Company with the same job title, on May 1, 1997.

5        10   At the time of his re-hire, The "Pacific Telesis Group Cash Balance Pension Plan"

6   dated July 1996 provided that an employee can bridge his employment to his previous years of

7   service. The plan required the employee to work for an additional five (5) years in order to be

8   entitled to bridge his employment to the previous years of service

9        11. On June 30, 1997, plaintiff received a statement from Pacific Telesis Group Cash

10   Balance Pension Plan setting forth these facts. A true and correct copy of said statement is attached

11   hereto as Exhibit A and incorporated herein by this reference

12        12   At some point in time, Pacific Telesis was taken over by SBC and plaintiff received

13   similar statements from Pacific Telesis and SBC Pension Services through October of 2000

14        13   In or about October of 2000, SBC offered an early retirement package to employees

15   who qualified for early retirement. Plaintiff discussed this matter with his supervisor, as well as his

16   reasons for not retiring in 2000 because he wished to meet the five-year bridge requirements. The

17   supervisor notified the Human Resources Department.

18        14. From this point onwards, plaintiff received pension statements from SBC which did

19   not reflect the Accelerated Transition Benefits. However, because of the bridging rule, in effect, as

20   set forth in the benefits book, plaintiff saw no problem with the statement at the time, because he

21   believed it would be reflected after he had worked for five years, as required for the bridging rule to

22   become applicable.

23        15. On July 17, 2003. Plaintiff believed that his previous service had been bridged and

24   he had a total of 30 years of service, thereby qualifying him for the Accelerated Transition Benefit,

25   as stated on documents that had been provided to him. Because plaintiff BARNES was a vested

26   employee at his previous date of termination, Plaintiff BARNES' bridged employment totaled 30

27

28

COMPLAINT

1   years of service. Because BARNES met the requirement for vesting and bridging, it was his

2   contention that he was entitled to full Accelerated Transition Benefits (ATB)

3        16  Some time thereafter, plaintiff made a claim for ATB, and was notified verbally,

4   that he was not entitled to the Accelerated Transition Benefit calculation, without being provided

5   any reasons therefor.   Plaintiff was not provided a response as to why defendants SBC

6   COMMUNICATIONS, INC., and SBC Pension Services were not recognizing benefits that were

7   earned under the agreement of the Pacific Telesis Pension and Retirement Plain for its employee,

8   when SBC Communications purchased Pacific Telesis with its pension benefits plan, intact.

9        17  On or about May 5, 2004, plaintiff sent a letter to SBC Pension Services regarding

10  his claim for benefits under the Accelerated Transition Benefits.

11       18  Plaintiff's claim for benefits under the Accelerated Transition Benefits was denied

12  by defendants on or about November 11, 2004. Pursuant to said denial, plaintiff had a right to

13  appeal the denial of benefits under the ATB to the Benefit Plan Committee, within sixty days after

14  receipt of the denial.

15       19  On January 18, 2005, plaintiff through his attorney Dorothy Taylor Cobb appealed

16  the denial of the Accelerated Transition Pension Benefits. Attached hereto and marked <u>Exhibit B</u> is

17  a true and correct copy of the letter sent by the Law Office of Dorothy Taylor Cobb to defendants

18  appealing the denial of ATB Pension Benefits.

19       20  Plaintiff waited to hear from the Benefit Plan Committee of defendants SBC

20  PENSION AND SAVINGS PLAN and SBC COMMUNICATIONS, INC. To the date of filing

21  this Complaint, plaintiff has not received an acknowledgment of his appeal, nor any determination

22  regarding the outcome of his appeal

23       WHEREFORE, Plaintiff prays for judgment as hereinafter set forth:

24       1. For Accelerated Transition Benefits, due and payable to the plaintiff, under the Plan.

25       2  For costs of suit herein incurred;

26       3. For reasonable attorney's fees if permitted by the Plan or by statute; and

27  //

28

COMPLAINT

- 4 -

4    For such other and further relief as the court may deem just and proper.

Date:  January 20, 2008

LAW OFFICES OF RONALD R. JOHNSON

By:

RONALD R. JOHNSON
Attorneys for Plaintiff
QUILLER BARNES

COMPLAINT

- 5 -

*Side #2*

SSN:
NAME:        *QUILLER BARNES*                          Attachment I
                                                      Page VII of L
Age and Service Points On 06/30/1997

---

Age    +    Service    =    Total

49y  2m  +    0y  2m  =  49y  4m

Special Notes

○ Additional information on terms and formulas can be found in Section 10 of the
  Benefits 90s Binder sent to all employees in July, 1996.

