LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
REBECCA K. KIMURA (State Bar No. 220420)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:    (415) 357-4605

Attorneys for Defendant
AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| QUILLER BARNES, | Case No. CV 08-04058 JCS |
|---|---|
| Plaintiff, | |
| vs. | ANSWER OF DEFENDANT AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM TO PLAINTIFF'S SECOND AMENDED COMPLAINT |
| AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM, | |
| Defendant. | |

Defendant AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM ("defendant" or "the Plan") hereby answers the Second Amended Complaint ("Complaint") filed by plaintiff Quiller Barnes ("plaintiff") as follows:

1.   Answering paragraph 1 of the Complaint, defendant is without knowledge sufficient to form a belief as to the truth of the allegations regarding where plaintiff currently resides, or as to the truth of plaintiff's characterization of this action. Defendant admits that plaintiff is suing defendant as a participant of the Plan. Except as so admitted, defendant denies each and every other allegation.

ANSWER OF DEFENDANT AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM TO PLAINTIFF'S SECOND AMENDED COMPLAINT
(Case No. CV 08-04058 JCS)

1

2.  Answering paragraph 2 of the Complaint, defendant admits that a pension plan under the Pacific Telesis Group Cash Balance Pension Plan for Salaried Employees July 1996 was available to employees of Pacific Bell Telephone Company, including plaintiff, in July 1996. Except as so expressly admitted, defendant lacks sufficient information to form a belief as to the vague and ambiguous terms used therein and/or the truth of plaintiff's argumentative, conclusory and/or incomplete statements and on that basis denies them. Defendant specifically denies that the Plan was administered by SBC Pension and Savings Plan.

3.  Answering paragraph 3 of the Complaint, defendant admits this Court has original jurisdiction over plaintiff's claims under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1); 28 U.S.C. § 1441(a).

4.  Answering paragraph 4 of the Complaint, defendant admits plaintiff was employed by Pacific Bell Telephone Company in Contra Costa County and that venue is proper in the Northern District of California. Except as so expressly admitted, defendant denies the material allegations contained therein.

5.  Answering paragraph 5 of the Complaint, defendant lacks sufficient information to form a belief as to the truth of the material allegations contained therein and, on that basis, denies them.

6.  Answering paragraph 6 of the Complaint, defendant asserts that the allegations are vague and ambiguous and, therefore, defendant is unable to admit or deny them. Defendant specifically denies any act or omission by defendant caused plaintiff's alleged injuries.

7.  Answering paragraph 7 of the Complaint, defendant denies the material allegations contained therein.

8.  Answering paragraph 8 of the Complaint, defendant lacks sufficient information to form a belief as to the vague and ambiguous terms used therein and/or the truth of plaintiff's argumentative, conclusory and/or incomplete statements. Defendant admits that plaintiff was employed by Pacific Bell from 1973 to October 29, 1996, and received a single lump sum under

ANSWER OF DEFENDANT AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM TO PLAINTIFF'S SECOND AMENDED COMPLAINT
(Case No. CV 08-04058 JCS)

2

the Plan's Cash Balance Pension Plan for Salaried Employees. Except as so admitted, defendant denies the material allegations contained therein.

9. Answering paragraph 9 of the Complaint, defendant lacks sufficient information to form a belief as to the vague and ambiguous terms used therein and/or the truth of plaintiff's argumentative, conclusory and/or incomplete statements. Defendant admits that plaintiff was rehired on May 1, 1997, as a Supervisor in the Network & Services Group. Except as so expressly admitted, defendant denies each and every other allegation.

10. Answering paragraph 10 of the Complaint, defendant lacks sufficient information to form a belief as to the vague and ambiguous terms used therein and/or the truth of plaintiff's argumentative, conclusory and/or incomplete statements and on that basis, denies them.

11. Answering paragraph 11 of the Complaint, defendant lacks sufficient information to form a belief as to the truth of plaintiff's statements relying on the vague and ambiguous term "setting forth these facts," and/or the truth of plaintiff's argumentative, conclusory and/or incomplete statements. Defendant admits that plaintiff received pension statements showing his new cash balance benefit under the Plan after he was rehired in May 1997.

12. Answering paragraph 12 of the Complaint, defendant admits the PTG Plan was merged into the defendant Plan and plaintiff was sent cash balance statements. Except as so expressly admitted, defendant lacks knowledge sufficient to form a belief as to the truth of plaintiff's statement relying on the vague and ambiguous terms "taken over" and "similar statements" and therefore denies them.

