1   MARVIN K. ANDERSON (State Bar No. 130297)
    AT&T SERVICES, INC. LEGAL DEPARTMENT
2   525 Market Street, 20th Floor
    Room 2004
3   San Francisco, California 94105
    Telephone:  (415) 778-1355
4   Facsimile:  (415) 882-4458
    Email:  ma1257@att.com
5
    J. SCOTT PAISLEY (State Bar No. 94236)
6   AT&T SERVICES, INC. LEGAL DEPARTMENT
    525 Market Street, Suite 2001
7   San Francisco, California 94105
    Telephone:  (415) 778-1213
8   Facsimile:  (415) 882-4458
    Email: jp2749@att.com
9
    Attorneys for Defendant
10  AT&T PENSION BENEFIT PLAN –
    NONBARGAINED PROGRAM

11

12

13                **UNITED STATES DISTRICT COURT**

14              **NORTHERN DISTRICT OF CALIFORNIA**

15

16   QUILLER BARNES,                    )   Case No. CV 08-04058 MHP
                                        )
17                                      )
            Plaintiff,                  )   **ANSWER OF DEFENDANT AT&T**
18                                      )   **PENSION BENEFIT PLAN –**
     v.                                 )   **NONBARGAINED PRGORAM TO**
19                                      )   **PLAINTIFF'S AMENDED COMPLAINT**
     AT&T PENSION BENEFIT PLAN –        )   **(CLASS ACTION)**
20   NONBARGAINED PROGRAM,              )
                                        )
21          Defendant                   )
     _____)
22
            Defendant AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM

23   ("Defendant" or "the AT&T Pension Plan") hereby answers the Amended Complaint ("Amended

24   Complaint") filed by Plaintiff Quiller Barnes ("Plaintiff") as follows:

25                      **INTRODUCTORY ALLEGATIONS**

26          1.      In answer to paragraph 1 of the Amended Complaint, there are no charging

27   allegations calling for an admission or a denial.  Rather, paragraph 1 constitutes an introductory

28
                                                                                    444759

paragraph which purports to set forth the nature of Plaintiff's action and a general description of the purported class and relief being sought.  As such, Defendant neither admits nor denies the allegations contained therein.  Defendant acknowledges that Plaintiff is purporting to bring an action under ERISA on behalf of himself and a class of persons similarly situated with respect to the "Pacific Telesis Group Cash Balance Pension Plan for Salaried Employees," (the "PTG Pension Plan").  The PTG Pension Plan was merged into the SBC Pension Benefit Plan – Nonbargained Program (the "SBC Pension Plan") in January, 1999, and was thereafter renamed the AT&T Pension Benefit Plan – Nonbargained Program (the "AT&T Pension Plan") on November 18, 2005.  The gist of Plaintiff's complaint is that he was entitled to a "redetermined" Acceleration Transition Benefit ("ATB"), adjusted to reflect his additional years of age and service after he was rehired and then retired again from his employment with Pacific Bell Telephone Company.  Plaintiff's claim is based on a fundamental misunderstanding and misinterpretation of section 3.4(d)(3) of the PTG Pension Plan Instrument which contemplates an adjusted ATB for employees who elected to receive the benefit as a monthly *annuity* after their first term of employment.  Employees who cash out the ATB in full as a lump sum, such as Plaintiff, have nothing left to "redetermine" and thus upon rehire are entitled only to the Cash Balance Benefit (or later, the Career Average Minimum Benefit – "CAM"), as set forth in section 3.4(a) of the PTG Pension Plan Instrument and section 10-30 of the Summary Plan Description ("SPD") for the PTG Pension Plan.  For this reason, and the further reasons set forth below, Defendant denies Plaintiff's claims.

2.     In answer to paragraph 2 of the Amended Complaint, Defendant admits and alleges that, in general, under section 3.2 of the PTG Pension Plan Instrument, a salaried employee who was employed by a Participating Company on March 22, 1996, and was a Participant in the Plan on any date during the period beginning March 22, 1996 and ending on July 1, 1996, was entitled on termination of employment to receive the greater of a Cash Balance Benefit or the Accelerated Transition Benefit ("ATB"), as calculated under the PTG Pension Plan Instrument.  Defendant further admits that, under section 5.2 of the PTG Pension Plan Instrument,

1   the ATB potentially was subject to an early payment discount based on the Participant's age and

2   Term of Employment.  The particulars of those benefits and benefit calculations are subject to the

3   terms of the PTG Pension Plan Instrument, which constitute the best evidence thereof.  Except as

4   so admitted and alleged, and to the extent the allegations of paragraph 2 of the Amended

5   Complaint vary from, or are qualified by, the terms of the PTG Pension Plan Instrument,

6   Defendant denies each and every allegation contained in paragraph 2.

7           3.       In answer to paragraph 3 of the Amended Complaint, Defendant admits and

8   alleges that under the terms of the PTG Pension Plan Instrument, a salaried employee who

9   terminated employment on or after March 22, 1996, and elected an ATB benefit in the form of a

10  monthly annuity that was subject to an age discount under section 5.2, was subsequently rehired

11  and then retired again after bridging his or her service, was potentially entitled to a benefit

12  consisting of the prior ATB annuity adjusted to reflect the employee's age and term of

13  employment at his or her next termination.  The particulars of that benefit and benefit calculation,

14  are subject to the terms of the PTG Pension Plan Instrument, which constitute the best evidence

15  thereof.  Except as so admitted and alleged, and to the extent the allegations of paragraph 3 of the

16  Amended Complaint vary from, or are qualified by, the terms of the PTG Pension Plan

17  Instrument, Defendant denies each and every allegation contained in paragraph 3, and specifically

18  denies that section 3.4(d)(3) of the Plan Instrument relating to the adjustment of the ATB applies

19  to employees who took the ATB benefit in the form of a lump sum payment as Plaintiff did.

20          4.       In answer to paragraph 4 of the Amended Complaint, Defendant admits and

21  alleges that, prior to the merger of the PTG Pension Plan into the SBC Pension Plan, a rehired

22  salaried employee who met all of the eligibility requirements set forth in the PTG Pension Plan

23  was entitled to a monthly Cash Balance Benefit under section 4.5(b) of the PTG Pension Plan

24  Instrument upon the employee's next termination of employment, based on allocations to the

25  employee's cash balance account from the employee's rehire date to the Annuity Start Date that

26  applies to the Cash Balance Benefit.  After the merger of the PTG Pension Plan into the SBC

27  Pension Plan, and after the amendment of the SBC Pension Plan on September 28, 2001, by

28

1   which the Career Average Minimum benefit ("CAM Benefit") was added to the SBC Pension

2   Plan, the rehired employee was entitled to the Cash Balance Benefit or the CAM benefit,

3   whichever was greater.  The particulars of those benefits, the qualifications and conditions for

4   those benefits, and the manner of calculating those benefits, are subject to the terms of the PTG

5   Pension Plan and SBC Pension Plan Instruments, which constitute the best evidence thereof.

6   Except as so admitted and alleged, and to the extent the allegations of paragraph 4 of the

7   Amended Complaint vary from, or are qualified by, the terms of the PTG Pension Plan Instrument

8   and/or the SBC Pension Plan Instrument, Defendant denies each and every allegation contained in

9   paragraph 4.

10          5.      In answer to paragraph 5 of the Amended Complaint, Defendant admits and

11   alleges that salaried employees who terminated their employment on or after March 22, 1996, and

12   cashed out their ATB in the form of a lump sum instead of an annuity, such as Plaintiff did, were

13   not entitled to have that benefit "redetermined" or recalculated under section 3.4(d)(3) of the PTG

14   Pension Plan Instrument if they were subsequently rehired and retired again after bridging their

15   service.  Such employees were only entitled to a Cash Balance Benefit or, after September 28,

16   2001, the greater of the Cash Balance Benefit or the CAMS benefit.  Only employees who took

17   their ATB in the form of an annuity were entitled to have that benefit adjusted to reflect the

18   employee's additional age and term of employment upon their subsequent termination of

19   employment.  Except as so admitted and alleged, Defendant denies each and every allegation

20   contained in paragraph 5 of the Amended Complaint.

