1 | R. Joseph Barton CA Bar No. 212340
Email: jbarton@cohenmilstein.com
2 | Bruce F. Rinaldi CA Bar No. 55133
Email: brinaldi@cohenmilstein.com
3 | **COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, N.W.
4 | Suite 500, West Tower
Washington, DC  20005
5 | Telephone:     (202) 408-4600
Facsimile:     (202) 408-4699
6 |
7 | Michelle L. Roberts, CA Bar No. 239092
 Email: mlr@ssrlawgroup.com
Claire Kennedy-Wilkins, CA Bar No. 231897
8 |  Email: css@ssrlawgroup.com
**SPRINGER-SULLIVAN & ROBERTS LLP**
9 | 410 - 12th Street, Suite 325
Oakland, CA 94607
10 | Tel:  510.992.6130
Fax: 510.280.7564
11 |
12 | Attorneys for Plaintiff

13

14 **UNITED STATES DISTRICT COURT**

15 **NORTHERN DISTRICT OF CALIFORNIA**

16 **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 17 QUILLER BARNES, | Case No.  08-04058 MHP |
| 18 Plaintiff, | **PLAINTIFF'S NOTICE OF MOTION AND** |
| 19 v. | **MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT** |
| 20 AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM, | |
| 21 | Date:        June 28, 2010 |
| 22 Defendant. | Time:        2:00 p.m. |
| 23 | Place:  Courtroom 15, 18th Floor |
| 24 | Hon. Marilyn H. Patel |

25

26     **NOTICE IS HEREBY GIVEN** that Plaintiff Quiller Barnes, by and through his

27 attorneys,  will and hereby does move the Court to strike the First through Twenty-Fourth

28

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW

PL'S NOT. OF MOT. TO STRIKE AFFIRM.
DEFENSES (NO. 08-04058-MHP)

Affirmative Defenses contained in the Answer of Defendant AT&T Pension Benefit Plan –

Nonbargained Program To Plaintiff's Amended Complaint, to order that certain allegations that

Defendant has failed to admit, deny or state that it is without sufficient knowledge are deemed

admitted and to order that Defendant respond to Plaintiff's legal conclusions.  This motion is

based on the accompanying Memorandum of Points and Authorities.

Dated: May 18, 2010                                    COHEN MILSTEIN SELLERS & TOLL PLLC


                                                       By:    /s/ R. Joseph Barton
                                                       R. Joseph Barton CA Bar No. 212340
                                                       Attorney for Plaintiff

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................................... ii

I.      BACKGROUND ............................................................................................................ 2

II.     ARGUMENT .................................................................................................................. 3

        A.      Defendant Fails To Adequately Allege Any of Their Twenty-Four
                Affirmative  Defenses ......................................................................................... 4

        B.      Certain of Defendant's "Defenses" Should Be Struck With Prejudice
                Because They Are Not Affirmative Defenses.................................................... 10

                1.      "Defenses" That Merely Negate An Element Of Plaintiffs' Proof
                        Are Not Affirmative Defenses And Should Be Stricken As
                        Redundant .............................................................................................. 11

                2.      "Defenses" Asserting That Plaintiff's Claims Should Not Be
                        Certified As A Class Action Are Not Defenses To Plaintiff's
                        Claims And Are Redundant ..................................................................... 12

                3.      Failure To State A Claim Is Not An Affirmative Defense And
                        Should Be Stricken As Redundant........................................................... 12

                4.      "Defenses" That Merely Limit Damages Are Not Affirmative
                        Defenses And Should Be Stricken as Redundant .................................... 13

        C.      Defendant Has Failed To Properly Answer Portions Of The Complaint............. 16

                1.      Defendant's Refusal To Respond Because A Document Purportedly
                        "Speaks For Itself" Is Improper .............................................................. 16

                2.      Defendant's Refusal To Respond To A Legal Conclusion Is
                        Improper.................................................................................................. 16

III.    CONCLUSION ............................................................................................................. 17

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3  <small>CASES</small>

4  *Ashcroft v. Iqbal,*
5      129 S. Ct. at 1937, 1949 (2009) .................................................................... 3, 4, 16

6  *Bell Atl. Corp. v. Twombly,*
      550 U.S. 544 (2007) ..................................................................................... 3, 4, 16
7
8  *California v. United States,*
      512 F. Supp. 36 (N.D. Cal. 1981) ......................................................................... 3

9  *CTF Dev., Inc. v. Penta Hospitality, LLC,*
10      No. 09-02429, 2009 WL 3517617 (N.D. Cal. Oct 26, 2009) ............................. 4, 5

11  *Dardaganis v. Grace Capital, Inc.,*
      889 F.2d 1237 (2d Cir. 1989)............................................................................... 14
12
13  *Donovan v. Cunningham,*
      716 F.2d 1455 (5th Cir. 1983)............................................................................. 14

14  *Donovan v. Schmoutey,*
15      592 F.Supp. 1361 (D. Nev. 1984) ......................................................................... 5

16  *E. & J. Gallo Winery v. Encana Energy Servs., Inc.,*
      No. 03-5412, 2008 WL 2489887 (E.D. Cal. Jun 18, 2008) ................................. 10
17
18  *Facebook v. Power Ventures, Inc.,*
      No. 08-5780, 2009 WL 3429568 (N.D. Cal. Oct. 22, 2009) ............................... 3, 4

19  *Fed. Trade Comm'n v. Think All Publ'g, L.L.C.,*
      564 F. Supp. 2d 663 (E.D. Tex. 2008) ......................................................... 9, 10, 16
20
21  *Fleming v. Kane County,*
      636 F. Supp. 742 (N.D. Ill. 1986) ....................................................................... 12

22  *Frank v. Wilbur-Ellis Co. Salaried Employees LTD Plan,*
23      No. 08-02084, 2008 WL 4370095 (E.D. Cal. Sept. 24, 2008)............................. 15

