United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUILLER BARNES, | No. C 08-04058 MHP |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM, | **Re: Plaintiff Barnes' Motion to Strike Affirmative Defenses** |
| Defendant(s). | |

In this action, plaintiff Quiller Barnes ("Barnes"), on behalf of himself and all others similarly situated, alleges that defendant AT&T Pension Benefit Plan - Nonbargained Program ("AT&T") wrongfully denied him pension benefits to which he was entitled. Barnes' amended complaint asserts three causes of action under the Employee Retirement and Income Security Act ("ERISA") for: (1) failing to provide adequate notice of the reasons for benefit denial, 29 U.S.C. § 1133(1); (2) failing to pay benefits due, 29 U.S.C. § 1132(a)(1)(B); and (3) violating ERISA's anti-cutback provision, 29 U.S.C. § 1054(g).  Before the court is Barnes' motion to strike the affirmative defenses in AT&T's answer to Barnes' amended complaint. Having considered the parties' arguments and submissions and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND[1]

Barnes originally filed this action in Contra Costa County Superior Court on January 20, 2008. The twenty-paragraph complaint contained a single cause of action to recover benefits due under the pension plan pursuant to 29 U.S.C. § 1132(a)(1)(B). Barnes worked for the Pacific Bell Telephone Company ("Pacific Bell") and Pacific Bell's successors-in-interest from 1979 until October 29, 1996, and then again from May 1, 1997 until June 17, 2003. During both periods of employment, Barnes was enrolled in the Pacific Telesis Group Cash Balance Pension Plan for Salaried Employees ("the Plan"). Upon Barnes' first exit from Pacific Bell's employment in 1996, Barnes elected to take a discounted lump sum pension benefit payment, known as an Accelerated Transition Benefit ("ATB"). Barnes' ATB was discounted because he had not worked for the company for 30 years or more and had not yet reached the age of 55. Six months later, however, Barnes was rehired by Pacific Ball in the same position. He stayed with Pacific Bell until he terminated his employment again on June 17, 2003. At the end of his second period of employment, Barnes received his second retirement pension package; this benefit, however, was much lower than Barnes expected it to be. Barnes contends that his second term of employment at Pacific Bell "bridged" his service at the company such that had he worked one, continuous period, he would have been entitled to a non-discounted ATB. Accordingly, Barnes asserts that he is entitled to a "redetermined ATB" to adequately compensate him for his terms of service with Pacific Bell.

Thereafter, Barnes submitted a claim with the pension plan, contending that he was entitled to additional benefits. The pension plan denied Barnes' claim, whereupon Barnes appealed the denial through the pension plan's internal appeal process. After Barnes' appeal was denied he filed this action. On August 25, 2008, AT&T removed the case to this court. Docket No. 1 (Notice of Removal).

The action languished on this court's calendar during Barnes' first counsel's representation of him and until new counsel entered the case. For all intents and purposes Barnes was essentially *pro se* for most of the time, from the filing of the action until new counsel's appearance. On January 26, 2010, Barnes moved the court to file an amended complaint. Docket No. 39 (Mot. to

Amend Compl.). Ten days later, AT&T filed a motion for summary judgment. Docket No. 47 (Mot. Summ. J.). On April 5, 2010, the court granted Barnes' motion to amend the complaint and terminated AT&T's motion for summary judgment. Docket No. 132 (Order Granting Mot. to Amend Compl.). After AT&T filed its answer to the First Amended Complaint ("FAC"), Barnes filed the instant motion to strike all of AT&T's twenty-four affirmative defenses, and admit certain allegations which Barnes argues were not answered by AT&T. *See* Docket No. 138 (Mot.) at 3, 14-16. On June 7, 2010, AT&T filed its opposition to Barnes' motion to strike. *See* Docket No. 142 (Opp.).

LEGAL STANDARD

I. Motion to Strike

A Court may strike affirmative defenses under Federal Rule of Civil Procedure 12(f) if they present an "insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purposes of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). A defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded. *See Fogerty*, 984 F.2d at 1527. A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case. *See id.*

While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits. See *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). Accordingly, once an affirmative defense has been properly pled, a motion to strike which alleges the legal insufficiency of an affirmative defense will not be granted "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *See William Z. Salcer, Panfield, Edelman v. Edicon*

3

*Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984) (citing *Durham Indus., Inc. v. North River Insur. Co.*, 482 F. Supp. 910, 913 (S.D.N.Y. 1979); *see also McArdle v. AT&T Mobility LLC*, 657 F. Supp. 2d 1140, 1149-50 (N.D. Cal. 2009) (Wilken, J.). If a claim is stricken, leave to amend should be freely given when doing so would not cause prejudice to the opposing party. *Wyshak*, 607 F.2d at 826.