○ Questions can be directed to Prudential Retirement Administration
  on 1-800-435-2435.

○ Monthly amounts are Single Life Annuities, payable as of the date of this
  statement.

○ Your benefit is not payable until you are a participant in the salaried pension
  plan and you have completed five or more years of service.
  If you were vested at your previous termination date, you only need to meet the
  participation requirements.

○ These calculations bridge your past service only for purposes of your pension
  benefits.  Your Net Credited Service will not be adjusted for other benefits
  (e.g. Vacation) until you meet the five year bridging requirements.

○ When you leave the Company, you will receive the greater of your Cash Balance
  Benefit or your Accelerated Transition Benefit.

PACIFIC TELESIS
Group                                    2

*Exhibit A*

*Side #1*

## Statement of
## Pension Benefits
## as of 06/30/1997

*Pacific Telesis Group*
*Cash Balance Pension Plan*
*for Salaried Employees*



SSN:
Date of Birth:                    06/22/1948
Net Credited Service Date:  06/01/1997
Company                      Pacific Bell
Status:                          Active

QUILLER BARNES
178 BONAIRE AVENUE
HERCULES, CA 94547

Attachment I
Page VI of L

### Cash Balance Account

| | | |
|---|---|---|
| Opening Balance as of 04/01/1997 | $ | 0.00 |
| Pay Credits 04/01/1997 - 06/30/1997 | $ | 456.00 |
| Interest Credits at 6.69% | $ | 1.24 |
| Account Balance as of 06/30/1997 | $ | 457.24 |

| | Monthly | | Lump Sum |
|---|---|---|---|
| -Qualified Pension | $    3.01 | $ | 457.24 |

NOTES

o  Pay Credits are 5% of your Cash Balance Pay.
o  The annual 30 year Treasury bond interest rate for the third quarter, 1997 is  6.94%
   and is updated quarterly.

### Accelerated Transition Benefit

| | Monthly | | Lump Sum |
|---|---|---|---|
| As of 06/30/1997 | | | |
| -Qualified Pension | $    1,460.68 | $ | 222,414.83 |

NOTES

o  The Accelerated Transition Benefit is a minimum annuity benefit using frozen pay and
   service as of June 30, 1996.
o  Changes occur as your age reduction decreases and/or your cashout factor changes.
o  Cashout factors are based on annual interest rates and your life expectancy.
o  The annual 30 year Treasury bond interest rate for the third quarter, 1997 is  6.94%
   and is updated quarterly.

Date: 07/31/1997                                     1

MAY 1 2 2004



*Side #1*

Statement of
## Pension Benefits
as of 09/30/1997

Attachment I
Page VIII of L

*Pacific Telesis Group*
*Cash Balance Pension Plan*
*for Salaried Employees*



SSN:
Date of Birth:                    05/22/1948
Net Credited Service Date:  05/01/1997
Company:                          Pacific Bell
Status:                              Active

GUILLER BARNES
178 BONAIRE AVENUE
HERCULES, CA  94547

### Cash Balance Account

| | | | |
|---|---|---|---|
| Opening Balance as of  07/01/1997 | $ | 457.24 | |
| Pay Credits 07/01/1997 - 09/30/1997 | $ | 684.00 | |
| Interest Credits at  6.94% | $ | 11.59 | |
| Account Balance as of  09/30/1997 | $ | 1,152.83 | |

| | | Monthly | | Lump Sum |
|---|---|---|---|---|
| -Qualified Pension | $ | 7.32 | $ | 1,152.83 |

N O T E S

* Pay Credits are 5% of your Cash Balance Pay.
* The annual 30 year Treasury bond interest rate for the fourth quarter, 1997 is  6.58% and is updated quarterly.