13. Answering paragraph 13 of the Complaint, defendant lacks knowledge sufficient to form a belief as to the truth of plaintiff's vague, ambiguous, conclusory, argumentative and/or hearsay statements and therefore denies them.

14. Answering paragraph 14 of the Complaint, defendant admits that plaintiff continued to receive cash balance statements from October 2000. Except as so admitted, defendant lacks knowledge sufficient to form a belief as to the truth of plaintiff's vague, conclusory and/or hearsay statements and therefore denies them.

3

ANSWER OF DEFENDANT AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM TO PLAINTIFF'S SECOND AMENDED COMPLAINT
(Case No. CV 08-04058 JCS)

15. Answering paragraph 15 of the Complaint, defendant lacks knowledge sufficient to form a belief as to the truth of plaintiff's statements relying on vague and ambiguous terms "stated on documents that had been provided to him" and "vested employee" and/or conclusory, argumentative and/or hearsay statements and therefore denies them. Defendant specifically denies that plaintiff was qualified for and/or entitled to ATB in July 2003.

16. Answering paragraph 16 of the Complaint, defendant admits that on or about February 17, 2004, plaintiff informed defendant that he wanted to file a claim for ATB and he was informed that he was not entitled to ATB. Except as so admitted, defendant denies the material allegations contained therein.

17. Answering paragraph 17 of the Complaint, defendant admits that on or about May 12, 2004, defendant received a letter dated May 5, 2004, regarding plaintiff's "appeal" on his "Pension Calculation." Except as so expressly admitted, defendant lacks knowledge sufficient to form a belief as to the truth of plaintiff's vague and ambiguous statements and on that basis denies them. Defendant specifically denies plaintiff was not provided reasons for the denial of ATB.

18. Answering paragraph 18 of the Complaint, defendant admits that plaintiff was sent a Claim Denial Letter on November 11, 2004 and that the plaintiff had a right to appeal said denial of his claim for ATB to the Benefit Plan Committee within 60 days of receipt of the Claim Denial Letter.

19. Answering paragraph 19 of the Complaint, defendant admits the material allegations contained therein.

20. Answering paragraph 20 of the Complaint, defendant lacks knowledge sufficient to form a belief as to the truth of plaintiff's vague, conclusory and/or hearsay statements and therefore denies them. Defendant specifically denies that plaintiff was not sent correspondence acknowledging receipt of his request for appeal of the denial of his claim for ATB and/or notifying him that the denial of his ATB claim was upheld by the Benefit Plan Committee by letter dated April 26, 2005.

4

ANSWER OF DEFENDANT AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM TO PLAINTIFF'S SECOND AMENDED COMPLAINT
(Case No. CV 08-04058 JCS)

### FIRST AFFIRMATIVE DEFENSE

21. As a first separate and affirmative defense, defendant asserts that plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

22. As a second separate and affirmative defense, defendant asserts that plaintiff is barred and precluded from relief, because plaintiff failed to properly mitigate the alleged damages, if any.

### THIRD AFFIRMATIVE DEFENSE

23. As a third separate and affirmative defense, defendant asserts that all actions it took would have been taken in any event based on after-acquired evidence, and that the Complaint is either entirely barred or the alleged damages should be reduced accordingly.

### FOURTH AFFIRMATIVE DEFENSE

24. As a fourth separate and affirmative defense, defendant asserts that the Complaint, and/or each claim for relief contained therein, is barred in that plaintiff is not eligible for benefits under the terms and conditions of the Plan.

### FIFTH AFFIRMATIVE DEFENSE

25. As a fifth separate and affirmative defense, defendant asserts that any purported claim by plaintiff for benefits under the Plan is barred because all benefits under the terms of the Plan have been provided and all payments due under the terms of the Plan have been paid.

### SIXTH AFFIRMATIVE DEFENSE

26. As a sixth separate and affirmative defense, defendant asserts that the Complaint, and/or each of claim for relief contained therein, is barred in whole or in part by any and all applicable statutes of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

27. As a seventh separate and affirmative defense, defendant asserts that the Complaint, and/or each claim for relief contained therein, is barred by plaintiff's failure to comply with internal deadlines set forth in the Plan.

5

ANSWER OF DEFENDANT AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM TO PLAINTIFF'S SECOND AMENDED COMPLAINT
(Case No. CV 08-04058 JCS)

### EIGHTH AFFIRMATIVE DEFENSE

28. As an eighth separate and affirmative defense, defendant asserts that the Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

29. As a ninth separate and affirmative defense, defendant asserts that the Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of estoppel.