21          6.      In answer to paragraph 6 of the Amended Complaint, Defendant denies that

22   Plaintiff is entitled to the requested relief set forth therein.

23                              **JURISDICTION AND VENUE**

24          7.      In answer to paragraph 7 of the Amended Complaint, Defendant admits that the

25   Court has subject matter jurisdiction under 28 U.S.C. § 1331 and ERISA § 502(a), 29 U.S.C. §

26   1132(a).

27          8.      In answer to paragraph 8 of the Amended Complaint, Defendant admits that the

28

1    Court has personal jurisdiction over Defendant.

2        9.      In answer to paragraph 9 of the Amended Complaint, Defendant admits that venue

3    is proper in this judicial district.

4                                    **PARTIES**

5        10.     In answer to paragraph 10 of the Amended Complaint, Defendant admits that

6    Plaintiff Quiller Barnes is a former employee of Pacific Bell Telephone Company ("Pacific

7    Bell"), and that Pacific Bell was a Participating Company in the PTG Pension Plan.  Defendant

8    further admits that Plaintiff was a Participant in the PTG Pension Plan at the time of his first

9    retirement on October 29, 1996.  After his rehire on May 1, 1997, he again became a Participant

10   in the PTG Pension Plan, and continued to be a Participant after the merger of the PTG Pension

11   Plan into the SBC Pension Plan in 1999.  Except as so admitted and alleged, Defendant denies the

12   allegations of paragraph 10 of the Amended Complaint.

13       11.     In answer to paragraph 11 of the Amended Complaint, Defendant admits and

14   alleges that the AT&T Pension Benefit Plan – Nonbargained Program, is an "employee pension

15   benefit plan" within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(a) and is a "defined

16   benefit plan" within the meaning of ERISA § 3(35), 29 U.S.C. § 1002(35).  Defendant further

17   admits that the PTG Pension Plan was merged into the SBC Pension Benefit Plan – Nonbargained

18   Program (the "SBC Pension Plan") effective as of January 1, 1999.  The SBC Pension Plan was

19   subsequently renamed the AT&T Pension Benefit Plan – Nonbargained Program (the "AT&T

20   Pension Plan") effective November 18, 2005, following the acquisition of AT&T Corp. by SBC

21   Communications Inc.  Defendant further admits that the AT&T Pension Plan is liable for all

22   benefit obligations, if any, owed by the PTG Pension Plan to former Participants of the PTG

23   Pension Plan.  Except as so admitted and alleged, Defendant denies the allegations of paragraph

24   11 of the Amended Complaint.

25                            **RELEVANT NON-PARTIES**

26       12.     In answer to paragraph 12 of the Amended Complaint, Defendant admits and

27   alleges that AT&T Inc. is incorporated in Delaware with its principal place of business in Dallas,

28

1  Texas.  Defendant further admits and alleges that AT&T Inc. was formerly known as SBC

2  Communications Inc. until it changed its name to AT&T Inc. after its acquisition of AT&T Corp.

3  in or about 2005.  Except as so admitted and alleged, Defendant denies the allegations contained

4  in paragraph 12 of the Amended Complaint.

5          13.      Defendant admits the allegations contained in paragraph 13 of the Amended

6  Complaint.

7          14.      In answer to paragraph 14 of the Amended Complaint, Defendant admits and

8  alleges that in 1996 Pacific Telesis Group was the parent company of Pacific Bell Telephone

9  Company and was the sponsor of the PTG Pension Plan.  Defendant further admits and alleges

10  that Pacific Telesis Group merged with SBC Communications Inc. in 1997.  Except as so

11  admitted and alleged, Defendant denies the allegations of paragraph 14 of the Amended

12  Complaint.

13                          **CLASS ACTION ALLEGATIONS**

14          15.      Paragraph 15 of the Amended Complaint sets forth the description of the class on

15  whose behalf Plaintiff is purporting to bring this action.  It does not contain any charging

16  allegations that call for an admission or denial, and as such Defendant neither admits nor denies

17  any of the allegations contained in paragraph 15.

18          16.      In answer to paragraph 16 of the Amended Complaint, Defendant is without

19  knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies

20  each of the allegations contained in paragraph 16, and specifically denies that it would be proper

21  to certify a class herein.

22          17.      Defendant denies the allegations contained in paragraph 17 of the Amended

23  Complaint and specifically denies that it would be proper to certify a class herein.

24          18.      Defendant denies the allegations contained in paragraph 18 of the Amended

25  Complaint and specifically denies that it would be proper to certify a class herein.

26          19.      Defendant denies the allegations contained in paragraph 19 of the Amended

27  Complaint and specifically denies that it would be proper to certify a class herein.

28

20.     In answer to paragraph 20 of the Amended Complaint, Defendant admits and alleges that the Plan Administrator must interpret the Plan consistently.  Except as so admitted and alleged, Defendant denies the allegations contained in paragraph 20, and specifically denies that it would be proper to certify a class herein under Rule 23(b)(1)(B).

21.     In answer to paragraph 21 of the Amended Complaint, Defendant admits and alleges that the Plan Administrator must interpret the Plan consistently.  Except as so admitted and alleged, Defendant denies the allegations contained in paragraph 21, and specifically denies that it would be proper to certify a class herein under Rule 23(b)(1)(A).

22.     In answer to paragraph 22 of the Amended Complaint, Defendant admits and alleges that the Plan Administrator must interpret the Plan consistently.  Except as so admitted and alleged, Defendant denies the allegations contained in paragraph 22, and specifically denies that it would be proper to certify a class herein under Rule 23(b)(2).

23.     Defendant denies the allegations contained in paragraph 23 of the Amended Complaint and specifically denies that it would be proper to certify a class herein under Rule 23(b)(3).

## **FACTUAL ALLEGATIONS**

24.     The allegations of paragraph 24 of the Amended Complaint are so broad, vague and conclusory that Defendant cannot meaningfully respond to them, and on that basis denies each and every allegation.

**A.     The Restructuring and Workforce Reduction of PTG**

25.     The allegations of paragraph 25 of the Amended Complaint are so broad, vague and conclusory that Defendant cannot meaningfully respond to them, and on that basis denies each and every allegation.

26.     Paragraph 26 of the Amended Complaint consists of a recitation of a purported news report.  It does not contain any charging allegations which call for an admission or a denial, and as such Defendant neither admits nor denies the allegations contained in paragraph 26. Further, Defendant lacks sufficient information and belief as to whether Bloomberg, L.P. in fact

7

444759

1    issued the report cited in paragraph 26, and whether Plaintiff has accurately quoted it.

2         27.    In answer to paragraph 27 of the Amended Complaint, Defendant states that the

3    1995 PTG Form 10-K speaks for itself and is the best evidence of its contents.

4         28.    In answer to paragraph 28 of the Amended Complaint, Defendant lacks sufficient

5    information and belief with respect to the allegations contained therein and on that basis denies

6    the allegations.  Defendant further asserts that the allegations are irrelevant to the issues raised in

7    this action.

8         29.    In answer to paragraph 29 of the Amended Complaint, Defendant lacks sufficient

9    information and belief with respect to the allegations contained therein and on that basis denies

10   the allegations, except that Defendant admits that Plaintiff's employment by Pacific Bell

11   Telephone Company terminated on October 29, 1996, and that at the time of the termination

12   Plaintiff was a Participant in the PTG Pension Plan.

13        30.    In answer to paragraph 30 of the Amended Complaint, Defendant lacks sufficient

14   information and belief with respect to the allegations contained therein and on that basis denies

15   the allegations.

16        31.    In answer to paragraph 31 of the Amended Complaint, Defendant lacks sufficient

17   information and belief with respect to the allegations contained therein and on that basis denies

18   the allegations, except that Defendant admits that Plaintiff was rehired by Pacific Bell Telephone

19   Company on May 1, 1997.

20        32.    In answer to paragraph 32 of the Amended Complaint, Defendant lacks sufficient

21   information and belief with respect to the allegations contained therein and on that basis denies

22   the allegations, except that Defendant admits that Plaintiff again became a Participant in the PTG

23   Pension Plan after his rehire.

24   **B.      Pacific Telesis Group Cash Balance Plan**

25        33.    In answer to paragraph 33 of the Amended Complaint, Defendant states that the

26   1996 PTG Form 10-K speaks for itself and is the best evidence of its contents.