24  *Gaudiello v. Allied-Signal, Inc.,*
      No. 90-20097, 1990 WL 304271 (N.D. Ill. Nov. 15, 1990) ................................. 9
25
26  *Gilbert v. Eli Lilly & Co.,*
      56 F.R.D. 116 (D. P.R. 1972) ............................................................................. 10

27  *Hart v. Baca,*
28      204 F.R.D. 456 (C.D. Cal. 2001) ....................................................................... 2, 3

<small>COHEN, MILSTEIN,
SELLERS & TOLL
P.L.L.C.
ATTORNEYS AT LAW</small>

- ii -

<small>PL'S NOT. OF MOT. TO STRIKE AFFIRM.
DEFENSES (NO. 08-04058-MHP)</small>

*Hayne v. Green Ford Sales*,
    263 F.R.D. 647 (D. Kan. 2009).........................................................................4

*Home Mgmt. Solutions, Inc. v. Prescient, Inc.*,
    No. 07-20608, 2007 WL 2412834 (S.D. Fla. Aug. 21, 2007) .................................4

*In re Fleming Packaging Corp.*,
    351 B.R. 626 (Bankr. C.D. Ill. 2006)...........................................................9, 12

*In re Nat'l Lumber and Supply*, *Inc.*
    184 B.R. 74 (B.A.P. 9th Cir. 1995).................................................................9

*King Vision Pay Per View, Ltd. v. J.C. Dimitri's Rest., Inc.*,
    180 F.R.D. 332 (N.D. Ill. 1998) ..................................................................15

*Lemery v. Duroso*,
    No. 2009 WL 1684692 (E.D. Mo. June 16, 2009)...........................................11

*Mag Instrument, Inc. v. JS Prods., Inc.*,
    595 F.Supp.2d 1102 (C.D. Cal. 2008) .............................................................5

*Monster Cable Prods., Inc. v. Avalanche Corp.*,
    No. 08-4792, 2009 WL 650369 (N.D. Cal. Mar 11, 2009)....................................4

*Qarbon.com Inc. v. eHelp Corp.*,
    315 F. Supp. 2d 1046 (N.D. Cal. 2004) ...........................................................3

*Quintana v. Baca*,
    233 F.R.D. 562 (C.D. Cal. 2005) ............................................................10, 11

*Reis Robotics USA Inc. v. Concept Indus., Inc.*,
    462 F. Supp. 2d (N.D. Ill. 2006) ...................................................................5

*Renalds v. S.R.G. Rest. Group*,
    119 F. Supp. 2d 800 (N.D. Ill. 2000) ............................................................12

*Solis v. Couturier*,
    No. 8-2732, 2009 WL 3055207 (E.D. Cal. Sept. 17, 2009)....................................9

*Solis v. Zenith Capital, LLC*,
    No. 08-4854, 2009 WL 1324051 (N.D. Cal. May 8, 2009)....................................2

*T-Mobile USA, Inc. v. Wireless Exclusive USA, LLC*,
    No. 08-0340, 2008 WL 2600016 (N.D. Tex. July 1, 2008)................................4, 5

*State Farm Mut. Auto. Ins. Co. v. Riley*,
    199 F.R.D. 276 (N.D. Ill. 2001) ..............................................................15, 16

*Taylor v. United States*,
    821 F2d 1428 (9th Cir. 1987)......................................................................12

COHEN, MILSTEIN,
SELLERS & TOLL
P.L.L.C.
ATTORNEYS AT LAW

- iii -

PL'S NOT. OF MOT. TO STRIKE AFFIRM.
DEFENSES (NO. 08-04058-MHP)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Thomas v. Oregon Fruit Prods. Co.*,
    228 F.3d 991 (9th Cir. 2000) ............................................................................ 13

*Tome Engenharla E Transportes, Ltd. v. Malki*,
    No. 94-7427, 1996 WL 172286 (N.D. Ill Apr. 11, 1996) .................................. 11

*Voeks v. Wal-Mart Stores, Inc.*,
    No. 07-0030. 2008 WL 89434 (E.D. Wis. Jan. 7, 2008) ..................................... 4

*Wyshak v. City Nat'l Bank*,
    607 F.2d 824 (9th Cir. 1979) ....................................................................... 3, 8

*Zivkovic v. S. California Edison Co.*,
    302 F.3d 1080 (9th Cir. 2002) ........................................................................ 10

**STATUTES**

ERISA §502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) ..................................................... 13

ERISA §502(a)(3), 29 U.S.C. § 1132(a)(3) ............................................................... 13

ERISA §502(a)(204(g), 29 U.S.C. § 1054(g) ............................................................ 14

ERISA § 404(a)(1)(D), 29 U.S.C. 1104 (a)(1)(D) .................................................... 14

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(b)(6) .......................................................................................... 15

Fed. R. Civ. P. 12(f) ....................................................................................... passim

Fed. R. Civ. P. Rule 8 ................................................................................... 3, 15, 16

Fed. R. Civ. P. Rule 8(b) ................................................................................. 15, 16

Fed. R. Civ. P. Rule 11 ............................................................................................ 8

Fed. R. Civ. P. Rule 23 ..................................................................................... 7, 11

Fed. R. Civ. P. Rule 33 ............................................................................................ 9

COHEN, MILSTEIN,
SELLERS & TOLL
P.L.L.C.
ATTORNEYS AT LAW

- iv -

PL'S NOT. OF MOT. TO STRIKE AFFIRM.
DEFENSES (NO. 08-04058-MHP)

**MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND
DEFENDANT'S IMPROPER RESPONSES TO THE AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff Quiller Barnes ("Plaintiff")
respectfully moves this Court to strike the twenty-four affirmative defenses asserted by Defendant
AT&T Pension Benefit Plan – NonBargained Program ("Defendant") in the Answer of Defendant
AT&T Pension Benefit Plan – NonBargained Program To Plaintiff's Amended Complaint
("Answer") and other portions of Defendant's Answer that fails to adequately respond to
Plaintiff's Amended Complaint. Many of the Defendant's "defenses" are not actually affirmative
defenses to Plaintiff's three claims, but simply repeat Defendant's denials of Plaintiff's
allegations from earlier in their Answer or seek to limit Plaintiff's recovery. Other "defenses" fail
as a matter of law. Additionally, all of Defendant's affirmative defenses are comprised of bare
bones legal conclusions and are devoid of factual allegations and thus do not meet the applicable
pleading requirements or provide Plaintiff with fair notice of the defenses asserted against him.
Finally, Defendant has failed to properly respond to certain allegations in the Amended
Complaint because it did not admit, deny or state that it was without sufficient knowledge or
information to admit or deny the claims. Striking these defenses and improper responses will not
only ensure that Plaintiff is provided with the requisite fair notice, but it will streamline this case
so that discovery can focus on legitimate issues in dispute.

## I.     BACKGROUND

This putative class action arises out of Defendant's failure to pay Plaintiff and the putative
class benefits they are entitled to under the terms of the Pacific Telesis Group Cash Balance
Pension Plan for Salaried Employees ("the Plan"), effective July 1, 1996 (the "PTG Pension Plan
Document") after being terminated and then rehired by Pacific Bell Telephone Company
("Pacific Bell") and meeting certain conditions. Amended Complaint ¶¶ 1 ("Complaint").

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW

PL'S NOT. OF MOT. TO STRIKE AFFIRM.
DEFENSES (NO. 08-04058-MHP)

Plaintiff's Amended Complaint alleges three causes of action: (1) failure to provide adequate notice of reasons for benefit denial in violation of ERISA § 503(a)(1) and the terms of the Plan, (2) a claim for benefits under ERISA § 502(a)(1)(B), and (3) violation of ERISA § 204(g)'s anti-cutback provision. *Id. ¶¶* 124-25. The Amended Complaint details the specific legal claims asserted against Defendant under ERISA and the specific factual basis for these claims. *Id.* ¶¶ 24-123 (factual allegations), 124-45 (legal claims). In its answer, Defendant fails to properly respond to certain of the allegations by claiming that a document "speaks for itself" or are legal conclusions. *E.g.* Ans. ¶¶ 127, 129, 130, 142. In addition to denying allegations that Defendant violated ERISA, Defendant asserts twenty four boilerplate affirmative defenses to Plaintiff's three claims. Ans. ¶¶ 146-169. Yet, none of these "defenses" – some of which are not affirmative defenses – contain no factual allegation and some are so vaguely pled, it is difficult to ascertain what defense is claimed. As such, these affirmative defenses should be struck and the improper responses should be deemed admitted or struck.

## II.   ARGUMENT

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading an insufficient defense." Fed. R. Civ. P. 12 (f). "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that will arise from litigating spurious issues by dispensing with those issues prior to trial." *Solis v. Zenith Capital, LLC*, No. 08-4854, 2009 WL 1324051, at *3 (N.D. Cal. May 8, 2009) (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)). Where the asserted defense fails to meet the applicable legal standards, that determination should be made upon a motion to strike "in order to avoid the needless expenditures of time and money in litigating" the defense. *Hart v. Baca*, 204 F.R.D. 456, 457 (C.D. Cal. 2001). Where such a motion "may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the

motion to strike will be well taken." *Id.* (citing *California v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981)).

### A.   Defendant Fails To Adequately Allege Any of Their Twenty-Four Affirmative Defenses

"Affirmative defenses are governed by the same pleading standard as complaints." *Facebook v. Power Ventures, Inc.*, No. 08-5780, 2009 WL 3429568, at *2 (N.D. Cal. Oct. 22, 2009) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) and striking affirmative defenses pled without factual allegations).  In order for an affirmative defense to be sufficiently pled under Rule 8, an affirmative defense must give plaintiffs fair notice of the defenses being advanced.  *Wyshak*, 607 F.2d at 827 ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."); *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) (concluding that affirmative defenses are governed by the same pleading standard as complaints, and therefore must give plaintiff "fair notice" of the defense being advanced).

The Supreme Court recently clarified the pleading requirements in Rule 8.  In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court held that fulfilling the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of [the] elements." *Id.* at 545.  Under the *Twombly* standard, "a wholly conclusory statement" (*id.* at 561) is insufficient; instead, there must be "enough factual matter" so as to "possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 545*; see Ashcroft v. Iqbal*, 129 S. Ct. at 1937, 1949 (2009).  Subsequently, in *Iqbal*, the Supreme Court made clear that the *Twombly* decision was based on its interpretation and application of Rule 8 of the Federal Rules of Civil Procedure, which governs the pleading standard in all civil actions. *Id.* at 1953.

COHEN, MILSTEIN,
SELLERS & TOLL
P.L.L.C.
ATTORNEYS AT LAW

- 3 -

PL'S NOT. OF MOT. TO STRIKE AFFIRM.
DEFENSES (NO. 08-04058-MHP)

Post-*Twombly*, the overwhelming majority of district courts addressing the issue have concluded that the pleading standard announced in *Twombly* and clarified in *Iqbal* likewise applies to affirmative defenses.  *Hayne v. Green Ford Sales*, 263 F.R.D. 647, 649-50, (D. Kan. 2009).[1]  Likewise, numerous courts in this District have also concluded that "bare statements reciting mere legal conclusions do not provide plaintiff with fair notice of the defense being asserted."  *CTF Dev., Inc. v. Penta Hospitality, LLC*, No. 09-02429, 2009 WL 3517617, at *7 (N.D. Cal. Oct 26, 2009); *Monster Cable Prods., Inc. v. Avalanche Corp.*, No. 08-4792, 2009 WL 650369, at *1 (N.D. Cal. Mar 11, 2009) (striking defense because defendant failed to allege any supporting facts).  As another court in this District explained, "[u]nder the *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense, and not on the plaintiff to gamble on interpreting an insufficient defense in the manner defendant intended."  *CTF Dev.*, 2009 WL 3517617 at *8 (concluding that "affirmative defenses that are mere statements of legal conclusions with no supporting facts" do not meet *Iqbal* pleading requirements).  Where the defendants' affirmative defenses contain no factual allegations, they are appropriately stricken from the answer under Rule 12(f).  *Id.; Facebook*, 2009 WL 3429568 at *2 (granting motion to strike where affirmative defenses contained "no factual allegations" and instead "the pleading refers back to the 'Introduction and Background' section with the phrase 'conduct, as described herein'").