II.     Motion to Deem Allegations Admitted

Federal Rule of Civil Procedure 8(b) requires that "[i]n responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). Rule 8(b)(6) states that: "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6).

DISCUSSION

Barnes suggests two primary arguments for why all of AT&T's affirmative defenses should be stricken from the answer. First, Barnes contends that most of the affirmative defenses are "insufficient" because, under the federal pleading standard, they lack sufficient supporting factual allegations. Second, Barnes seeks to strike other affirmative defenses because they are negative defenses as opposed to affirmative defenses. Finally, Barnes also requests that this court deem AT&T to have admitted certain allegations in the amended complaint due to AT&T's purported failure to adequately admit or deny those allegations. The court addresses each argument in turn.

I.     Striking of "Insufficient" Affirmative Defense

Barnes asserts that all twenty four of the affirmative defenses that AT&T has pled in its answer to the complaint are insufficient because they fail to provide adequate notice to Barnes. Mot. at 5-9. Barnes argues that in order for an affirmative defense to be properly pled, it must give the plaintiff fair notice of the defense being advanced. Mot. at 3. He submits that the pleading standard applied to complaints in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and clarified in *Ashcroft v. IqbalI*, ___U.S.___, 129 S. Ct. 1937 (2009), applies to the pleading of affirmative

4

defenses. In response AT&T argues that each of its affirmative defenses has been properly pleaded and provides fair notice to Barnes. Opp. at 4. In particular, AT&T contends that the heightened pleading standard in *Twombly* and *Iqbal* does not apply to the pleading of affirmative defenses and that merely naming the defense provides adequate notice to Barnes. *Id.* at 5. Further, AT&T argues that because Barnes has broadened his complaint to include a putative class of other allegedly similarly situated individuals, he cannot demonstrate that the affirmative defenses lack the requisite specificity in regard to the unknown members of the putative class. *Id.* at 6.

Federal Rule of Civil Procedure 8 governs pleading whether by complaint or answer. Rule 8(c) specifically addresses affirmative defenses and requires that a party "affirmatively state any avoidance or affirmative defense" in the responsive pleading. Fed. R. Civ. P. 8(c)(1). In pleading an affirmative defense, a defendant must comply with Rule 8's requirement of a "short and plain" statement to give the opposing party fair notice of the defense and the grounds upon which it rests. *Wyshak*, 607 F.2d at 827 ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."); *see also Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009) (holding that Rule 8 requires a "short and plain" statement so as to give the opposing party fair notice).

Before 2007, the fair notice pleading standard was set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957). Under *Conley,* the court was only permitted to dismiss claims for relief when "it appeared beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Id.* However, in 2007, the Supreme Court, in *Twombly*, departed from the *Conley* standard, requiring that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* While a plaintiff need not provide detailed factual allegations, he does need to allege the grounds for entitlement to relief beyond mere labels and conclusions. *Id.* at 555. In 2009, the Supreme Court, in *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949 (2009), clarified *Twombly* holding that *Twombly* was based on its interpretation and application of Federal Rule of Civil Procedure 8, thereby extending *Twombly*'s pleading standard to all civil cases.

Since 2009, courts have been left to decide whether *Twombly* and *Iqbal* apply to the pleading of affirmative defenses. While neither the Ninth Circuit nor any other Circuit Courts of Appeals has ruled on this issue, the vast majority of courts presented with the issue have extended *Twombly*'s heightened pleading standard to affirmative defenses. *See CTF Dev., Inc. v. Penta Hospitality, LLC*, No. C 09-02429, 2009 WL 3517617, at *7-8 (N.D. Cal. Oct. 26, 2009) (Alsup, J.) ("Under the *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense"); *see also Hayne*, 263 F.R.D. at 650 n.15 (citing nine cases applying *Twombly* and *Iqbal* to the pleading of affirmative defenses). Only a few district courts have reached the contrary conclusion. *See, e.g., First Nat'l Ins. Co. of Am. v. Cmaps Servs., Ltd*, No. 08-cv-12805, 2009 WL 22891, at *2 (E.D. Mich. Jan. 5, 2009) (finding *Twombly*'s analysis of the "short and plain statement" requirement inapplicable to affirmative defenses); *Romantine v. CH2M Hill Eng'rs, Inc.*, No. 09-973, 2009 WL 3417469, at *1 (W.D. Pa. Oct. 23, 2009) (declining to apply *Twombly* to either affirmative or negative defenses).