### Accelerated Transition Benefit

| | | Monthly | | Lump Sum |
|---|---|---|---|---|
| As of 09/30/1997 | | | | |
| -Qualified Pension | $ | 1,482.71 | $ | 233,565.97 |



N O T E S

* The Accelerated Transition Benefit is a minimum annuity benefit using frozen pay and service as of June 30, 1995.
* Changes occur as your age reduction decreases and/or your cashout factor changes.
* Cashout factors are based on annual interest rates and your life expectancy.
* The annual 30 year Treasury bond interest rate for the fourth quarter, 1997 is  6.58% and is updated quarterly.

Date: 10/30/1997                          1

MAY 12 2004

*S. ole 7+ c*

SSN:
NAME:       QUILLER BARNES

Age and Service Points On 09/30/1997

Age    +    Service    =    Total

49y  5m  +  0y  5m  =  49y  10m

Special Notes

- Additional information on terms and formulas can be found in Section 10 of the Benefits 90s Binder sent to all employees in July, 1996.

- Questions can be directed to Prudential Retirement Administration on 1-800-435-2436.

- Monthly amounts are Single Life Annuities, payable as of the date of this statement.

- Your benefit is not payable until you are a participant in the salaried pension plan and you have completed five or more years of service. If you were vested at your previous termination date, you only need to meet the participation requirements.

- These calculations bridge your past service only for purposes of your pension benefits. Your Net Credited Service will not be adjusted for other benefits (e.g. Vacation) until you meet the five year bridging requirements.

- When you leave the Company, you will receive the greater of your Cash Balance Benefit or your Accelerated Transition Benefit.

PACIFIC TELESIS.
Group                                          2

a later date. Your benefit will then be deferred until you notify the SBC Pension Plan Service Center that you wish to begin distribution of your benefit or until age 65, whichever occurs first. If later you wish to begin distribution of your benefit before age 65, contact the SBC Pension Plan Service Center at least 90 days before the date you want to begin receiving your benefit.

If you fail to make an election before you reach age 65, payment of your benefit will begin automatically on the first of the month following your 65th birthday in the form of a Joint and 50% Survivor Annuity. Also, if you leave the SBC family of companies or retire after reaching age 65 and fail to elect one of the benefit options described above, you will automatically begin to receive your benefit in the form of a Joint and 50% Survivor Annuity. In either case, if you later provide proof that you were not married on your benefit commencement date, the SBC Pension Plan Service Center will restore the 10% reduction for the cost of the Joint and 50% Survivor Annuity (retroactive to your benefit commencement date).

***For Pacific Telesis company employees eligible for an ATB:*** If your highest benefit is an ATB and you elect to defer payment beyond your initial 90-day election period, you will lose the option to take your payment in a lump sum at a later date.

***For Pacific Telesis company employees eligible for a Special ATB:*** Interest on your Special ATB will end as of the *earlier* of your termination date or December 31, 2001.

If you reach age 70 ½ before January 1, 1999, you must begin receiving your pension no later than April 1 after the calendar year in which you reach age 70 ½. If you continue to work after April 1 of the year following the calendar year in which you reach age 70 ½, your pension benefit will be paid to you whether or not you are still employed. Your pension will be recalculated annually until you terminate employment. If you reach age 70 ½ on or after January 1, 1999, your pension benefit will not become payable until you terminate employment.

### Distribution of Your ATB If You Die || TOP

If you die before your ATB is distributed to you, your benefit will be paid to your spouse or other beneficiary at the time of your death. Your spouse or other beneficiary will automatically receive the ATB if this provides a larger survivor benefit than does your cash balance account.

If you die while you are an active vested employee, the pension benefit payable to your beneficiary will be equal to the amount that would have been payable if you had terminated employment, elected the Joint and 50% Survivor Annuity, started to receive your ATB the day before you died, and died the next day. If you die with 15 or more years of Net Credited Service, the pension benefit payable to your beneficiary will not be reduced for its early start. If you die with less than 15 years of Net Credited Service, the pension benefit payable to your beneficiary will be reduced for the early start.

If you die after termination of employment and before your ATB begins, the pension benefit payable to your beneficiary will be equal to the amount that would have been payable if you had terminated employment, elected the Joint and 50% Survivor Annuity, started to receive your ATB the day before you died, and died the next day.