### TENTH AFFIRMATIVE DEFENSE

30. As a tenth separate and affirmative defense, defendant asserts that the Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

31. As an eleventh separate and affirmative defense, defendant asserts that the Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

32. As a twelfth separate and affirmative defense, defendant asserts that any injury to plaintiff was caused wholly or in part by plaintiff's conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

33. As a thirteenth separate and affirmative defense, defendant asserts that no conduct by or attributable to defendant was the cause in fact or proximate cause of any injury allegedly suffered by plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

34. As a fourteenth separate and affirmative defense, defendant asserts that plaintiff is barred from asserting the claims alleged to the extent the claims relied upon for relief are moot.

ANSWER OF DEFENDANT AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM TO PLAINTIFF'S SECOND AMENDED COMPLAINT
(Case No. CV 08-04058 JCS)

6

### FIFTHEENTH AFFIRMATIVE DEFENSE

35. As a fifteenth separate and affirmative defense, defendant asserts that plaintiff is barred from asserting the claims alleged to the extent plaintiff lacks standing.

### SIXTEENTH AFFIRMATIVE DEFENSE

36. As a sixteenth separate and affirmative defense, defendant asserts that any award of benefits to plaintiff should be offset by any other earnings, benefits and/or income received by plaintiff and/or should be offset by any damages caused by plaintiff to defendant, including any unjust enrichment to plaintiff by virtue of fraud.

### SEVENTEENTH AFFIRMATIVE DEFENSE

37. As a seventeenth separate and affirmative defense, defendant asserts that it is entitled to attorneys' fees pursuant to 29 U.S.C. §1132(g) and/or Rule 11(c)(2), Federal Rules of Civil Procedures.

### EIGHTEENTH AFFIRMATIVE DEFENSE

38. As an eighteenth separate and affirmative defense, defendant asserts that its actions or statements were based on good, sufficient and legal cause, upon reasonable grounds for belief in their truth or justification, and were taken or said in good faith and without malice.

### NINETEENTH AFFIRMATIVE DEFENSE

39. As a nineteenth separate and affirmative defense, defendant asserts that if and to the extent defendant had obligations with respect to plaintiff's employment or the benefits related to that employment, performance was prevented or excused due to the conduct, acts and refusals to act on plaintiff's part.

### TWENTIETH AFFIRMATIVE DEFENSE

40. As a twentieth separate and affirmative defense, defendant asserts that plaintiff has failed to state facts sufficient to form a basis for awarding attorneys' fees.

7

ANSWER OF DEFENDANT AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM TO PLAINTIFF'S SECOND AMENDED COMPLAINT
(Case No. CV 08-04058 JCS)

### TWENTY-FIRST AFFIRMATIVE DEFENSE

41. As a twenty-first separate and affirmative defense, defendant asserts that it and its agents at all relevant times acted and conducted themselves as would a prudent person familiar with such matters.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

42. As a twenty-second separate and affirmative defense, defendant asserts that it and its agents at all relevant times acted and conducted themselves in accordance with the documents and instruments governing the Plan, insofar as such documents and instruments were and are consistent with the provisions of ERISA.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

43. As a twenty-third separate and affirmative defense, defendant asserts that it and its agents at all relevant times acted and conducted themselves solely in the interest of the participants and beneficiaries of the Plan.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

44. As a twenty-fourth, separate and affirmative defense, defendant asserts that the Complaint is barred in whole or in party by the doctrine of laches.

WHEREFORE, defendant prays for Judgment as follows:

1. That plaintiff take nothing by his Complaint; and
2. That judgment be entered in favor of defendant, and against plaintiff, on each claim contained in the Complaint; and
3. That the Complaint be dismissed in its entirety, with prejudice; and
4. That Defendant be awarded its costs of suit incurred herein, and
5. That Defendant be awarded its reasonable attorneys' fees; and

///
///
///
///

ANSWER OF DEFENDANT AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM TO PLAINTIFF'S SECOND AMENDED COMPLAINT
(Case No. CV 08-04058 JCS)

8

6. For such other and further relief as this Court may deem just and proper.

DATED: September 2, 2008     LAFAYETTE & KUMAGAI LLP

/s/*Susan T. Kumagai*
SUSAN T. KUMAGAI
Attorneys for Defendant
AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM

ANSWER OF DEFENDANT AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM TO PLAINTIFF'S SECOND AMENDED COMPLAINT
(Case No. CV 08-04058 JCS)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605