27        34.    In answer to paragraph 34 of the Amended Complaint, Defendant states that the

28

1   1996 PTG Form 10-K speaks for itself and is the best evidence of its contents.  In further

2   response, Defendant admits that effective July 1, 1996, the PTG Pension Plan was amended to

3   change from a "final pay" defined pension benefit plan to a "cash balance" defined pension

4   benefit plan.

5        35.     In answer to paragraph 35 of the Amended Complaint, Defendant admits and

6   alleges that prior to the institution of the Cash Balance Benefit, Participants under the PTG

7   Pension Plan generally were entitled to receive pension benefits based on certain age and service

8   criteria.  Except as so admitted and alleged, Defendant denies the allegations of paragraph 35 of

9   the Amended Complaint.

10        36.     In answer to paragraph 36 of the Amended Complaint, Defendant states that the

11   1996 PTG Form 10-K speaks for itself and is the best evidence of its contents.

12        37.     The allegations of paragraph 37 of the Amended Complaint are so broad, vague

13   and conclusory that Defendant cannot meaningfully respond to them, and on that basis denies

14   each and every allegation.

15        38.     In answer to paragraph 38 of the Amended Complaint, Defendant admits that,

16   effective July 1, 1996, the service pension formula of the PTG Pension Plan was replaced with the

17   cash benefit formula, under which salaried employees generally were entitled to receive a Cash

18   Balance Benefit or an ATB, whichever was greater.  In further response, Defendant states that the

19   publication entitled *Important Changes to Your Pension Benefits*" (the "PTG Pension Plan

20   Booklet"),  speaks for itself and is the best evidence of its contents, and denies the allegations of

21   paragraph 38 to the extent they are contrary to the contents of the PTG Pension Plan Booklet.

22        39.     In answer to paragraph 39 of the Amended Complaint, Defendant states that the

23   PTG Pension Plan Booklet speaks for itself and is the best evidence of its contents.  To the extent

24   Plaintiff's allegations are contrary to the contents of the PTG Pension Plan Booklet, Defendant

25   denies the allegations.

26        40.     In answer to paragraph 40 of the Amended Complaint, Defendant states that the

27   PTG Pension Plan Booklet speaks for itself and is the best evidence of its contents.  To the extent

28

ANSWER OF DEFENDANT AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM TO
PLAINTIFF'S AMENDED COMPLAINT (CLASS ACTION) - (Case No CV 08-04058 MHP)

1   Plaintiff's allegations are contrary to the contents of the PTG Pension Plan Booklet, Defendant

2   denies the allegations.

3        41.    In answer to paragraph 41 of the Amended Complaint, Defendant states that the

4   PTG Pension Plan Booklet speaks for itself and is the best evidence of its contents.  To the extent

5   Plaintiff's allegations are contrary to the contents of the PTG Pension Plan Booklet, Defendant

6   denies the allegations.

7   **C.    The PTG Pension Plan Benefit Binder**

8        42.    In answer to paragraph 42 of the Amended Complaint, Defendant admits and

9   alleges that in or about June or July 1996, a binder entitled "Benefits 90's, Summary Plan

10  Descriptions – July 1996," (the "PTG Benefits Binder") was distributed to employees of Pacific

11  Bell, containing summary plan descriptions of some or all of the benefit plans offered to

12  employees of various PTG Companies.  Except as so admitted and alleged, Defendant denies the

13  allegations of paragraph 42.

14       43.    In answer to paragraph 43 of the Amended Complaint, Defendant states that the

15  PTG Benefits Binder speaks for itself and is the best evidence of its contents.  To the extent

16  Plaintiff's allegations are contrary to the contents of the PTG Benefits Binder, Defendant denies

17  the allegations.

18       44.    In answer to paragraph 44 of the Amended Complaint, Defendant admits and

19  alleges that Tab 10 of the PTG Benefits Binder contains a Summary Plan Description ("SPD") of

20  the Pacific Telesis Group Cash Balance Pension Plan For Salaried Employees as of July 1996.

21  Except as so admitted and alleged Defendant denies the allegations of paragraph 44 of the

22  Amended Complaint.

23       45.    In answer to paragraph 45 of the Amended Complaint, Defendant states that the

24  PTG Benefits Binder speaks for itself.  To the extent Plaintiff's allegations are contrary to the

25  contents of the PTG Benefits Binder, Defendant denies the allegations.

26       46.    In answer to paragraph 46 of the Amended Complaint, Defendant states that the

27  PTG Benefits Binder speaks for itself.  To the extent Plaintiff's allegations are contrary to the

28

1  contents of the PTG Benefits Binder, Defendant denies the allegations.

2  **D.   The Applicable Provisions of the Official Plan Document:  The 1996 Pacific Telesis**
3  **Group Cash Balance Plan, Effective July 1, 1996**

4  47.   In answer to paragraph 47 of the Amended Complaint, Defendant admits that one

5  of the PTG Pension Plan documents is the document entitled "Pacific Telesis Group Cash

6  Balance Pension Plan for Salaried Employees," (the "PTG Pension Plan Instrument") produced in

7  this action as document ATTP001578-1672.  In addition, a copy of the PTG Pension Plan

8  Instrument as amended through December 31, 1998, has been produced in this action as document

9  ATTP001673-1781.   Except as so admitted and alleged, Defendant denies the allegations of

10  paragraph 47 of the Amended Complaint.

11  48.   In answer to paragraph 48 of the Amended Complaint, Defendant admits and

12  alleges that the PTG Pension Plan Instrument and the PTG Pension Plan SPD, individually and

13  read together, explain the benefits available to Participants of the PTG Pension Plan and how the

14  benefits are calculated.  Except as so admitted and alleged, Defendant denies the allegations of

15  paragraph 48 of the Amended Complaint.

16  49.   The allegations of paragraph 49 of the Amended Complaint are so broad, vague

17  and conclusory that Defendant cannot meaningfully respond to them, and on that basis denies

18  each and every allegation.  The benefits available to employees under the PTG Pension Plan are

19  generally governed by all of the terms of the Plan documents, including the Plan Instrument and

20  the Plan SPD.

21  50.   In answer to paragraph 50 of the Amended Complaint, Defendant states that the

22  terms of section 3.4(d) of the PTG Pension Plan Instrument speak for themselves and are the best

23  evidence of the terms.  Except as so admitted and alleged Defendant denies the allegations of

24  paragraph 50 of the Amended Complaint, and denies the allegations to the extent that they are

25  contrary to the terms of the PTG Pension Plan Instrument.

26  51.   In answer to paragraph 51 of the Amended Complaint, Defendant admits that

27  section 5.2 of the PTG Pension Plan Instrument sets forth the Early Payment Discount which is

28

11                                                        444759

ANSWER OF DEFENDANT AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM TO
PLAINTIFF'S AMENDED COMPLAINT (CLASS ACTION) - (Case No CV 08-04058 MHP)

1   referenced in section 3.4(d)(3)(x) of the PTG Pension Plan Instrument.

2       52.     In answer to paragraph 52 of the Amended Complaint, Defendant admits that,

3   under section 5.2 of the PTG Pension Plan Instrument, the ATB potentially was subject to an

4   early payment discount based on the Participant's age and Term of Employment.  Except as so

5   admitted and alleged, and to the extent the allegations of paragraph 52 of the Amended Complaint

6   vary from, or are qualified by, the terms of the PTG Pension Plan, Defendant denies each and

7   every allegation contained in paragraph 52.

8       53.     In answer to paragraph 53 of the Amended Complaint, Defendant admits and

9   alleges that under section 3.4(d)(3)(x) of the PTG Pension Plan Instrument, in order for a rehired

10  employee to have his or her ATB monthly *annuity* adjusted to reflect the employee's age and

11  Term of Employment at the employee's next termination of employment, the employee's service

12  had to be "bridged" under section 7.4(a) of the PTG Pension Plan Instrument.  Except as so

13  admitted and alleged, Defendant denies the allegations of paragraph 53 of the Amended

14  Complaint, and specifically denies that under the terms of section 3.4(d)(3)(x) rehired employees

15  such as Plaintiff who cashed out their prior ATB benefit in a lump sum as opposed to taking it in

16  the form of a monthly annuity were entitled to an adjusted or "redetermined" ATB.  Section 3.4(a)

17  of the PTG Pension Plan Instrument and section 10-30 of the PTG Pension Plan SPD clearly

18  provide that they are not so entitled.