Moreover, numerous courts have held that equitable defenses are subject to heightened pleading standards.  *See Voeks v. Wal-Mart Stores, Inc.*, No. 07-0030, 2008 WL 89434, at *7 (E.D. Wis. Jan. 7, 2008) ("[e]quitable defenses 'must be pled with the specific elements required to establish the defense' [and] 'require at least some direct or inferential allegations as to each

---

[1]     *See e.g., T-Mobile USA, Inc. v. Wireless Exclusive USA, LLC*, No. 08-0340, 2008 WL 2600016, at *2 (N.D. Tex. July 1, 2008) (striking affirming defenses); *see Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007) (determining affirmative defenses must be more than "barebones conclusory" recitations).

- 4 -

element of the defense'"); *Reis Robotics USA Inc. v. Concept Indus., Inc.,* 462 F. Supp. 2d at 897,

907 (N.D. Ill. 2006) (explaining "equitable defenses that must be pled with the specific elements

required to establish the defense"); *T-Mobile*, 2007 WL 2600016 at *3; s*ee also CTF Dev.*, 2009

WL 3517617 at *7, ("simply stating that a claim fails due to plaintiff's 'unclean hands' is not

sufficient to notify the plaintiff *what* behavior has allegedly given them 'unclean hands')

(emphasis in original); *Qarbon,* 315 F. Supp. 2d at 1050, (striking affirmative defenses of waiver,

estoppel and unclean hands where defendant did "not provide any factual basis" for the defenses;

*Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F.Supp.2d 1102, 1108 (C.D. Cal. 2008) (holding that

all elements of estoppel defense must be pled and striking defense where it was "vague and

fail[ed] to provide adequate notice of its factual basis"); *Donovan v. Schmoutey*, 592 F.Supp.

1361, 1403 (D. Nev. 1984) ("The estoppel defense raised by the defendant fails as a matter of law

because defendants failed to allege its necessary elements.").

Defendant's twenty four affirmative defenses are comprised of brief legal conclusions and

are entirely devoid of any factual allegations. *See* Answ. ¶¶ 146-169.[2]  Without even the most

basic factual allegations to rely on, Plaintiff has no means of assessing the "defenses" asserted

against him and is instead left to speculate as to Defendant's intended defenses.  For example:

- Defendant's Sixth Affirmative Defense claims that "as to Plaintiff and each member

  of the class he purports to represent, the amended Complaint, and/or each claim for

  relief contained therein, is barred in whole or in part by the doctrine of laches." Ans. ¶

  151.  Defendant's Seventh, Eighth and Ninth Affirmative defenses are identical,

---

[2]     Defendant's Second, Third and Fifth Affirmative Defenses contain the barest of factual allegations, in that they refer to the existence of "the PTG Pension Plan" and the "AT&T Pension Plan" (Third Aff. Def.), the "terms and conditions of those plans" (Second Aff. Def.) and "internal deadlines set forth in" those plans (Fifth Aff. Def.).  Ans. ¶¶ 147, 148 and 150.  However, Defendant makes no allegations about what the plan terms at issue are or what is alleged to have occurred that was contrary to those unnamed plan terms.  To the extent that these constitute factual allegations, they fall far short of the applicable pleading standards.

COHEN, MILSTEIN,
SELLERS & TOLL
P.L.L.C.
ATTORNEYS AT LAW

- 5 -

PL'S NOT. OF MOT. TO STRIKE AFFIRM.
DEFENSES (NO. 08-04058-MHP)

except the word "laches" is replaced by the words "estoppels," "waiver," and "unclean hands," respectively.  Ans. ¶¶ 152-54.  Defendant's Twenty-Fourth Affirmative Defense is identical except that the claims are barred "because any recovery from Defendant would result in unjust enrichment."  Ans. ¶ 169.  Defendant fails to make a single factual allegation regarding these equitable defenses.  Defendant does not even identify a broad category of behavior that the Plaintiff and every putative class member is alleged to have engaged in to give rise to these defenses.  Plaintiff is therefore provided with no notice of the basis for these affirmative defenses and can only speculate as to the bases for Defendant's defenses.

- Defendant's Fourth, Fifth, Tenth, Eleventh, Twentieth and Twenty-First Affirmative Defenses allege that all claims asserted by Plaintiff and the putative class members are "barred in whole or in party by any and all applicable statutes of limitation," "barred by their failure to comply with internal deadlines set forth in the PTG Pension Plan and/or the AT&T Pension Plan," "moot," "barred . . . to the extent each [class member] lacks standing," "barred by the failure . . . to exhaust their administrative remedies with respect to each claim, and "barred by their execution of an Election of Distribution, a release, a waiver or an acknowledgement that no further benefits would be paid to them."  Ans. ¶¶ 149, 150, 155, 156, 165, 166.  Defendant fails to allege any facts in support of these defenses other than the existence of the two plans referenced in ¶ 150.  Defendant provides no clues as to which statutes of limitation or internal plan deadlines it contends were violated, nor does defendant provide any clues as to why all Plaintiff's claims are moot or why Plaintiff and the entire putative class lack standing.  Likewise, Defendant fails to indicate what alleged defect there was in Plaintiff's administrative exhaustion process, or what form, release, waiver or

Cohen, Milstein,
Sellers & Toll
P.L.L.C.
Attorneys At Law

- 6 -

Pl's Not. of Mot. to Strike Affirm.
Defenses (No. 08-04058-MHP)

acknowledgement Plaintiff is alleged to have signed.  Plaintiff is again left to speculate as to the basis for the defenses asserted against him and Defendant has fallen well short of providing Plaintiff with fair notice or satisfying *Twombly/Iqbal*.