The court finds the reasoning of the courts that have applied the heightened pleading standard persuasive. *Iqbal*'s extension of the *Twombly* pleading standard beyond claims arising under the Sherman Act was premised on *Twombly*'s holding that the purpose of Rule 8 was to give the opposing party notice of the basis for the claim sought. *See Iqbal*, 129 S. Ct. at 1950-51. Rule 8's requirements with respect to pleading defenses in an answer parallels the Rule's requirements for pleading claims in a complaint. *Compare* (a)(2) "a short and plain statement of the claim showing that the pleader is entitled to relief", *with* (b)(1) "state in short and plain terms its defenses to each claim asserted against it". Rule 8(b)(2) further provides with respect to "denials" that they "must fairly respond to the substance of the allegations." The court can see no reason why the same principles applied to pleading claims should not apply to the pleading of affirmative defenses which are also governed by Rule 8. "Applying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply." *Haynes*, 263 F.R.D. at 650; *see also CTF Dev., Inc.*, 2009 WL 3517617, at *7-8. Applying the same

6

standard will also serve to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted.

Here, AT&T has not alleged sufficient facts to provide notice to Barnes as to the nature of any of its affirmative defenses. In each of its twenty-four affirmative defenses, AT&T alleges that Barnes and the class members which he represents are either completely or partially bared from recovery because of the existence of an affirmative defense. However, in none of its twenty-four affirmative defenses does AT&T point to the existence of some identifiable fact that if applicable to Barnes or another class member would make the affirmative defense plausible on its face. Instead, AT&T simply lists a series of conclusory statements asserting the existence of an affirmative defense without stating a reason why that affirmative defense might exist. In particular, in the fourth (statute of limitations), fifth (failure to comply with internal deadlines), sixth (laches), seventh (estoppel), eighth (waiver), ninth (unclean hands), tenth (mootness), eleventh (lack of standing), twelfth (damages reduced by earning, benefits, and/or income), fifteenth (performance was excused due to conduct of plaintiff), twentieth (exhaustion), twenty-first (waiver of right to future benefits), and twenty-fourth (unjust enrichment) affirmatives defenses, AT&T fails to provide any facts, instead, just alleging that the affirmative defense exists. Ans. ¶¶ 149-153, 155-56, 165, 169.

AT&T suggests that insufficiently pled affirmative defenses should only be stricken if the party against whom they are asserted can demonstrate that the defenses' continued presence in the case causes the party prejudice. In so arguing, AT&T relies upon a number of decisions in which courts have held that a motion to strike "should only be granted if the matter . . . may prejudice one or more of the parties to the suit." *N.Y. City Emps.' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121 (N.D. Cal. 2009) (Ware, J.). What AT&T fails to recognize, however, is that in all of those cases, the party seeking to strike a portion of a pleading was attempting to do so pursuant to the "redundant, immaterial, impertinent, or scandalous matter," as opposed to the "insufficient," portion of Rule 12(f). Further, even if the court were to require a showing of prejudice, Barnes has met that burden. If the court were to permit legally unsustainable affirmative defenses to survive, Barnes would be

7

required to conduct expensive and potentially unnecessary and irrelevant discovery. Thus, AT&T's arguments regarding prejudice cannot rescue its otherwise legally insufficient affirmative defenses.

Accordingly, this court strikes the fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, fifteenth, twentieth, twenty-first and twenty-fourth affirmative defenses. The court will permit defendant to amend its answer to cure the pleading defects pursuant to Federal Rule of Civil Procedure 15(a)(2) and in accordance with the remainder of this order. To the extent that this order prevents the defendant from alleging affirmative defenses as to the unknown putative class members because there are no facts that could show that an affirmative defense is plausibly applicable to Barnes, the court will grant leave to the defendant to amend its answer at such time as the defendant becomes aware of facts tending to show the plausibility of additional affirmative defenses pertaining to class members, provided that defendant exercises diligence in determining such facts..