If your surviving spouse is your beneficiary, your surviving spouse can choose to receive either an immediate lump sum (based on your spouse's age at the time of your death) or an immediate Single Life Annuity for the life of your surviving spouse. If your surviving spouse does not elect an immediate lump sum within his/her initial 90-day election period, then your spouse loses the option to elect a lump sum at a later date. If your surviving spouse elects an immediate Single Life Annuity, then it will be equal to 45% of your Single Life Annuity at the time of your death. Any beneficiary(ies) other than your spouse will receive an immediate lump sum (based on your age at the time of your death).

## Special ATB (Pacific Bell Telesis Company Employees Only) || TOP

If you are an employee who earned an Accelerated Transition Benefit (ATB) and you were still employed by an SBC company on January 1, 1999, you are also entitled to receive an alternative pension benefit calculation called the Special ATB. The Special ATB is established as follows:

- The initial value of the Special ATB will be equal to the present value of your regular ATB on January 1, 1999, determined as if you had terminated employment on that date and elected to receive your regular ATB in a lump sum.
- Your Special ATB will be credited with a full month's interest for each full or partial month before your termination of employment, beginning January 1, 1999 and extending through December 2001, at the rate applicable to your regular Cash Balance Benefit. After December 31, 2001, the amount of your Special ATB will remain frozen.
- After you terminate employment, you will be entitled to receive the greatest of the following:
  - your Special ATB (including all interest credited up through the earlier of your termination date or December 31, 2001);
  - your Cash Balance Benefit; or
  - your regular ATB.

The value of each benefit will be determined as of your termination and will be based on each benefit's cashout value.

If applicable, the survivor benefit associated with a Special ATB will be equal to 45% of the value of your Special ATB at the time of your death.

To initiate payment of the Special ATB, refer to the *How To Initiate Payment of Your ATB* section.

When you are eligible to receive payment of your Special ATB from the Plan, you can choose among the same payment options as are available under the Plan in connection with the Cash Balance Benefit (see the *Cash Balance Benefit - Benefit Payment Options* ).

## Grandfathered Benefit (Southwestern Bell Company Employees Only) || TOP

Before the cash balance plan design was introduced on June 1, 1997, pension benefits were earned under a different plan design. While that old plan design is no longer in effect, you may be eligible for the Grandfathered Benefit, which ensures that you will get benefits calculated under the old plan design (as modified in the manner described below) if the cash balance plan design does not produce a higher benefit.

You are eligible for the Grandfathered Benefit if you were:

- A Southwestern Bell company Nonbargained Employee of a Participating Company on March 31, 1997; and
- A Nonbargained Employee of any SBC company on June 1, 1997.

The Grandfathered Benefit is the benefit you would have received under the old plan design with modifications described more fully below  The Grandfathered Benefit will grow as you earn additional service and compensation until May 31, 2002  On that date, your unreduced monthly Grandfathered Benefit will be frozen.  This means that your unreduced monthly Grandfathered Benefit will not grow after May 31, 2002, but you will never lose your Grandfathered Benefit.  When you leave the SBC family of companies, your Cash Balance Benefit will be compared to the lump sum value of your monthly Grandfathered Benefit, and you will receive the larger of the two.

### Grandfathered Benefit Formula || TOP

Your *Unreduced Monthly Grandfathered Benefit* is equal to 1 6% of your *Adjusted Career*

SBC Pension Benefit Plan Nongrained Program

*Income* divided by 12  In some cases your Grandfathered Benefit may be reduced for early payment (please see PB34 and PB35 for a more complete description of these reductions).

*Adjusted Career Income* equals your Average Annual Compensation times Pension Calculation Service through the end of the applicable averaging period, plus your Pension Compensation earned after the end of the applicable averaging period.

*Average Annual Compensation* is the average of your Pension Compensation during the applicable averaging period. The applicable averaging periods are shown below:

| Retirement Date Between: | Applicable Averaging Period: |
|---|---|
| 4/1/97 - 12/31/97 | 1/1/91 - 12/31/95 |
| 1/1/98 - 12/31/98 | 1/1/92 - 12/31/96 |
| 1/1/99 - 12/31/99 | 1/1/93 - 12/31/97 |
| 1/1/00 - 12/31/00 | 1/1/94 - 12/31/98 |
| On or after 1/1/01 | 1/1/95 - 12/31/99 |

*Pension Compensation* includes your base pay, and any applicable group incentive compensation, nondiscretionary incentive compensation, differentials, Bellcore rotational compensation and Bellcore buyout compensation  If you were a part-time employee with a Participating Company during or before an applicable averaging period, your pension compensation will be the compensation you would have received if you had been employed on a full-time basis.