19      54.     In answer to paragraph 54 of the Amended Complaint, Defendant states that the

20  terms of section 7.4 of the PTG Pension Plan Instrument speak for themselves and are the best

21  evidence of the terms.  Except as so admitted and alleged Defendant denies the allegations of

22  paragraph 54 of the Amended Complaint, and denies the allegations to the extent that they are

23  contrary to the terms of the PTG Pension Plan Instrument.

24      55.     Defendant denies the allegations of paragraph 55 of the Amended Complaint and

25  specifically denies that the provisions of section 3.4(d)(3)(x) of the PTG Pension Plan applies to

26  employees who cashed out their prior ATB in the form of a lump sum, or that the provisions of

27  section 3.4(d)(3)(x) call for an adjusted or redetermined lump sum ATB, both of which the

28

1  allegations of paragraph 55 implicitly assume, and both of which are contradicted by section

2  3.4(a) of the PTG Pension Plan Instrument and section 10-30 of the PTG Pension Plan SPD.

3        56.    In answer to paragraph 56 of the Amended Complaint, Defendant states that the

4  terms of section 3.13 of the PTG Pension Plan Instrument speak for themselves.  Except as so

5  averred, Defendant denies the allegations of paragraph 56, and specifically denies that the

6  provisions of section 3.4(d)(3)(x) of the PTG Pension Plan Instrument applies to employees who

7  cashed out their prior ATB in the form of a lump sum, or that the provisions of section

8  3.4(d)(3)(x) call for an adjusted or redetermined lump sum ATB, both of which paragraph 56

9  implicitly assume, and both of which are contradicted by section 3.4(a) of the PTG Pension Plan

10  Instrument and section 10-30 of the PTG Pension Plan SPD.  In further response to paragraph 56,

11  Defendant avers that section 3.13 of the PTG Pension Plan Instrument sets forth the manner in

12  which a rehired employee's benefit will be calculated and offset for any prior cashouts.  It does

13  not provide or imply that an employee who previously took his or her ATB as a lump sum

14  payment will have that lump sum payment adjusted or redetermined under section 3.4(d)(3)(x).

15        57.    In answer to paragraph 57 of the Amended Complaint, Defendant repeats and

16  realleges its denials, admissions and allegations made in response to paragraph 50 of the

17  Amended Complaint, for which paragraph 57 appears to be duplicative.  Defendant denies the

18  allegations to the extent they are contrary to the provisions of the PTG Pension Plan and

19  specifically denies that the PTG Pension Plan calls for an adjustment or redetermination of an

20  employee's ATB that previously was cashed out in the form of a lump sum payment.

21        58.    Defendant admits the allegations contained in paragraph 58 of the Amended

22  Complaint.

23        59.    In answer to paragraph 59 of the Amended Complaint, Defendant admits and avers

24  that the terms of the executive resolution speak for themselves and are the best evidence of their

25  contents.  Except as so admitted and averred, Defendant denies the allegations of paragraph 59

26  and denies the allegations to the extent that they are contrary to the terms of the executive

27  resolution, and further denies that the quoted portion of the executive resolution in any way

28

1    implies that an employee rehired between March 22, 1996 and October 31, 1997, who previously

2    cashed out his or her ATB in the form of a lump sum payment was entitled to have that benefit

3    redetermined at the next termination of employment.  The resolution refers to "the benefit *frozen*

4    at the rehire date," *i.e.,* the monthly annuity that is suspended.  After a cash-out, there is nothing

5    left to be "frozen" at rehire.

6    **E.     The Plaintiff's First Term of Employment With Pacific Bell from 1973 to 1996.**

7           60.     Defendant admits the allegations contained in paragraph 60 of the Amended

8    Complaint.

9           61.     Defendant presently lacks sufficient information and belief as to the authenticity of

10   the documents referenced in paragraph 61 of the Amended Complaint and on that basis denies the

11   allegations contained in paragraph 61 of the Amended Complaint.

12          62.     Defendant presently lacks sufficient information and belief as to the authenticity of

13   the documents referenced in paragraph 62 of the Amended Complaint and on that basis denies the

14   allegations contained in paragraph 62 of the Amended Complaint.

15          63.     Defendant presently lacks sufficient information and belief as to the authenticity of

16   the documents referenced in paragraph 63 of the Amended Complaint and on that basis denies the

17   allegations contained in paragraph 63 of the Amended Complaint.

18          64.     Defendant admits the allegations contained in paragraph 64 of the Amended

19   Complaint, and admits that Plaintiff elected to cash out his ATB and take a lump sum in the

20   amount of $309,878.38 after his first retirement on October 29, 1996.

21   **F.     Plaintiff's Second Term of Employment With Pacific Bell and SBC**

22          65.     Defendant admits the allegations contained in paragraph 65 of the Amended

23   Complaint.

24          66.     In answer to paragraph 66 of the Amended Complaint, Defendant admits that

25   Plaintiff was sent a Statement of Pension Benefits dated July 31, 1997, which was produced in

26   this action as document ATTP00193-194.  The contents of the Statement speak for themselves

27   and are the best evidence thereof.  Defendant denies the allegations contained in paragraph 66 of

28

the Amended Complaint to the extent that they vary from or are contrary to the Statement of

Pension Benefits.  In further response to paragraph 66, Defendant avers that the ATB estimate

contained in the 7/31/97 Statement is erroneous and did not take into account Plaintiff's prior

cash-out of the ATB.  The 7/31/97 Statement was the first in a series of statements that failed to

take into account Plaintiff's cash-out, an error that was corrected in or about October 2000.

67.     In answer to paragraph 67 of the Amended Complaint, Defendant admits that

Plaintiff was sent quarterly Statements of Pension Benefits up through December 31, 1998,

produced in this action as documents ATTP00193-205.  The contents of the Statements speak for

themselves and are the best evidence thereof.  Defendant denies the allegations contained in

paragraph 67 of the Amended Complaint to the extent that they vary from or are contrary to the

Statements of Pension Benefits.  In further response to paragraph 67, Defendant avers that the

ATB estimates contained in the Statements were erroneous because they did not take into account

Plaintiff's prior cash-out of the ATB.

68.     In answer to paragraph 68 of the Amended Complaint, Defendant admits that

Plaintiff was sent two SBC Savings Plan/SBC Pension Benefit Plan Account Statements for the

periods 12/31/98 – 3/31/99 and 3/31/99 – 6/30/99, produced in this action as documents

ATTP00207-222.  The contents of the Statements speak for themselves and are the best evidence

thereof.  Defendant denies the allegations contained in paragraph 68 of the Amended Complaint

to the extent that they vary from or are contrary to the Statements.  In further response to

paragraph 68, Defendant avers that the ATB estimates contained in the Statements were erroneous

because they did  not take into account Plaintiff's prior cash-out of the ATB.

69.     In answer to paragraph 69 of the Amended Complaint, Defendant admits that

Plaintiff was sent a Pension Benefit Calculation Summary dated October 2, 2000, produced in this

action as document ATTP00223-224.  The contents of the Summary speak for themselves and are

the best evidence thereof.  Defendant denies the allegations contained in paragraph 69 of the

Amended Complaint to the extent that they vary from or are contrary to the Summary.  In further

response to paragraph 69, Defendant avers that the ATB estimate contained in the Summary was

444759

1   erroneous because it did not take into account Plaintiff's prior cash-out of the ATB.  This error

2   was corrected in a second summary dated October 2, 2000, (produced in this action as document

3   ATTP00225-226) and, to the best of Defendant's information and belief, in all other pension

4   estimate statements or summaries issued thereafter.

5       70.     Defendant admits the allegations contained in paragraph 70 of the Amended

6   Complaint.

7       71.     In answer to paragraph 71 of the Amended Complaint, Defendant admits and

8   alleges that after the merger of the PTG Pension Plan into the SBC Pension Plan in 1999, all

9   benefits accrued under the provisions of the PTG Pension Plan prior to January 1, 1999, and

10  transferred to the SBC Pension Plan effective January 1, 1999, continued to be  governed, with

11  respect to current employees, under the provisions of the PTG Pension Plan in effect as of

12  December 31, 1998, as set forth in Supplement 1, section 1.5 of the SBC Pension Plan.  Except as

13  so admitted and alleged, Defendant denies the allegations of paragraph 71 and denies the

14  allegations to the extent that they vary from, or are inconsistent with, the terms of the SBC

15  Pension Plan.

16      72.     In answer to paragraph 72 of the Amended Complaint, Defendant avers that

17  Supplement 1 to the SBC Pension Plan speak for itself and is the best evidence of the terms

18  thereof.  To the extent Plaintiff's allegations are contrary to the terms of Supplement 1, Defendant

19  denies the allegations.