- Defendant's First, Second, Third, Eighteenth, and Twenty-Second Affirmative Defenses attempt to negate elements of Plaintiff's prima facie case regarding the claims asserted against Defendant.  Not only are these improperly pled as affirmative defenses, but Defendant fails to allege its factual basis for these alleged holes in Plaintiff's case.  Specifically, Defendant does not shed any light on (1) what alleged deficiency in the complaint renders all of Plaintiff's claims ones upon which no relief can be granted (Ans. ¶ 146), (2) what provision of the referenced pension plans allegedly render Plaintiff and the putative class ineligible for a "redetermined" Accelerated Transition Benefit (Ans. ¶ 147), (3) when payment for the benefits due was allegedly made (Ans. ¶ 148), (4) what relevant conduct allegedly conformed with which Plan terms (Ans. ¶ 163), or (5) what aspects of the Rule 23 standard Plaintiff allegedly cannot meet (Ans. ¶ 167).   Because these defenses are comprised of legal conclusions and devoid of facts, they fail to meet the applicable pleading standards.

- Defendant's Fourteenth, Seventeenth, Eighteenth and Nineteenth Affirmative Defenses all contain cursory allegations about Defendant's alleged conduct. Specifically, Defendant alleges that it acted (1) with good cause, justification and good faith and without malice (Ans. ¶ 159), (2) as "would a prudent person familiar with such matters," (Ans. ¶ 162), (3) in accordance with the governing plan documents and instruments (Ans. ¶ 163), and (4) "solely in the interest of the participants and beneficiaries" of the plans (Ans. ¶ 164).  Yet, Defendant does not make a single factual allegation supporting these legally significant conclusions.  Instead, Plaintiff is

COHEN, MILSTEIN,
SELLERS & TOLL
P.L.L.C.
ATTORNEYS AT LAW

- 7 -

PL'S NOT. OF MOT. TO STRIKE AFFIRM.
DEFENSES (NO. 08-04058-MHP)

again left to speculate about what conduct Defendant is referring.  Thus, these allegations provide no notice to Plaintiff regarding these defenses and the applicable pleading standards are not met.

- Defendant's Twelfth, Sixteenth, and Twenty-Third Affirmative Defenses seek to limit the relief Plaintiff seeks in this case.  (Ans. ¶¶ 157, 161 and 168.)  Again, Defendant alleges no basis for these purported limits on Plaintiff's ability to recover or any factual allegations.  Absent factual allegations explaining these defenses, these bare-bones allegations provide Plaintiff with no notice regarding these defenses.

- Defendant's Thirteenth Affirmative Defense alleges that Defendant is entitled to attorneys' fees under ERISA's attorney's fees provision and/or Rule 11.  Ans. ¶ 158.  Such allegations, in addition to failing to meet the definition of an affirmative defense, are unfounded and unsupported by any factual allegations suggesting how it is that Plaintiff's conduct has supposedly given rise to a Rule 11 violation or a legitimate attorney fee claim under ERISA.  Such allegations should not be made without a factual basis, and as that is entirely lacking here, the pleading standard is not met and the "defense" should be stricken.

By failing to plead *any* factual allegations, Defendant has failed to put Plaintiff on notice about what defenses are being advanced and thus failed to meet the applicable pleading requirements under *Wyshak* and *Twombly/Iqbal*.  Unless Defendant is required to amend their answer and plead affirmative defenses with the requisite specificity, Plaintiff will be forced to conduct extensive discovery to determine what, if anything, forms the basis for the twenty four affirmative defenses asserted against him.[3]  Given that the asserted defenses appear to be a

---

[3]     Given the sheer number of purported affirmative defenses and the lack of *any* factual allegations, Plaintiff would have to issue at least 24 interrogatories just to gain a basic understanding of what Defendant is claiming as its defenses.  As a result, Plaintiff would need to exceed the presumptive limit of

COHEN, MILSTEIN,
SELLERS & TOLL
P.L.L.C.
ATTORNEYS AT LAW

- 8 -

PL'S NOT. OF MOT. TO STRIKE AFFIRM.
DEFENSES (NO. 08-04058-MHP)

boilerplate laundry list of affirmative defenses that have little to do with the actual factual

underpinnings of this dispute about Plaintiff's entitlement to benefits, Plaintiff suspects that once

Defendant is required to appropriately plead their affirmative defenses, the issues in this case will

be drastically limited.  Striking these insufficient defenses will streamline this case so that

discovery can focus on legitimate issues in dispute.  Accordingly, Defendant's affirmative

defenses should be stricken as insufficient with instruction that Defendant replead only those

defenses for which it is able to assert a sufficient factual basis.

**B.    Certain of Defendant's "Defenses" Should Be Struck With Prejudice Because They Are Not Affirmative Defenses**

Affirmative defenses admit allegations in the complaint, but assert additional facts that

would defeat recovery.  *Solis v. Couturier*, No. 8-2732, 2009 WL 3055207, at *4 (E.D.Cal. Sept.

17, 2009) ("An affirmative defense is '[a] defendant's assertion of facts and arguments that, if

true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint

are true.'"); *see In re Nat'l Lumber and Supply, Inc.* 184 B.R. 74, 77 (B.A.P. 9th Cir. 1995)

("Affirmative defenses plead matters extraneous to plaintiff's *prima facie* case which deny the

plaintiff's right to recover *even if*  the allegations in the complaint are true") (emphasis added).