II.     <u>Striking of Negative Defenses Pled as Affirmative Defenses</u>

Barnes also argues that certain affirmative defenses raised by AT&T should be struck with prejudice because they are actually negative defenses and not affirmative defenses. Mot. at 9. In particular, Barnes argues that the second (not eligible for redetermination), third (all eligible benefits paid), fourteenth (AT&T acted reasonably, with good cause and in good faith), seventeenth (AT&T acted prudently), eighteenth (all persons conducted themselves in accordance with the plan), nineteenth (AT&T acted in the interest of the Plan's participants) and twenty-second (not entitled to injunctive relief) and twenty-third (a class cannot be certified under Federal Rule of Civil Procedure 23) affirmative defenses are restatements of the denials present in the answer to the complaint and not actually affirmative defenses. *Id.* at 9-10. In response, AT&T argues that Barnes has failed to demonstrate any prejudice he would suffer by the inclusion of these affirmative defenses. Opp. at 6.

"A defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Such a defense is merely rebuttal against the evidence presented by the plaintiff. On the other hand, "[a]n affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that does not negate the elements of the plaintiff's

8

claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Roberge v. Hannah Marine Corp.,* No. 96-1691, 1997 WL 468330, at *3 (6th Cir. 1997). It is a defense on which the defendant has the burden of proof. *See*, *e.g.*, *Kanne v. Connecticut General Life Ins. Co.*, 867 F.2d 479, 492 n.4 (9th Cir. 1988). Thus, it is curious that defendant asserts as affirmative defenses that which it need not prove.

To the extent that the AT&T restates negative defenses that exist in other parts of the complaint, those defenses are redundant pursuant to Rule 12(f) and should be struck so as to simplify and streamline the litigation. *Federal Trade Comm'n*, 564 F. Supp. 2d 663, 665 (E.D. Tex. 2008) . Here, AT&T's second, third, fourteenth, seventeenth, eighteenth, nineteenth, twenty-second and twenty-third affirmative defenses simply provide a basis to negate an element of Barnes' prima facie case for relief and are restatements of denials present in earlier parts of the complaint. Accordingly, these affirmative defenses, which, in fact, are merely rebuttal to plaintiff's claims are stricken.

III. <u>Striking of Non-Affirmative Defenses</u>

Barnes also argues that AT&T has inappropriately plead certain items as affirmative defenses despite the fact that such arguments cannot be categorized as affirmative defenses. Mot. at 12. In particular, Barnes cites to AT&T's first affirmative defense (failure to state a claim), Ans. ¶ 146, and its affirmative defenses pertaining to attorneys' fees (the thirteenth and sixteenth affirmative defenses), Ans. ¶¶ 158-59, 161-62. Mot. at 11-12. AT&T responds that because failure to state a claim is set out as an affirmative defense in Form 30 in the appendix to the Federal Rules of Civil Procedure, it is specifically authorized as an affirmative defense under Rule 84. Opp. at 13.

AT&T's first affirmative defense alleging Barnes' failure to state a claim should be stricken. Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in Barnes' prima facie case. *See Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense."); *Lemery v. Duroso*, No. 4:09CV00167 JCH, 2009 WL

9

1684692, at *3 (E.D. Mo. Jun 16, 2009). Accordingly, despite its inclusion in Civil Form 30, failure to state a claim under Rule 12(b)(6) is more properly brought as a motion and not an affirmative defense.

Additionally, to the extent any of AT&T's affirmative defenses are set forth in order to seek or limit the award of attorney's fees or to preclude class certification, those defenses should be stricken. The award of attorney's fees does not act to preclude a defendant's liability even if a plaintiff proves all of the required elements of the cause of action. Typically, attorneys' fees are collateral to the merits of a cause of action and are awarded after judgment pursuant to Federal Rule of Civil Procedure 54(d)(2). *See Rural Tel. Serv. Co., Inc. v. Feist Publ'n, Inc.*, No. 83-4086-R, 1992 WL 160890, at *1 (D. Kan. 1992) (holding that a party need not plead a request for attorneys' fees because Federal Rule of Civil Procedure 54(d)(2) permits the party to seek them by motion). Accordingly, AT&T's thirteenth, and sixteenth affirmative defenses are stricken to the extent that they present a defense against the awarding of attorney's fees. To the extent that these defenses are accurately pled as affirmative defenses to Barnes' cause of action, they also fail to meet the pleading standard set forth above in Part I, *supra* at 4, as they appear to be solely conclusory restatements of legal standards. Accordingly, AT&T's first, thirteenth and sixteenth affirmative defense are stricken.