*Pension Calculation Service* is your continuous employment with one or more Participating Companies.  It does not include service with any non-Participating Company or service with a Participating Company before the time that company elected to participate in the Plan  Pension Calculation Service may include service with an Interchange Company if covered by an Interchange Agreement.  If you were a part-time employee with a Participating Company during or before an applicable averaging period, your Pension Calculation Service and Net Credited Service for any period of part-time employment will be prorated

To summarize, your Adjusted Career Income is:

| Adjusted Career Income | = | Average Annual Compensation | X | Pension Calculation Service through the end of the applicable averaging period | + | Pension compensation earned after the end of the applicable averaging period |
|---|---|---|---|---|---|---|

And your unreduced monthly Grandfathered Benefit is:

| Unreduced Monthly Grandfathered Benefit | = | Adjusted Career Income | X | 1.6% | , | 12 |
|---|---|---|---|---|---|---|

The following example shows how the Grandfathered Benefit formula works:

Employee 1 retires on May 1, 1997 at age 65 with 27 years of Pension Calculation Service

before 1996, Average Annual Compensation of $36,000 and Pension Compensation after December 31, 1995 of $50,000.

| | |
|---|---|
| *Step 1:* | Calculate Adjusted Career Income (see above) <br> ($36,000 x 27) + $50,000 = $1,022,000 |
| *Step 2:* | Determine Unreduced Monthly Pension Benefit <br> ($1,022,000 x 1.6%) ÷ 12 = $1,362.67 <br> $1,362.67 = the Unreduced Monthly Pension Benefit |

**EMP Benefit || TOP**

If you were a participant in the Plan and employed by one of the companies listed below on December 30, 1991, then you are entitled to an EMP benefit:

- SBC Administrative Services, Inc
- SBC Asset Management, Inc.
- SBC Management Services, Inc.
- Southwestern Bell Audit Services, Inc.
- Southwestern Bell Corporation
- Southwestern Bell Corporation-Washington, Inc.
- Southwestern Bell Telecommunications, Inc.
- Southwestern Bell Telephone Company
- Southwestern Bell Yellow Pages, Inc.

The EMP benefit is similar to the Grandfathered Benefit, except that five years were added to your age and your Pension Calculation Service as of December 30, 1991 for the purpose of determining your pension benefit under EMP. Also, this benefit took into account your Adjusted Career Income only through December 30, 1991.

The benefit you receive under the EMP benefit is as of December 31, 1991 and later compared to the Grandfathered Benefit. At retirement, you will receive the largest of your Cash Balance Benefit, your Grandfathered Benefit, or your EMP benefit

**Pension Types || TOP**

The Plan pays Grandfathered Benefits based on the type of pension you are eligible for, as follows:

| PENSION TYPE | ELIGIBILITY |
|---|---|
| *Service Pension* | If you leave your company and meet any of the following provisions of the Modified Rule of 75: <br><br> • You are any age and have at least 30 years of Net Credited Service; <br><br> • You are at least age 50 and have 25 years of Net Credited Service; <br><br> • You are at least age 55 and have 20 years of Net Credited Service; <br><br> • You are at least age 65 and have 10 years of Net Credited Service |
| *EMP Service Pension* | You were eligible for EMP benefits if the total of your age in whole years and Net Credited Service in whole years as of December 30, 1991 was 65 or greater. |

| Deferred Vested Pension | If you leave the SBC family of companies and are not eligible for a Service Pension or an EMP Service Pension and meet either of the following: |
|---|---|
| | • You have at least five years of Vesting Service; or |
| | • You were eligible for EMP benefits, but were not eligible for an EMP Service Pension (as discussed above). |
| Disability Pension | You are eligible if all of the following apply: |
| | • You are totally disabled as a result of sickness or injury; |
| | • Your initial disability date is on or before March 31, 1997; |
| | • You have completed 15 or more years of Net Credited Service before the end of the month that you reach age 65; |
| | • You continue to be totally disabled after your short-term disability benefits end, as determined by your company's disability plan claims administrator (See the **Disability** summary plan description for more information); and |
| | • You are not eligible for a Service Pension. |
| | *Note*: If you are eligible for a Service Pension that is otherwise subject to reduction for early retirement, your benefit will be provided to you as a Service Pension for Total Disability without any reduction for early retirement. |
| | *Note*   Disability Pension benefits are not available to employees whose disability began on or after April 1, 1997. |

The Service and Deferred Vested Pension types are described following  The Disability Pension is described on page PB 45.