20      73.     In answer to paragraph 73 of the Amended Complaint, Defendant avers that

21  Section 1.5 of Supplement 1 to the SBC Pension Plan speaks for itself and is the best evidence of

22  the terms thereof.  To the extent Plaintiff's allegations are contrary to the terms of Section 1.5 of

23  Supplement 1, Defendant denies the allegations.

24  **G.     Plaintiff's Bridged Service**

25      74.     Defendant admits the allegations contained in paragraph 74 of the Amended

26  Complaint.

27      75.     In answer to paragraph 75 of the Amended Complaint, Defendant admits and

28

444759

alleges that Plaintiff was sent a document entitled "Notice of Dates Established For Continuous Service And Net Credited Service," a copy of which was produced herein as document ATTP00192. The contents of the Notice speak for themselves and are the best evidence thereof. Defendant denies the allegations of paragraph 75 to the extent that they vary from or are contrary to the contents of the Notice.

76. In answer to paragraph 76 of the Amended Complaint, Defendant admits that document ATTP00083-86 contains an entry dated 01/11/02 that says Plaintiff contacted the SBC Pension and Savings Plan Service Center with questions regarding bridging his service and was advised that he would have to work five continuous years in order for previous service to be bridged.

77. In answer to paragraph 77 of the Amended Complaint Defendant admits that Plaintiff was sent an NCS Memorandum dated June 5, 2002, that reflected a "Net Credited Service Date" of July 17, 1973. Defendant denies that this date was Plaintiff's effective net credited service date as of June 5, 2002. As Plaintiff admits and alleges in paragraphs 78 and 79 of his Amended Complaint, Plaintiff did not bridge his prior service until October 29, 2002, at which point his net credited service date became July 15, 1973.

78. In answer to paragraph 78 of the Amended Complaint, Defendant admits that Plaintiff bridged his service on October 29, 2002. The effect of the bridging on Plaintiff's pension benefits is controlled by the terms of the relevant pension plan, and Defendant denies the allegations of paragraph 78 to the extent that they vary from or are inconsistent with any of the terms.

79. Defendant admits the allegations contained in paragraph 79 of the Amended Complaint.

## EXHAUSTION

### A.   Plaintiff's Request for an ATB Pension Benefit

80. In answer to paragraph 80 of the Amended Complaint, Defendant admits that document ATT00083-86 contains an entry dated 08/08/03 indicating that Plaintiff "called to

1   request a manual calculation of his benefit with December 30, 2003 as his date of separation.  Mr.

2   Barnes also wanted to know if his ATB was frozen and that he was due to receive that benefit

3   after his previous service was bridged."  Except as so admitted, Defendant denies the allegations

4   contained in paragraph 80 of the Amended Complaint.

5          81.    In answer to paragraph 81 of the Amended Complaint, Defendant states that the

6   CAM Retirement Calculation Summary dated September 9, 2003 speaks for itself.  Defendant

7   denies the allegations contained in paragraph 81 to the extent that they vary from or are contrary

8   to the contents of the Retirement Calculation Summary.

9          82.    In answer to paragraph 82 of the Amended Complaint, Defendant admits and

10  alleges that the Retirement Calculation Summary did not include a reference to, or a calculation

11  of, a "redetermined" or adjusted ATB because Plaintiff was not entitled to an adjusted ATB

12  because he previously cashed out his ATB as a lump sum.  Except as so admitted and alleged,

13  Defendant denies the allegations contained in paragraph 82 of the Amended Complaint and

14  specifically denies that Plaintiff was entitled to an adjusted or redetermined ATB under section

15  3.4(d)(3)(x) of the PTG Pension Plan.

16         83.    In answer to paragraph 83 of the Amended Complaint, Defendant admits and

17  alleges that the CAM Benefit was added to the SBC Pension Plan on or about September 28,

18  2001, and that the CAM Benefit had not previously existed under the PTG Pension Plan.  Except

19  as so admitted and alleged, Defendant denies the allegations contained in paragraph 83 of the

20  Amended Complaint.

21         84.    In answer to paragraph 84 of the Amended Complaint, Defendant admits and

22  alleges that on or about September 28, 2001, the SBC Pension Plan was amended and the

23  Updated Career Average Minimum or "CAM" Benefit pension formula was added to the Plan.

24  Defendant further admits and alleges that in January 2005 the SBC Pension Plan was amended

25  whereby, *inter alia*, the Cash Balance Benefit was frozen except for future interest credits.  The

26  terms of these amendments speak for themselves and are the best evidence thereof.  Except as so

27  admitted and alleged, Defendant denies the allegations of paragraph 84 and further denies them to

28

444759

1  the extent they vary from or are contrary to, the terms of the foregoing amendments.

2      85.      In answer to paragraph 85 of the Amended Complaint, Defendant avers that the

3  terms of the SMM circulated in or about November 2004 speak for themselves.  To the extent that

4  the allegations of paragraph 85 are contrary to those terms, Defendant denies the allegations of

5  paragraph 85.

6      86.      In answer to paragraph 86 of the Amended Complaint, Defendant avers that the

7  terms of the SMM circulated in or about November 2004 speak for themselves.  To the extent that

8  the allegations of paragraph 86 are contrary to those terms, Defendant denies the allegations of

9  paragraph 86.

10      87.      In answer to paragraph 87 of the Amended Complaint, Defendant admits that the

11  CAM benefit estimate contained in the CAM Retirement Calculation Summary provided to

12  Plaintiff on or about September 9, 2003, was less than the ATB estimates which Plaintiff had

13  received between June 30, 1997, and October 2, 2000.  The ATB estimates were erroneous and

14  did not take into account Plaintiff's prior cash-out of his ATB.  This error was corrected in or

15  about October, 2000, and to the best of Defendant's information and belief, no further benefit

16  estimate statements were sent to Plaintiff containing an estimated ATB.  Except as so admitted

17  and alleged, Defendant denies the allegations of paragraph 87.

18      88.      In answer to paragraph 88 of the Amended Complaint, Defendant admits that

19  Plaintiff's legal counsel sent a letter dated December 8, 2003, to the SBC Pension and Savings

20  Plan Service Center concerning the calculation of Plaintiff's retirement benefits.  The contents of

21  the letter speak for themselves and are the best evidence thereof.  Defendant denies the allegations

22  of paragraph 88 to the extent they are contrary to the contents of the letter, and specifically denies

23  that Plaintiff or any of his attorneys at any time prior to the filing of his motion to amend his

24  complaint herein ever questioned or suggested that he was entitled to an adjusted or

25  "redetermined" ATB.  From the beginning and throughout the administrative process, Plaintiff's

26  claim was always based upon his belief that he was entitled to a second, full ATB based upon the

27  erroneous pension benefit statements, as opposed to a recalculation, "redetermination" or adjusted

28

1   ATB.  At no time did Plaintiff or any of his three prior attorneys ever reference or mention a

2   "redetermined" ATB, and no such claim was ever considered, determined or exhausted.

3           89.     In answer to paragraph 89 of the Amended Complaint, Defendant admits and avers

4   that Plaintiff sent a letter to the SBC Pension Service Center dated May 5, 2004, wherein he

5   claimed he was entitled to a full, second ATB based on the erroneous pension estimate

6   statements.  Except as so admitted and averred, Defendant denies each and every allegation

7   contained in paragraph 89 of the Amended Complaint.

8           90.     In answer to paragraph 90 of the Amended Complaint, Defendant admits and

9   alleges that Plaintiff terminated his employment with Pacific Bell Telephone Company on June

10  25, 2004, and elected to receive a lump sum payment of $75,203.40 for his CAM benefit.

11  Except as so admitted and alleged, Defendant denies each and every allegation contained in

12  paragraph 90 of the Amended Complaint.

13          91.     Defendant admits the allegations contained in paragraph 91 of the Amended

14  Complaint.  Further, with respect to the footnote contained in paragraph 91, Defendant states that

15  the terms surrounding the Special ATB speak for themselves, and Defendant denies the

16  allegations contained in the footnote to the extent that they are contrary to such terms.