By contrast, labeling contentions that only attack the sufficiency of plaintiffs' proof or allegations

as affirmative defenses is improper.  *Fed. Trade Comm'n v. Think All Publ'g, L.L.C*, 564 F. Supp.

2d 663, 665-66 (E.D. Tex. 2008) (striking such defenses); *In re Fleming Packaging Corp.*, 351

B.R. 626, 638 (Bankr. C.D. Ill. 2006) (same); *Gaudiello v. Allied-Signal, Inc.*, No. 90-20097,

1990 WL 304271, at *1 (N.D. Ill. Nov. 15, 1990) (same).  Such "negative defenses" should

likewise be struck here as improper.

---

25 interrogatories under Rule 33.  Even if Defendant provides sufficient information in these
interrogatories, Plaintiff would likely have to propound request for documents and potentially take
depositions and waste countless time and expense to refute these defenses for which there is perhaps no
factual basis.

COHEN, MILSTEIN,
SELLERS & TOLL
P.L.L.C.
ATTORNEYS AT LAW

- 9 -

PL'S NOT. OF MOT. TO STRIKE AFFIRM.
DEFENSES (No. 08-04058-MHP)

1

### 1.   "Defenses" That Merely Negate An Element of Plaintiffs' Proof Are Not Affirmative Defenses And Should Be Stricken As Redundant

2

3      Defenses that merely negate an element of plaintiffs' proof are not affirmative defenses

4   because they merely controvert an element of plaintiffs' *prima facie* case. *Zivkovic v. S.*

5   *California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *Quintana v. Baca,* 233 F.R.D. 562,

6   564 (C.D. Cal. 2005) (same).   When Defendants have elsewhere in their answer denied the

7   allegations, allowing these "negative defenses" to be asserted again by an affirmative defense will

8   be redundant under Rule 12(f). *Fed. Trade Comm'n,* 564 F. Supp. at 665*; Quintana*, 233 F.R.D.

9   at 564-565 (striking such "defenses"); *see also E. & J. Gallo Winery v. Encana Energy Servs.,*

10  *Inc.*, No. 03-5412, 2008 WL 2489887, at *5 (E.D. Cal. Jun 18, 2008) (same); *Gilbert v. Eli Lilly*

11  *& Co.*, 56 F.R.D. 116, 125 (D. P.R. 1972) (same).

12

13      Although it is difficult to assess the nature of many of Defendant's affirmative defenses

14  due to the lack of detail and supporting allegations, it appears that Defendant's Second, Third,

15  Eighteenth and Twenty-Second Affirmative Defenses simply negate an element of Plaintiff's

16  prima facie case.  For example, the Second and Third Affirmative Defenses are comprised of

17  cursory allegations that Plaintiff and the class are barred from receiving the benefits they seek

18  because, first, they are not entitled to the requested benefits under the terms of the applicable

19  plans, and second, that all benefits due under those plans have been paid.  Ans. ¶¶ 147-48.

20  Similarly, the Eighteenth Affirmative Defense alleges that Defendant acted in accordance with

21  the relevant plan documents.  Ans. ¶ 163.  The issues raised by these defenses are at the heart of

22  Plaintiff's claims -- which turn on whether or not Plaintiff and the putative class are entitled to the

23  benefits they seek in the Amended Complaint under the terms of the Plan. Compl. ¶¶ 1-5.

24  Defendant has already denied these allegations in Plaintiff's Complaint. Ans. ¶¶ 1-5, 135-140.

25  To the extent that these "defenses" merely repeat Defendant's prior denials, they simply add

26

27

28

Cohen, Milstein,
Sellers & Toll
P.L.L.C.
Attorneys At Law

- 10 -                   Pl's Not. of Mot. to Strike Affirm.
Defenses (No. 08-04058-MHP)

clutter to the case and should be stricken as redundant.  Accordingly, Defendant's Second, Third and Eighteenth Affirmative Defenses should be stricken with prejudice.

### 2.  "Defenses" Asserting That Plaintiff's Claims Should Not Be Certified As A Class Action Are Not Defenses To Plaintiff's Claims And Are Redundant

Defendant's Twenty-Second defense is comprised of the conclusory allegation that "a class cannot be certified" under Rule 23.  Ans. ¶ 167.  Yet, in response to Plaintiff's class allegations, Defendant already denied that a class can be certified.  Ans. ¶¶ 16-23.  Not only does Plaintiff bear the burden of showing the requirements of Rule 23 are met, but it is not a defense to Plaintiff's *claims*.  Moreover, nothing is served by allowing Defendant to again assert these identical allegations as a "defense" to Plaintiff's claims.  Accordingly, Defendant's Twenty-Second Affirmative Defenses should be stricken with prejudice

### 3.  Failure To State A Claim Is Not An Affirmative Defense And Should Be Stricken as Redundant

Defendant's First Affirmative Defense simply states that Plaintiffs' complaint "fails to state a claim upon which relief can be granted."  Ans. ¶ 146.  Not only does this bare allegation fail to allege any facts, but "failure to state a claim is not a proper affirmative defense, but, rather, asserts a defect in plaintiff's prima facie case."  *Lemery v. Duroso*, No. 09-00167, 2009 WL 1684692, at *3 (E.D. Mo. June 16, 2009) (striking identical "defense" for both reasons); *see Tome Engenharla E Transportes, Ltd. V. Malki*, No. 94-7427, 1996 WL 172286, at *10 (N.D. Ill. Apr. 11, 1996) (same); *see Quintana,* 233 F.R.D. at 564 (striking identical defense on grounds that it was not a proper defense).  As this is not an affirmative defense, Defendant's First Affirmative Defenses should be stricken with prejudice.