IV      Motion to Deem Allegations Admitted

Lastly, Barnes argues that AT&T has failed to properly respond to various allegations in Barnes' complaint and therefore those allegations should be deemed admitted. Mot. 15. Specifically, Barnes argues that AT&T inappropriately answered allegations in the complaint by asserting that documents referenced by Barnes "speak for themselves" instead of admitting or denying such allegations, and that AT&T's refusal to respond to Barnes' alleged legal conclusions was improper. Mot. at 15. Accordingly, Barnes asks that these allegations be admitted. In response, AT&T argues that Barnes has failed to meet his burden to show why these allegations should be admitted. Ans. at 14.

10

In this case, AT&T's statements that the documents referenced in the complaint speak for themselves are within the bounds of Rule 8(b)(1).  While it would have been inappropriate for AT&T to simply state that the "document speaks for itself" without either providing an admission or denial, that is not what AT&T did.   In each of the paragraphs identified by Barnes, AT&T either admits or denies the factual allegations presented in the complaint after stating that the document speaks for itself. *See* Ans. ¶¶ 27, 33, 34, 36, 38, 39, 40, 41, 43, 45, 46, 50, 54, 56, 59, 66, 67, 68, 69, 72, 73, 75, 81, 84, 88, 100, 117, 118.  In many of these paragraphs, AT&T is simply admitting the factual allegations pertaining to the referenced documents to the extent that the documents actually says what Barnes alleges they says, and denying the factual allegations to the extent that they are contradicted by the actual documents.  Ans. ¶¶  27, 33, 34, 36, 39, 40, 41, 43, 45, 46, 50, 66, 72, 73, 75, 81, 100, 117, 118, 127.   In such instances, AT&T's conditional denial is the functional equivalent of a general denial, allowing the parties to dispute the contents of the referenced document as the litigation progresses.  Accordingly, these conditional denials satisfy Rule 8(b)(1).  In others instances, AT&T provides for specific admissions or denials of certain allegations concerning referenced documents, and then after stating that the document speaks for itself denies all matters which it has not admitted or are not contained in the document. Ans. ¶ 38, 59, 67, 68, 69.  In these instances, AT&T clearly satisfies its burden under Rule 8(b)(1) by providing partial admission or denial and then a more generalized denial.

Further, Barnes' contention that AT&T has failed to answer the legal conclusions alleged by Barnes in the complaint misconstrues AT&T's answer when read in its entirety.  While AT&T has refused to either admit or deny the ultimate legal conclusions alleged by Barnes, AT&T has denied all of the factual allegations on which those legal conclusions rest.  To read AT&T's answer to admit Barnes' legal conclusions would misconstrue AT&T's answer so as to also admit the factual conclusions which it has expressly denied. To do this would not construe the pleadings in the interests of justice as required by Rule 8(e).

Accordingly, Barnes' motion to deem certain allegations in the complaint because they were not answered is DENIED.

11

\* \* \* \* \*

On a final note, the court reminds the parties that the court's time is valuable and motions to strike are disfavored. While it appears that the defendant made an attempt to resolve this dispute by proposing to stipulate to an amended answer, the court is disappointed that the parties were unable to come to an agreement. It is the court's opinion that while plaintiff partially succeeded on the merits of his motion, the issues raised would not have been difficult to address solely between the parties. The parties should be reminded that the filing of a second motion to strike would be extraordinary and the parties might be well served by rereading Federal Rule of Civil Procedure 11 before making such a motion.

CONCLUSION

For the reasons stated above, plaintiff's motion to strike Defendant's fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, fourteenth, fifteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-first and twenty-fourth affirmative defenses is GRANTED. The defendant may file an amended answer in accordance with this order within thirty (30) days of the date of the filing of this order..

Plaintiff's motion to strike defendant's first, second, third, thirteenth, sixteenth, twenty-second and twenty-third affirmative defenses is GRANTED.

Plaintiff's motion to deem allegations in the complaint admitted is DENIED.

IT IS SO ORDERED.

Dated: June 21, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

## **ENDNOTES**

1. Unless otherwise indicated, all facts are taken from the allegations in Barnes' amended complaint. Docket No. 133 (Am. Compl.).