**Service Pension || TOP**

If you are eligible for a Service Pension upon termination of employment, you may retire with a full pension benefit as early as age 55  Your pension benefit will begin on the day following your last day of employment.

You may retire before age 55 and receive a reduced Service Pension benefit. Because you are receiving benefits before age 55, your full pension benefit is reduced by a certain percentage, as follows:

| YEARS OF NCS | % REDUCTION FOR EARLY RETIREMENT |
|---|---|
| 30 years or more | ¼% per month for each full or partial month before age 55 (up to 3% per year) |
| Less than 30 years | ½% per month for each full or partial month before age 55 (up to 6% per year) |

For example, if your unreduced monthly pension benefit is $2,000 and you retire at age 53 with 29 years of service, then you will receive the following benefit:

| *Step 1:* | Multiply the number of months that you are under age 55 by the appropriate percent, depending on your years of Net Credited Service.  In this example, since you are two years |
|---|---|

Law Office of Dorothy Taylor Cobb
One Park Plaza
3250 Wilshire Blvd., 9th Floor
Los Angeles, California 90010
Telephone: (213) 252-2246    Fax: (213) 252-2256

January 18, 2005

Benefit Plan Committee
SBC Pension and Savings Plan Service Center
P.O. Box 420
Little Falls, New Jersey 07424

Re:  Denial of ATB Pension Benefits to Quiller Barnes

Dear Committee:

My office is representing Mr. Quiller Barnes. This letter is an appeal to your denial of the claim made by Quiller Barnes to SBC Pension Services. As Mr. Barnes explained in his letter dated May 5, 2004, the pension calculations made by SBC were in err because they did not recognize earned benefits, i.e., Accelerated Transition Benefits (ATB) grandfathered by Pacific Bell Telephone Company. Theses benefits are outlined on pages 10-21 and 10-31 in the July 1996 Pacific Telesis Cash Balance Pension Plan handbook.

As Mr. Barnes also noted in his letter of May 5, 2004, he received a Statement of Pension Benefits as of 06/30/1997 from Pacific Telesis Group wherein his Qualified Pension under Cash Balance Account and ATB reflected his earned benefits. Mr. Barnes continued to receive these benefit statements from Pacific Telesis through October 2, 2000.

In October 2000, SBC West offered an early retirement package to qualified employees. However, because of the bridging rule (five years of continuous employment after rehire), after discussing his situation with his supervisor, Mr. Barnes declined the early retirement package.

On July 17, 2003 Mr. Barnes had fulfilled the bridging requirements because he had completed the requisite five years of continuous employment with SBC after his break in service in addition to completing 30 years of service with the company, which qualified him for the ATB as set forth on all of the statements that he previously received from Pacific Telesis.

However, on September 9, 2003 Mr. Barnes received a statement from SBC Pension and Savings Plan Service Center that purported to replace any "previous benefit estimates" provided to him. This particular statement was changed to a "Career Average Minimum Retirement Calculation Summary" (CAM) and did not take into consideration

*EXHIBIT "B"*

the bridging rule nor any of Mr. Barnes' previously earned benefits as set forth in the July 1996 Handbook and prior statements from Pacific Telesis.

As a result of these changes, none of which were negotiated nor explained to him, Mr. Barnes did not receive benefits calculated for credits earned before his break in service, which were to be restored (bridged) after five continuous years of service, and 30 years of continuous service, after his break. In addition, SBC failed to apply the interest rate that was in effect prior to October 3, 2003 in calculating his lump sum payout upon his subsequent retirement.

Furthermore, Mr. Barnes did not receive any health benefits for which he was eligible upon his rehire on May 1, 1997. His eligibility for these benefits are outlined in a letter dated may 13, 1997 from The Prudential Asset Management Company.