17          92.     Defendant denies the allegations contained in paragraph 92 of the Amended

18  Complaint and specifically denies that Plaintiff was entitled to a "redetermined" or adjusted ATB

19  upon his second termination of employment.

20  **B.      The Procedures for Reviewing A Benefit Determination Under the PTG Pension Plan
21          and the Successor SBC Pension Plan**

22          93.     In answer to paragraph 93 of the Amended Complaint, Defendant states that the

23  law speaks for itself and denies the allegations of paragraph 93 to the extent that they are contrary

24  to or inconsistent with such laws.

25          94.     Defendant admits the allegations contained in paragraph 94 of the Amended

26  Complaint.

27          95.     In answer to paragraph 95 of the Amended Complaint, Defendant states that the

28

1    law and regulations speak for themselves and denies the allegations of paragraph 95 to the extent

2    they are contrary to or inconsistent with such laws and regulations.

3        96.    Defendant admits the allegations contained in paragraph 96 of the Amended

4    Complaint.

5    **C.    The Denial of Plaintiff's Request for Benefits**

6        97.    Defendant admits the allegations contained in paragraph 97 of the Amended

7    Complaint.

8        98.    Defendant denies the allegations contained in paragraph 98 of the Amended

9    Complaint.

10       99.    Defendant admits the allegations contained in paragraph 99 of the Amended

11   Complaint.

12       100.   In answer to paragraph 100 of the Amended Complaint, Defendant states that the

13   contents of the Claim Denial Letter speak for themselves and are the best evidence of the

14   contents.  Defendant denies the allegations of paragraph 100 to the extent that they are

15   inconsistent with or contrary to the terms of the letter.

16       101.   Defendant admits the allegations contained in paragraph 101 of the Amended

17   Complaint.

18       102.   Defendant presently lacks sufficient information and belief as to the review

19   process that was employed by Mellon HR Solutions (dba the SBC Pension and Savings Plan

20   Center) with respect to Plaintiff's claim and whether or not the review was limited to the sections

21   quoted in paragraph 101 of the Amended Complaint or whether it also included the Center's

22   experience with the PTG Pension Plan in general and/or with the administration of the ATB in

23   particular, or otherwise.  Based on this lack of sufficient information and belief, Defendant denies

24   the allegations contained in paragraph 102 of the Amended Complaint.

25       103.   In answer to paragraph 103 of the Amended Complaint, Defendant admits and

26   alleges that the references in the November 11, 2004, Claim Denial Letter to sections 10-20, 10-

27   21 and 10-30 are references to the July, 1996 Summary Plan Description of the PTG Pension

28

1   Plan, and are not quotations from the PTG Pension Plan Instrument.  Except as so admitted and

2   alleged, Defendant denies the allegations of paragraph 103 of the Amended Complaint.

3      104. In answer to paragraph 104 of the Amended Complaint, Defendant admits and

4   alleges that the references in the November 11, 2004, Claim Denial Letter to sections 10-20, 10-

5   21 and 10-30 are references to the July, 1996 Summary Plan Description of the PTG Pension

6   Plan, which was part of the PTG Benefits Binder.  In further response, and as stated in response to

7   paragraph 102 above, Defendant is without sufficient information as to the review process that

8   was employed by Mellon HR Solutions (dba the SBC Pension and Savings Plan Center) with

9   respect to Plaintiff's claim and whether or not the review was limited to the SPD sections quoted

10   above, and on that basis denies that the review was limited as alleged.

11      105. In answer to paragraph 105 of the Amended Complaint, Defendant admits and

12   alleges that the November 11, 2004, Claim Denial Letter did not quote any provisions of the PTG

13   Pension Plan Instrument.  Except as so admitted and alleged, Defendant denies the allegations of

14   paragraph 105 of the Amended Complaint, and specifically denies that the citations in the letter to

15   the SPD provisions were inadequate or not compliant with the relevant statutes and regulations.

16      106. In answer to paragraph 106 of the Amended Complaint, Defendant admits that

17   Plaintiff has accurately quoted a portion of the Claim Denial Letter, but Defendant avers that the

18   entire letter must be read in context with respect to the calculation of Plaintiff's benefits.

19      107. The allegations of paragraph 107 of the Amended Complaint are so broad, vague

20   and conclusory, and further make reference to Class members whom have not yet been identified

21   and whose circumstances are not yet known, such that Defendant cannot meaningfully respond to

22   the allegations, and on that basis denies each and every allegation.

23      108. In answer to paragraph 108 of the Amended Complaint, Defendant admits and

24   alleges that Plaintiff's pension benefit for his second retirement on June 25, 2004, was based on

25   the CAM formula.  Except as so admitted and alleged, Defendant denies the allegations of

26   paragraph 108 and specifically denies that Plaintiff was entitled to an adjusted or "redetermined"

27   ATB upon his second termination of employment.

28

444759

1

**D.    Plaintiff's Appeal of the Denial of Benefits**

2        109.    In answer to paragraph 109 of the Amended Complaint, Defendant admits and

3   alleges that a letter dated January 18, 2005, from the Law Offices of Dorothy Taylor Cobb was

4   sent to the SBC Pension Service Center appealing the denial of Plaintiff's claim for a second ATB

5   based on the erroneous pension benefit estimate statements.  Defendant is without knowledge as

6   to the date upon which the letter was actually sent.

7        110.    Defendant admits the allegations contained in paragraph 110 of the Amended

8   Complaint.

9        111.    Defendant admits the allegations contained in paragraph 111 of the Amended

10  Complaint.

11       112.    Defendant denies the allegations contained in paragraph 112 of the Amended

12  Complaint.

13       113.    Defendant admits the allegations contained in paragraph 113 of the Amended

14  Complaint.

15       114.    In answer to paragraph 114 of the Amended Complaint, Defendant admits that

16  Plaintiff has exhausted his administrative remedies with respect to the claim set forth in his letter

17  dated May 5, 2004, *i.e.,* that he was entitled to a second, full ATB based on the erroneous pension

18  benefit statements.  Defendant denies that Plaintiff has exhausted his administrative remedies

19  with respect to any other claim or any other benefit, including his new claim for a "redetermined"

20  ATB.

21       115.    In answer to paragraph 115 of the Amended Complaint, Defendant admits that a

22  copy of the Appeal Denial Letter was provided to attorney Ronald Roy Johnson, Jr. as part of

23  Defendant's Rule 26(a) disclosures herein.  Except as so admitted, Defendant lacks sufficient

24  information and belief with respect to the allegations contained in paragraph 115 of the Amended

25  Complaint and on that basis denies the allegations.

26       116.    In answer to paragraph 116 of the Amended Complaint, Defendant admits and

27  alleges that the Appeal Denial Letter references sections 10-20, 10-21 and 10-30 of the July 1996

28

1   Summary Plan Description of the PTG Pension Plan, which in turn are based upon the provisions

2   of the PTG Pension Plan Instrument.  The letter also makes reference to the terms of the PTG

3   Pension Plan.  The denial of Plaintiff's appeal was based upon the terms of the PTG Pension Plan,

4   as summarized in the SPD, and further upon the long-standing interpretation and administration

5   of the PTG Pension Plan and the ATB.  Except as so admitted, Defendant denies the allegations

6   contained in paragraph 116 of the Amended Complaint.

7        117.    In answer to paragraph 117 of the Amended Complaint, Defendant avers that the

8   Appeal Denial Letter speaks for itself and must be read as a whole.  Defendant denies the

9   allegations of paragraph 117 to the extent they are contrary to the contents of the letter, or attempt

10  to characterize a single portion of the letter.

11       118.    In answer to paragraph 118 of the Amended Complaint, Defendant avers that the

12  terms of the PTG Pension Plan, the SBC Pension Plan and 29 C.F.R. § 2560.503-1(j)(2) speak for

13  themselves.  Defendant denies the allegations of paragraph 118 to the extent that they are contrary

14  to or inconsistent with any of those provisions.