### 4.  "Defenses" That Merely Limit Damages Are Not Affirmative Defenses And Should Be Stricken As Redundant

Contentions that limit damages are limitations, not affirmative defenses, and are not properly pled as such. *Taylor v. United States*, 821 F2d 1428, 1433 (9th Cir. 1987) (explaining

COHEN, MILSTEIN,
SELLERS & TOLL
P.L.L.C.
ATTORNEYS AT LAW

- 11 -

PL'S NOT. OF MOT. TO STRIKE AFFIRM.
DEFENSES (NO. 08-04058-MHP)

that "the Federal Rules do not consider limitations of damages affirmative defenses"); *Fleming v. Kane County*, 636 F. Supp. 742, 749 (N.D. Ill. 1986) (striking "defense" that would not defeat recovery, but only lessen damages). Here, Defendant's Twelfth, Thirteenth, Fourteenth, Sixteenth, Seventeenth, and Twenty-Third Affirmative Defenses[4] merely seek to limit, not preclude, Plaintiff's recovery and thus are not appropriate affirmative defenses and should be stricken. Ans. ¶¶ 157, 158, 159, 161, 162, 168. Alternatively, these defenses seek to negate elements of Plaintiff's *prima facie* case and should be stricken for the reasons set forth above, in Section II.B.1.

> **D.   Certain Of Defendant's Affirmative Defenses Should Be Stricken Because They Fail As A Matter Of Law**

Affirmative defenses are subject to being struck where they are patently defective or are "incorrect statement[s] of the law." *Renalds v. S.R.G. Rest. Group*, 119 F. Supp. 2d 800, 806-07 (N.D. Ill. 2000); *e.g., In re Fleming*, 351 B.R. at 638. To the extent that Defendant's Seventeenth, Nineteenth, and Twenty-Third Affirmative Defenses intended to avoid liability for Plaintiff's claims,[5] are affirmative defenses, and are sufficiently pled, these "defenses" still fail because they are legally insufficient.

Defendant's Twenty-Third Affirmative defense alleges that "Plaintiff is not entitled to injunctive or declaratory relief, because neither Plaintiff, nor any member of the class he purports to represent, have alleged or sustained irreparable injury, as they have adequate remedies at law." Ans. ¶ 168. Yet, in asserting this defense, Defendant ignores that Plaintiff's claims are asserted

---

[4]   Due to Defendant's bare-bones pleading, it is difficult for Plaintiff to assess why Defendant asserted Affirmative Defenses Fourteen and Seventeen and how Defendant intends to use these defenses. To the extent that Defendant intends to use them to limit or avoid the imposition of attorneys' fees under ERISA, they are not proper affirmative defenses for the reasons set forth here.

[5]   Because Defendant's pleadings are so cursory, it is difficult to ascertain why certain defenses were included. If the Fourteenth, Seventeenth and Nineteenth Affirmative Defenses were asserted to be considered as factors in reducing Plaintiff's recovery, such as for attorney's fees, as opposed to precluding liability altogether, then they are redundant. If they were asserted to preclude liability, then they fail as a matter of law.

under ERISA, where the statutory language provides for equitable relief.  ERISA § 502(a)(3), the statutory mechanism allowing for Plaintiff's First and Third Claims, explicitly provides that a participant may bring a civil action to "(A) *to enjoin* any act or practice which violates any provision of this title or the terms of the plan, or (B) *to obtain other appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan" 29 U.S.C. § 1132(a)(3) (emphasis added).  Likewise, ERISA § 502(a)(1)(B), under which Plaintiff's Second Claim for relief is brought, provides that a participant may bring a civil action to "to recover benefits due to him under the terms of his plan, *to enforce his rights* under the terms of the plan, or *to clarify his* rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B) (emphasis added).  In finding that there is no right to a jury trial in ERISA cases, the Ninth Circuit has explicitly concluded that "the remedies available to a participant or beneficiary under ERISA *are equitable in nature*."  *Thomas v. Oregon Fruit Prods. Co.*, 228 F.3d 991, 997 (9th Cir. 2000) (concluding that ERISA § 502(a)(1)(B) claims for benefits as well as ERISA § 502(a)(3) claims are equitable) (emphasis added).  Quite simply, there is <u>no</u> legal remedy afforded by ERISA for these claims.  As such, Defendant's Twenty-Third Affirmative Defense, which asserts the contrary, simply fails as a matter of law and should be stricken.

Similarly, Defendant's Seventeenth and Nineteenth Defenses, which respectively allege that Defendant has acted as "a prudent person familiar with such matters," or "solely in the interests of the participants and beneficiaries" of the Plans, fails to allege a legally cognizable affirmative defense (even if this "defense" is properly pled without any supporting factual allegations). Ans. ¶¶ 162, 164.  Not only does Plaintiff's complaint not allege a breach of fiduciary duty, but a fiduciary breaches its fiduciary duty even if it otherwise acts prudently and in the interests of the beneficiaries, when it fails to administer the plan "in accordance with the documents and instruments governing the plan" unless the terms of the plan violate ERISA.

COHEN, MILSTEIN,
SELLERS & TOLL
P.L.L.C.
ATTORNEYS AT LAW

- 13 -

PL'S NOT. OF MOT. TO STRIKE AFFIRM.
DEFENSES (NO. 08-04058-MHP)

ERISA § 404(a)(1)(D), 29 U.S.C. 1104; *Dardaganis v. Grace Capital, Inc.,* 889 F.2d 1237, 1241

(2d Cir. 1989) (finding that the requirement of ERISA § 404(a)(1)(D) to follow plan documents

imposes a specific duty).  A fiduciary's failure to follow plan documents, regardless of whether

he otherwise acted prudently and in the interests of plan participants, "may, in itself, be a basis for

liability." *Id.* at 1241 (rejecting argument that this duty must be evaluated in the context of

overall prudence); *Donovan v. Cunningham*, 716 F.2d 1455, 1468 (5th Cir. 1983) (concluding

fiduciary violated ERISA by "acting contrary to the terms of the plan document").   In this case,

Plaintiff alleges that Defendant failed to pay the benefits under the terms of the Plan.  Compl. ¶¶

5, 138, 139, 140.  By statutory definition, the plan administrator could not have acted in

accordance with ERISA if they failed to follow the terms of the plan.  As such, if Plaintiff proves

that he is entitled to benefits under the terms of the plan, these "defenses" will not somehow

negate liability or prevent his recovery.  To the extent that this allegation attempts to create a

defense to the contrary notwithstanding their failure to administer the plan in accordance with its

terms, this "defense" contradicts ERISA § 404(a), fails as a matter of law. [6] Accordingly,

Defendant's Seventeenth and Nineteenth Affirmative Defenses should be stricken with prejudice.