Your timely attention to this matter will be greatly appreciated and if you have any questions, or if you should need copies of any of the aforementioned documents, please do not hesitate to call.

Sincerely,

LAW OFFICES OF DOROTHY TAYLOR COBB

Dorothy Taylor Cobb, esq.

DTC/sfd

VERIFICATION BY ATTORNEY

I, Ronald R Johnson, declare:
I am an attorney at law duly admitted and licensed to practice before all courts of this State and I have my professional office at 430 Railroad Avenue, Pittsburg, California Contra Costa County.

I am the attorney of record for plaintiff in the above entitled action.

The plaintiff is absent from the county in which I have my office at this time.

For that reason I make the verification on his behalf.

I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge except as to those matters which are therein alleged on information and belief and as to those matters I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Dated: 1/22/08
Pittsburg, California

Ronald R Johnson.

1 | The Johnson Law Firm
2 | Ronald R. Johnson 055776
   | 430 Railroad Avenue
   | Pittsburg, California 94565
3 | (925) 427-9006  FAX 925-427-3020

**FILED**

2008 JUN -9 P 12: 05

4 | Attorney for petitioner  Quiller Barnes

BY:_____

5

6

7

8

9                    SUPERIOR COURT OF CALIFORNIA

10                    COUNTY OF CONTRA COSTA

11 | QUILLER BARNES

12 | V                                    C08-00160

13 |              Plaintiff          AMENDMENT TO COMPLAINT
                                     (Substituting Defendant's True
                                      Name for Fictitious Name)

14 | SBC COMMUNICATIONS, INC. and
    | SBC PENSION AND SAVINGS PLAN, and
15 | DOES 1-50, inclusive.
    |              Defendants.

16 | _____/

17 | Plaintiff was ignorant of a defendant's name, stated that fact in the complaint, and designated the

18 | defendant by a fictitious name  The summons and complaint have not been served  Defendant's true

19 | name has now been discovered and plaintiff hereby amends the complaint as follows:

20 | True Name                        Fictitious Name

21 | Fidelity Investments to substitute for    Doe One.

22 | 6/6/08

23 | The Johnson Law Firm

24 |              / S/

25 | Ronald R. Johnson

EXHIBIT ___ TO THE FINAL PETITION, FEE BASIS          1

**Exhibit "B"**

The Johnson Law Firm
Ronald R. Johnson 055776
430 Railroad Avenue
Pittsburg, California 94565
(925) 427-9006  FAX 925-427-3020

Attorney for petitioner  Quiller Barnes

SUPERIOR COURT OF CALIFORNIA

COUNTY OF CONTRA COSTA

QUILLER BARNES

v

Plaintiff

SBC COMMUNICATIONS, INC. and
SBC PENSION AND SAVINGS PLAN, and
DOES 1-50, inclusive.
                    Defendants

C08-00160

SECOND
AMENDMENT TO COMPLAINT
(Substituting Defendant's True
Name for Fictitious Name)

Plaintiff was ignorant of a defendant's name, stated that fact in the complaint, and designated the

defendant by a fictitious name  The summons and complaint have not been served.  Defendant's true

name has now been discovered and plaintiff hereby amends the complaint as follows:

True Name                                    Fictitious Name

AT&T Pension Benefit Plan-Nonbargained Program    Doe Two

7/14/08

The Johnson Law Firm

Ronald R. Johnson

Second Amendment to Complaint to Name Doe1

Exhibit "C"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
SBC COMMUNICATIONS, INC  and SBC PENSION AND SAVINGS
PLAN and Does 1 through 50, inclusive

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
QUILLER BARNES

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff   A letter or phone call will not protect you   Your written response must be in proper legal form if you want the court to hear your case   There may be a court form that you can use for your response   You can find these court forms and more information at the California Courts Online Self-Help Center (www courtinfo ca gov/selfhelp), your county law library, or the courthouse nearest you   If you cannot pay the filing fee, ask the court clerk for a fee waiver form   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court
There are other legal requirements  You may want to call an attorney right away  If you do not know an attorney, you may want to call an attorney referral service  If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program  You can locate these nonprofit groups at the California Legal Services Web site (www lawhelpcalifornia org), the California Courts Online Self-Help Center (www courtinfo ca gov/selfhelp), or by contacting your local court or county bar association