15       119.    Defendant denies the allegations contained in paragraph 119 of the Amended

16  Complaint.

17       120.    Defendant denies the allegations contained in paragraph 120 of the Amended

18  Complaint.

19       121.    Defendant denies the allegations contained in paragraph 121 of the Amended

20  Complaint.

21       122.    Defendant denies the allegations contained in paragraph 122 of the Amended

22  Complaint.

23       123.    Defendant denies the allegations contained in paragraph 123 of the Amended

24  Complaint.

25

26

27

28

444759

## COUNT I

## FAILURE TO PROVIDE ADEQUATE NOTICE OF SPECIFIC REASONS FOR THE DENIAL OF BENEFITS IN VIOLATION OF ERISA § 503(1) & THE TERMS OF THE PLAN

124.   In answer to paragraph 124 of the Amended Complaint, Defendant repeats and incorporates herein by reference all of the admissions, denials, allegations averments and statements made in response to paragraphs 1 through 123 of the Amended Complaint.

125.   In answer to paragraph 125 of the Amended Complaint, Defendant admits that Plaintiff has quoted a portion of ERISA § 503(1), 29 U.S.C. § 1133(1).

126.   In answer to paragraph 126 of the Amended Complaint, Defendant admits that Plaintiff has quoted a portion of 29 C.F.R. § 2560.503-1.

127.   In answer to paragraph 127 of the Amended Complaint, Defendant avers that the terms of section 13.4(b)(2) of the PTG Pension Plan speak for themselves and are the best evidence of the terms.  Defendant denies Plaintiff's allegations to the extent they vary from or are inconsistent with those terms.

128.   Defendant admits the allegations contained in paragraph 128 of the Amended Complaint.

129.   In answer to paragraph 129 of the Amended Complaint, there are no charging allegations calling for an admission or a denial.  Rather, paragraph 129 consist of a legal assertion or a legal contention or a legal conclusion on the part of Plaintiff (it is not clear which).  As such, Defendant neither admits nor denies the allegations contained in paragraph 129.

130.   In answer to paragraph 130 of the Amended Complaint, there are no charging allegations calling for an admission or a denial.  Rather, paragraph 130 consist of a legal assertion or a legal contention or a legal conclusion on the part of Plaintiff (it is not clear which).  As such, Defendant neither admits nor denies the allegations contained in paragraph 130.

131.   Defendant denies the allegations contained in paragraph 131 of the Amended Complaint.

444759

ANSWER OF DEFENDANT AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM TO
PLAINTIFF'S AMENDED COMPLAINT (CLASS ACTION) - (Case No CV 08-04058 MHP)

1    132.    Defendant denies the allegations contained in paragraph 132 of the Amended

2    Complaint.

3    ## COUNT II

4    ## CLAIM FOR BENEFITS PURSUANT TO ERISA § 502(A)(1)(B)

5    133.    In answer to paragraph 133 of the Amended Complaint, Defendant repeats and

6    incorporates herein by reference all of the admissions, denials, allegations averments and

7    statements made in response to paragraphs 1 through 132 of the Amended Complaint.

8    134.    In answer to paragraph 134 of the Amended Complaint, Defendant admits that

9    Plaintiff has quoted a portion of ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

10   135.    In answer to paragraph 135 of the Amended Complaint, Defendant admits and

11   alleges that a Participant of the PTG Pension Plan who terminated his or her employment with a

12   Participating Company on or after March 22, 1996, and had not reached the age of 55 or did not

13   have 30 years of service, but qualified for the ATB, was potentially subject to an ATB discount.

14   Defendant further admits and alleges that in the event such an employee was rehired by a

15   Participating Company more than 6 months after the employee's termination but prior to October

16   31, 1997, and bridged his or her service by working five more years, the employee potentially was

17   eligible to have his or her ATB *annuity* – but not lump sum – adjusted to reflect the employee's

18   age and term of employment at the employee's next termination.  Except as so admitted and

19   alleged, Defendant denies the allegations contained in paragraph 135 and specifically denies that

20   rehired employees who cashed out their ATB as a lump sum payment, such as Plaintiff, were

21   entitled to have the ATB later adjusted and receive an additional payment based thereon.

22   136.    In answer to paragraph 136 of the Amended Complaint, Defendant admits and

23   alleges that under the PTG Pension Plan employees who retired on or after March 22, 1996 and

24   subsequently were rehired more than 6 months after the employee's termination but on or before

25   October 31, 1997, were eligible to receive a Cash Balance Benefit based upon the allocations to

26   the employee's cash balance account from the date of rehire to the date of the Annuity Start Date,

27   as that term is defined in the PTG Pension Plan, and assuming that the employee met all eligibility

28

1   requirements under the PTG Pension Plan.  Defendant further admits and alleges that after the

2   PTG Pension Plan was merged into the SBC Pension Plan in 1999, and after the CAM Benefit

3   was added to the SBC Pension Plan in 2001, rehired employees were entitled to receive

4   whichever benefit was greater – the Cash Balance Benefit or the CAM Benefit -- assuming they

5   met all eligibility requirements.  Except as so admitted and alleged, Defendant denies the

6   allegations of paragraph 136 and specifically denies that rehired employees who, like Plaintiff,

7   cashed out their ATB as a lump sum payment were entitled to later have the ATB adjusted and

8   receive an additional payment based thereon.

9        137.   In answer to paragraph 137 of the Amended Complaint, Defendant admits and

10  alleges that under section 3.4(d)(3) of the PTG Pension Plan, and after the introduction of the

11  CAM Benefit in 2001, employees who retired on or after March 22, 1996, and took their ATB in

12  the form of a monthly *annuity* and subsequently were rehired on or before October 31, 1997, and

13  thereafter bridged their service, were eligible to receive (i) a Cash Balance Benefit or a CAM

14  Benefit, whichever was greater, and (ii) a monthly ATB annuity adjusted to reflect the

15  Employee's age and Term of Employment at the Employee's next Termination of Employment.

16  Except as so admitted and alleged, Defendant denies the allegations of paragraph 137 of the

17  Amended Complaint and specifically denies that rehired employees who cashed out their ATB as

18  a lump sum payment, such as Plaintiff, were entitled to later have the ATB adjusted and receive

19  an additional payment based thereon.

20       138.   In answer to paragraph 138 of the Amended Complaint, Defendant admits that

21  Plaintiff was not given a "redetermined" ATB because he elected to cash out his ATB as a lump

22  sum payment and therefore was not eligible for a "redetermined" ATB.  Instead, Plaintiff only

23  received the greater of his Cash Balance Benefit or the CAM benefit, which in his case was the

24  CAM Benefit.  Defendant further admits and alleges, based on information and belief, that other

25  similarly situated employees who elected to cash out their ATB's as a lump sum payment likewise

26  were ineligible and did not receive a "redetermined" ATB upon a subsequent Termination of

27  Service.  Except as so admitted and alleged, Defendant denies the allegations of paragraph 138 of

28

27

444759

ANSWER OF DEFENDANT AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM TO
PLAINTIFF'S AMENDED COMPLAINT (CLASS ACTION) - (Case No CV 08-04058 MHP)

1   the Amended Complaint and specifically denies that Plaintiff or any other employee who took his

2   or her ATB in the form of a lump sum cashout was subsequently eligible for a "redetermined"

3   ATB under section 3.4(d) of the PTG Pension Plan.

4       139.    Defendant denies the allegations contained in paragraph 139 of the Amended

5   Complaint.

6       140.    Defendant denies the allegations contained in paragraph 140 of the Amended

7   Complaint.

8                                    **COUNT III**

9           **VIOLATION OF THE ANTI CUTBACK PROVISION OF ERISA § 204(G)**

10      141.    In answer to paragraph 141 of the Amended Complaint, Defendant repeats and

11  incorporates herein by reference all of the admissions, denials, allegations averments and

12  statements made in response to paragraphs 1 through 140 of the Amended Complaint.

13      142.    In answer to paragraph 142 of the Amended Complaint, Defendant admits that

14  Plaintiff has quoted a portion of ERISA § 204(g) and a portion of 26 C.F.R. § 1.411(d)-3.  The

15  remainder of the allegations in paragraph 142 consist of a legal assertion or a legal contention or a

16  legal conclusion on the part of Plaintiff (it is not clear which) that Defendant denies to the extent

17  it is inconsistent with the governing statutes, regulations, court decisions and/or the facts of this

18  case.

19      143.    Defendant denies the allegations contained in paragraph 143 of the Amended

20  Complaint.

21      144.    Defendant denies the allegations contained in paragraph 144 of the Amended

22  Complaint.

23      145.    Defendant denies the allegations contained in paragraph 145 of the Amended

24  Complaint.

25                              **FIRST AFFIRMATIVE DEFENSE**

26      146.    As a first separate and affirmative defense, Defendant asserts that Plaintiff fails to

27  state a claim upon which relief can be granted.