## C.    Defendant Has Failed To Properly Answer Portions of The Complaint

In responding to allegations in a Complaint, Rule 8(b) "requires: (1) an admission; (2) a

denial; or (3) a statement of absence of knowledge or sufficient information. *Frank v. Wilbur-*

*Ellis Co. Salaried Employees LTD Plan*, No. 08-02084, 2008 WL 4370095, at *4 (E.D. Cal. Sept.

24, 2008).  A motion to strike under Rule 12(f) is also the proper means of addressing the failure

of a defendant to properly respond to a Complaint. *Id.*

---

[6]      As the act of amending a plan is not an fiduciary function these defenses do not appear to address
Plaintiff's ERISA § 204(g) claim.  Even so, ERISA § 204(g) provides in absolute language, that "[t]he
accrued benefit of a participant under a plan may not be decreased by an amendment of the plan" (except
for provisions inapplicable here).  29 U.S.C. § 1054 (g).  Defendant either did or did not violate ERISA §
204(g) and amendments to the contrary are simply void.

COHEN, MILSTEIN,
SELLERS & TOLL
P.L.L.C.
ATTORNEYS AT LAW

- 14 -

PL'S NOT. OF MOT. TO STRIKE AFFIRM.
DEFENSES (NO. 08-04058-MHP)

1. **Defendant's Refusal To Respond Because A Document Purportedly "Speaks For Itself" Is Improper**

In at least 29 of its responses to allegations of the Complaint, Defendant has refused to answer the allegations of the Complaint as required by Rule 8 by merely stating that the document "speaks for itself." Ans. ¶¶ 27, 33, 34, 36, 38, 39, 40, 41, 43, 45, 46, 54, 56, 59, 72, 73, 75, 81, 84, 88, 100, 117, 118, 127; *see also id.* ¶¶ 50, 66, 67, 68, 69. Yet, this is not a proper response under Rule 8(b). *Frank*, 2008 WL 4370095 at *4 ("Courts do not tolerate the "speaks for itself response."); *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001) (explaining that this is not a proper response to allegations in a complaint). When a defendant fails to deny certain allegations in a pleading, they are deemed admitted pursuant to Rule 8. *King Vision Pay Per View, Ltd. v. J.C. Dimitri's Rest., Inc.*, 180 F.R.D. 332, 334 (N.D. Ill. 1998) (deeming certain paragraphs in complaint, which defendant failed to deny, admitted); Fed. R. Civ. P. 8(b)(6). Accordingly, any paragraph which Defendant has failed to admit, deny or state it did not have sufficient knowledge or information should be deemed admitted.

2. **Defendant's Refusal To Respond To A Legal Conclusion Is Improper**

In response to the Complaint, Defendant has explicitly stated that it "neither admits or denies the allegations" because the paragraph consists of "a legal assertion or a legal contention or a legal conclusion." *E.g.*, Ans. ¶¶ 129, 130, 142; *see also id.* ¶ 93.[7] Rule 8 contains no such exception for responding to an allegation in a complaint. *See* Fed. R. Civ. P. 8(b). As one court has explained, refusal to respond to an allegation because it states a legal conclusion not only "violates the express Rule 8(b) requirement that *all* allegations be responded to[, but] even more importantly is disregards established law… that legal conclusions are an integral part of the federal notice pleading regime." *Riley*, 199 F.R.D. at 278. Pursuant to *Twombly* and *Iqbal*,

---

[7]     In other responses, Defendant does not admit the allegation, but merely "admits that the Plaintiff has quoted" the statute or regulation. *E.g.*, Answ. ¶¶ 125, 126, 134, 142. It is not clear if these are intended to be admissions.

Cohen, Milstein,
Sellers & Toll
P.L.L.C.
Attorneys At Law

- 15 -

Pl.'s Not. of Mot. to Strike Affirm.
Defenses (No. 08-04058-MHP)

Plaintiff has set forth his factual allegations and his legal claims.  Requiring Defendant to simply admit or deny these legal conclusions would streamline this case by allowing Plaintiff to know whether Defendant agrees as to the legal assertions, but disagrees with some of Plaintiff's facts or whether Defendant disagrees as to both some of the factual allegations and the law.

## III.   CONCLUSION

For the reasons stated above, Plaintiff's motion to strike should be granted.  With respect to defenses that are either not affirmative defenses (Affirmative Defenses 1, 2, 3, 10, 12, 14, 16, 17, 22, 23) or do not establish a sufficient defense (Affirmative Defenses 17, 19, 23), they should be struck with prejudice.  With respect to all other defenses, those affirmative defenses should be struck without prejudice and Defendant instructed to re-plead those defenses only if it has sufficient facts to support those claims.  Finally, Defendant should be instructed to admit, deny or state in good faith, that it does not have sufficient information or knowledge to respond to those allegations.

Dated: May 18, 2010                    COHEN MILSTEIN SELLERS & TOLL PLLC


                                       By:____/s/ R. Joseph Barton_____
                                       R. Joseph Barton CA Bar No. 212340

                                       Attorney for Plaintiff

Cohen, Milstein,
Sellers & Toll
P.L.L.C.
Attorneys At Law

- 16 -

Pl's Not. of Mot. to Strike Affirm.
Defenses (No. 08-04058-MHP)