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www courtinfo ca gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca   Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales   Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados   Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www lawhelpcalifornia org), en el Centro de Ayuda de las Cortes de California, (www courtinfo ca gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA COUNTY OF CONTRA COSTA
725 COURT ST  MARTINEZ, CA  94553

CASE NUMBER:
*(Número del Caso)*
C 08-00160

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney  is:
*(El nombre  la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado  es):*
THE JOHNSON LAW FIRM
RONALD R  JOHNSON 055776    430 RAILROAD AVENUE, PITTSBURG, CA. 94565  (925) 427-9006

DATE: JAN 2 2 2008    Clerk, by S. HALL, PM, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010) )*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons. (POS-010))*

NOTICE TO THE PERSON SERVED: You are served
1. ☑ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416 10 (corporation)    ☐ CCP 416 60 (minor)
☐ CCP 416 20 (defunct corporation)    ☐ CCP 416 70 (conservatee)
☐ CCP 416 40 (association or partnership)    ☐ CCP 416 90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev  January 1  2004]

**SUMMONS**

Code of Civil Procedure §§ 412 20  465

www accesslaw com

Exhibit "D"

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)* | TELEPHONE NO.: (925) 427-9006 | FOR COURT USE ONLY |
|---|---|---|

THE JOHNSON LAW FIRM
RONALD R. JOHNSON (SBN 055776)
430 Railroad Avenue
Pittsburg, California 94565

ATTORNEY FOR *(Name)*: Plaintiff QUILLER BARNES

Insert name of court and name of judicial district and branch court, if any:

CONTRA COSTA SUPERIOR COURT

FILED

2000 JUL 29 P 3: 00

CONTRA COSTA SUPERIOR COURT

BY: D. Wagner, Deputy Clerk

PLAINTIFF/PETITIONER: QUILLER BARNES

DEFENDANT/RESPONDENT: SBC COMMUNICATIONS, INC., et al.

**REQUEST FOR DISMISSAL**

- [ ] Personal Injury, Property Damage, or Wrongful Death
  - [ ] Motor Vehicle   [ ] Other
- [ ] Family Law
- [ ] Eminent Domain
- [✓] Other *(specify)*: Employment

CASE NUMBER:
C08-00160

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1 TO THE CLERK: Please dismiss this action as follows:
   a (1) [ ] With prejudice   (2) [✓] Without prejudice
   b (1) [✓] Complaint   (2) [ ] Petition
      (3) [ ] Cross-complaint filed by *(name)*:                    on *(date)*:
      (4) [ ] Cross-complaint filed by *(name)*:                    on *(date)*:
      (5) [ ] Entire action of all parties and all causes of action
      (6) [✓] Other *(specify)*:* Fidelity Investments, SBC Communications, Inc., SBC Pension and Savings Plan

BY FAX

Date: 7/25/08

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)
*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action or cross-complaints to be dismissed.

(SIGNATURE)
Attorney or party without attorney for:
[ ] Plaintiff/Petitioner   [ ] Defendant/Respondent
[ ] Cross - complainant

2 TO THE CLERK: Consent to the above dismissal is hereby given **
   Date:

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)
** If a cross-complaint-or Response (Family Law) seeking affirmative relief -is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j)

(SIGNATURE)
Attorney or party without attorney for:
[ ] Plaintiff/Petitioner   [ ] Defendant/Respondent
[ ] Cross - complainant

*(To be completed by clerk)*
3 [ ] Dismissal entered as requested on *(date)*:
4 [✓] Dismissal entered on *(date)*: 7/29/08   as to only *(name)*: FIDELITY INVESTMENTS, SBC COMMUNICATIONS, INC, SBC PENSION AND SAVINGS PLAN
5 [ ] Dismissal not entered as requested for the following reasons *(specify)*:

6 [ ] a Attorney or party without attorney notified on *(date)*:
     b Attorney or party without attorney not notified. Filing party failed to provide
       [ ] a copy to conformed   [ ] means to return conformed copy

D. WAGNER

Date: 7/29/08   Clerk, by _____, Deputy

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev January 1 2007]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.;
Cal. Rules of Court, rule 3.1390
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit "E"