28

444759

1

## SECOND AFFIRMATIVE DEFENSE

2      147.    As a second separate and affirmative defense, Defendant asserts that the Amended

3  Complaint, and/or each claim for relief contained therein, is barred in that Plaintiff and any

4  similarly situated employees are not eligible for a "redetermined" Accelerated Transition Benefit

5  (or any other additional benefits that may be claimed herein) under the terms and conditions of the

6  PTG Pension Plan and/or the AT&T Pension Plan (formerly known as the SBC Pension Plan).

7

## THIRD AFFIRMATIVE DEFENSE

8      148.    As a third separate and affirmative defense, Defendant asserts that any purported

9  claim by Plaintiff or any similarly situated employee for benefits under the PTG Pension Plan

10  and/or the AT&T Pension Plan is barred because all benefits under the terms of the Plan(s) have

11  been provided and all payments due under the terms of the Plan(s) have been paid.

12

## FOURTH AFFIRMATIVE DEFENSE

13      149.    As a fourth separate and affirmative defense, Defendant asserts that, as to Plaintiff

14  and as to each member of the class he purports to represent, the Amended Complaint, and/or each

15  of claim for relief contained therein, is barred in whole or in part by any and all applicable statutes

16  of limitations.

17

## FIFTH AFFIRMATIVE DEFENSE

18      150.    As a fifth separate and affirmative defense, Defendant asserts that, as to Plaintiff

19  and each member of the class he purports to represent, the Amended Complaint, and/or each

20  claim for relief contained therein, is barred by their failure to comply with internal deadlines set

21  forth in the PTG Pension Plan and/or the AT&T Pension Plan.

22

## SIXTH AFFIRMATIVE DEFENSE

23      151.    As an sixth separate and affirmative defense, Defendant asserts that, as to Plaintiff

24  and each member of the class he purports to represent, the Amended Complaint, and/or each

25  claim for relief contained therein, is barred in whole or in part by the doctrine of laches.

26

## SEVENTH AFFIRMATIVE DEFENSE

27      152.    As a seventh separate and affirmative defense, Defendant asserts that, as to

28

444759

1   Plaintiff and each member of the class he purports to represent, the Amended Complaint, and/or

2   each claim for relief contained therein, is barred in whole or in part by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

4   153.   As an eighth separate and affirmative defense, Defendant asserts that, as to

5   Plaintiff and each member of the class he purports to represent, the Amended Complaint, and/or

6   each claim for relief contained therein, is barred in whole or in part by the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE

8   154.   As a ninth separate and affirmative defense, Defendant asserts that, as to Plaintiff

9   and each member of the class he purports to represent, the Amended Complaint, and/or each

10   claim for relief contained therein, is barred in whole or in part by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

12   155.   As a tenth separate and affirmative defense, Defendant asserts that, as to Plaintiff

13   and each member of the class he purports to represent, Plaintiff is barred from asserting the claims

14   alleged to the extent the claims relied upon for relief are moot.

### ELEVENTH AFFIRMATIVE DEFENSE

16   156.   As an eleventh separate and affirmative defense, Defendant asserts that, as to

17   Plaintiff and each member of the class he purports to represent, each of them is barred from

18   asserting the claims alleged to the extent each lacks standing.

### TWELFTH AFFIRMATIVE DEFENSE

20   157.   As a twelfth separate and affirmative defense, Defendant asserts that, as to Plaintiff

21   and each member of the class he purports to represent, any award of benefits to them should be

22   offset by any other earnings, benefits and/or income received by them.

### THIRTEENTH AFFIRMATIVE DEFENSE

24   158.   As a thirteenth separate and affirmative defense, Defendant asserts that it is

25   entitled to attorneys' fees pursuant to 29 U.S.C §1132(g) and/or Rule 11(c)(2), Federal Rules of

26   Civil Procedures.

## FOURTEENTH AFFIRMATIVE DEFENSE

159.    As a fourteenth separate and affirmative defense, Defendant asserts that its actions or statements were based on good, sufficient and legal cause, upon reasonable grounds for belief in their truth or justification, and were taken or said in good faith and without malice.

## FIFTEENTH AFFIRMATIVE DEFENSE

160.    As a fifteenth separate and affirmative defense, Defendant asserts that if and to the extent Defendant had obligations with respect to the employment of Plaintiff or any member of the class he purport to represent, or to the benefits related to that employment, performance was prevented or excused due to the conduct, acts and refusals to act on the part of each of them.

## SIXTEENTH AFFIRMATIVE DEFENSE

161.    As a sixteenth separate and affirmative defense, Defendant asserts that Plaintiff has failed to state facts sufficient to form a basis for awarding attorneys' fees to Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

162.    As a seventeenth separate and affirmative defense, Defendant asserts that it and its agents at all relevant times acted and conducted themselves as would a prudent person familiar with such matters.

## EIGHTEENTH AFFIRMATIVE DEFENSE

163.    As an eighteenth  separate and affirmative defense, Defendant asserts that it and its agents at all relevant times acted and conducted themselves in accordance with the documents and instruments governing the PTG Pension Plan and/or the AT&T Pension Plan, insofar as such documents and instruments were and are consistent with the provisions of ERISA.

## NINETEENTH AFFIRMATIVE DEFENSE

164.    As a nineteenth separate and affirmative defense, Defendant asserts that it and its agents at all relevant times acted and conducted themselves solely in the interest of the participants and beneficiaries of the PTG Pension Plan and/or the AT&T Pension Plan.

## TWENTIETH AFFIRMATIVE DEFENSE

165.    As a twentieth separate and affirmative defense, Defendant asserts that each of the

444759

1  claims asserted herein are barred by the failure of Plaintiff and/or the failure of each member of

2  the class Plaintiff purports to represent, to exhaust their administrative remedies with respect to

3  each claim.

4  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

5       166.   As a twenty-first separate and affirmative defense, Defendant asserts that, as to

6  Plaintiff and each member of the class he purports to represent, each of the claims asserted herein

7  are barred by their execution of an Election for Distribution, a release, a waiver or an

8  acknowledgement that no further benefits would be paid to them.

9  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

10      167.   As a twenty-second separate and affirmative defense, Defendant asserts that

11  Plaintiff cannot recover damages, or obtain injunctions or declaratory relief on behalf of other

12  persons because a class cannot be certified under the standard in Fed. R. Civ. Proc. Rule 23.

13  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

14      168.   As a twenty-third separate and affirmative defense, Defendant asserts that Plaintiff

15  is not entitled to injunctive or declaratory relief, because neither Plaintiff, nor any member of the

16  class he purports to represent, have alleged or sustained irreparable injury, as they have adequate

17  remedies at law.

18  ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

19      169.   As a twenty-fourth separate and affirmative defense, Defendant asserts that as to

20  Plaintiff and each member of the class he purports to represent, the Amended Complaint, and

21  each purported claim alleged therein, are barred because any recovery from Defendant would

22  result in unjust enrichment.

23      WHEREFORE, Defendant prays for Judgment as follows:

24  1.   That Plaintiff and the class he purports to represent (assuming such a class is

25       certified) take nothing by the Amended Complaint;

26  2.   That judgment be entered in favor of Defendant and against Plaintiff and the class

27       he purports to represent (assuming such a class is certified), on each claim

28       contained in the Amended Complaint;

32                                                                          444759

1    3.    That the Amended Complaint be dismissed in its entirety, with prejudice;

2    4.    That Defendant be awarded its costs of suit incurred herein,

3    5.    That Defendant be awarded its reasonable attorneys' fees; and

4    6.    For such other and further relief as the Court may deem just and proper.

5

6   DATED:  April 28, 2010                    AT&T SERVICES, INC. LEGAL
                                              DEPARTMENT
7

8                                    By: _____
9                                        MARVIN K. ANDERSON
                                         Attorneys for Defendant
10                                       AT&T PENSION BENEFIT PLAN –
                                         NONBARGAINED PROGRAM
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

444759

ANSWER OF DEFENDANT AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM TO
PLAINTIFF'S AMENDED COMPLAINT (CLASS ACTION) - (Case No CV 08-04058 MHP)