LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
REBECCA K. KIMURA (State Bar No. 220420)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:   (415) 357-4605

Attorneys for Defendant
AT&T PENSION BENEFIT PLAN - NONBARGAINED
PROGRAM

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUILLER BARNES, | Case No.  CV 08-04058 MHP |
| Plaintiff, | **AMENDED ANSWER OF DEFENDANT AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM TO PLAINTIFF'S AMENDED COMPLAINT (CLASS ACTION)** |
| vs. | |
| AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM, | |
| Defendant. | |

Defendant AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM ("Defendant" or "the AT&T Pension Plan") hereby submits its amended answer to the Amended Complaint ("Amended Complaint") filed by Plaintiff Quiller Barnes ("Plaintiff") as follows:

## INTRODUCTORY ALLEGATIONS

1.      In answer to paragraph 1 of the Amended Complaint, there are no charging allegations calling for an admission or a denial.  Rather, paragraph 1 constitutes an introductory paragraph which purports to set forth the nature of Plaintiff's action and a general description of the purported class and relief being sought.  As such, Defendant neither admits nor denies the allegations contained therein.  Defendant acknowledges that Plaintiff is purporting to bring an action under ERISA on behalf of himself and a class of persons similarly situated with respect to the "Pacific Telesis Group Cash Balance Pension Plan for Salaried Employees," (the "PTG

1

L A F A Y E T T E   &   K U M A G A I   L L P
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1   Pension Plan").  The PTG Pension Plan was merged into the SBC Pension Benefit Plan –

2   Nonbargained Program (the "SBC Pension Plan") in January, 1999, and was thereafter renamed

3   the AT&T Pension Benefit Plan – Nonbargained Program (the "AT&T Pension Plan") on

4   November 18, 2005.  The gist of Plaintiff's complaint is that he was entitled to a "redetermined"

5   Acceleration Transition Benefit ("ATB"), adjusted to reflect his additional years of age and

6   service after he was rehired and then retired again from his employment with Pacific Bell

7   Telephone Company.  Plaintiff's claim is based on a fundamental misunderstanding and

8   misinterpretation of section 3.4(d)(3) of the PTG Pension Plan Instrument which contemplates an

9   adjusted ATB for employees who elected to receive the benefit as a monthly *annuity* after their

10  first term of employment.  Employees who cash out the ATB in full as a lump sum, such as

11  Plaintiff, have nothing left to "redetermine" and thus upon rehire are entitled only to the Cash

12  Balance Benefit (or later, the Career Average Minimum Benefit – "CAM"), as set forth in section

13  3.4(a) of the PTG Pension Plan Instrument and section 10-30 of the Summary Plan Description

14  ("SPD") for the PTG Pension Plan.  For this reason, and the further reasons set forth below,

15  Defendant denies Plaintiff's claims.

16          *2.*         In answer to paragraph 2 of the Amended Complaint, Defendant admits and

17  alleges that, in general, under section 3.2 of the PTG Pension Plan Instrument, a salaried

18  employee who was employed by a Participating Company on March 22, 1996, and was a

19  Participant in the Plan on any date during the period beginning March 22, 1996 and ending on

20  July 1, 1996, was entitled on termination of employment to receive the greater of a Cash Balance

21  Benefit or the Accelerated Transition Benefit ("ATB"), as calculated under the PTG Pension Plan

22  Instrument.  Defendant further admits that, under section 5.2 of the PTG Pension Plan

23  Instrument, the ATB potentially was subject to an early payment discount based on the

24  Participant's age and Term of Employment.  The particulars of those benefits and benefit

25  calculations are subject to the terms of the PTG Pension Plan Instrument, which constitute the

26  best evidence thereof.  Except as so admitted and alleged, and to the extent the allegations of

27  paragraph 2 of the Amended Complaint vary from, or are qualified by, the terms of the PTG

28  Pension Plan Instrument, Defendant denies each and every allegation contained in paragraph 2.  2

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

3.      In answer to paragraph 3 of the Amended Complaint, Defendant admits and alleges that under the terms of the PTG Pension Plan Instrument, a salaried employee who terminated employment on or after March 22, 1996, and elected an ATB benefit in the form of a monthly annuity that was subject to an age discount under section 5.2, was subsequently rehired and then retired again after bridging his or her service, was potentially entitled to a benefit consisting of the prior ATB annuity adjusted to reflect the employee's age and term of employment at his or her next termination.  The particulars of that benefit and benefit calculation, are subject to the terms of the PTG Pension Plan Instrument, which constitute the best evidence thereof.  Except as so admitted and alleged, and to the extent the allegations of paragraph 3 of the Amended Complaint vary from, or are qualified by, the terms of the PTG Pension Plan Instrument, Defendant denies each and every allegation contained in paragraph 3, and specifically denies that section 3.4(d)(3) of the Plan Instrument relating to the adjustment of the ATB applies to employees who took the ATB benefit in the form of a lump sum payment as Plaintiff did.

4.      In answer to paragraph 4 of the Amended Complaint, Defendant admits and alleges that, prior to the merger of the PTG Pension Plan into the SBC Pension Plan, a rehired salaried employee who met all of the eligibility requirements set forth in the PTG Pension Plan was entitled to a monthly Cash Balance Benefit under section 4.5(b) of the PTG Pension Plan Instrument upon the employee's next termination of employment, based on allocations to the employee's cash balance account from the employee's rehire date to the Annuity Start Date that applies to the Cash Balance Benefit.  After the merger of the PTG Pension Plan into the SBC Pension Plan, and after the amendment of the SBC Pension Plan on September 28, 2001, by which the Career Average Minimum benefit ("CAM Benefit") was added to the SBC Pension Plan, the rehired employee was entitled to the Cash Balance Benefit or the CAM benefit, whichever was greater.  The particulars of those benefits, the qualifications and conditions for those benefits, and the manner of calculating those benefits, are subject to the terms of the PTG Pension Plan and SBC Pension Plan Instruments, which constitute the best evidence thereof. Except as so admitted and alleged, and to the extent the allegations of paragraph 4 of the

3

Amended Complaint vary from, or are qualified by, the terms of the PTG Pension Plan

Instrument and/or the SBC Pension Plan Instrument, Defendant denies each and every allegation

contained in paragraph 4.

5.    In answer to paragraph 5 of the Amended Complaint, Defendant admits and

alleges that salaried employees who terminated their employment on or after March 22, 1996,

and cashed out their ATB in the form of a lump sum instead of an annuity, such as Plaintiff did,

were not entitled to have that benefit "redetermined" or recalculated under section 3.4(d)(3) of

the PTG Pension Plan Instrument if they were subsequently rehired and retired again after

bridging their service.  Such employees were only entitled to a Cash Balance Benefit or, after

September 28, 2001, the greater of the Cash Balance Benefit or the CAMS benefit.  Only

employees who took their ATB in the form of an annuity were entitled to have that benefit

adjusted to reflect the employee's additional age and term of employment upon their subsequent

termination of employment.  Except as so admitted and alleged, Defendant denies each and every

allegation contained in paragraph 5 of the Amended Complaint.

6.    In answer to paragraph 6 of the Amended Complaint, Defendant denies that

Plaintiff is entitled to the requested relief set forth therein.

## JURISDICTION AND VENUE

7.    In answer to paragraph 7 of the Amended Complaint, Defendant admits that the

Court has subject matter jurisdiction under 28 U.S.C. § 1331 and ERISA § 502(a), 29 U.S.C.

§ 1132(a).

8.    In answer to paragraph 8 of the Amended Complaint, Defendant admits that the

Court has personal jurisdiction over Defendant.

9.    In answer to paragraph 9 of the Amended Complaint, Defendant admits that venue

is proper in this judicial district.

## PARTIES

10.   In answer to paragraph 10 of the Amended Complaint, Defendant admits that

Plaintiff Quiller Barnes is a former employee of Pacific Bell Telephone Company ("Pacific

Bell"), and that Pacific Bell was a Participating Company in the PTG Pension Plan.  Defendant   4

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

further admits that Plaintiff was a Participant in the PTG Pension Plan at the time of his first retirement on October 29, 1996. After his rehire on May 1, 1997, he again became a Participant in the PTG Pension Plan, and continued to be a Participant after the merger of the PTG Pension Plan into the SBC Pension Plan in 1999. Except as so admitted and alleged, Defendant denies the allegations of paragraph 10 of the Amended Complaint.

11.     In answer to paragraph 11 of the Amended Complaint, Defendant admits and alleges that the AT&T Pension Benefit Plan – Nonbargained Program, is an "employee pension benefit plan" within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(a) and is a "defined benefit plan" within the meaning of ERISA § 3(35), 29 U.S.C. § 1002(35). Defendant further admits that the PTG Pension Plan was merged into the SBC Pension Benefit Plan – Nonbargained Program (the "SBC Pension Plan") effective as of January 1, 1999. The SBC Pension Plan was subsequently renamed the AT&T Pension Benefit Plan – Nonbargained Program (the "AT&T Pension Plan") effective November 18, 2005, following the acquisition of AT&T Corp. by SBC Communications Inc. Defendant further admits that the AT&T Pension Plan is liable for all benefit obligations, if any, owed by the PTG Pension Plan to former Participants of the PTG Pension Plan. Except as so admitted and alleged, Defendant denies the allegations of paragraph 11 of the Amended Complaint.

## RELEVANT NON-PARTIES

12.     In answer to paragraph 12 of the Amended Complaint, Defendant admits and alleges that AT&T Inc. is incorporated in Delaware with its principal place of business in Dallas, Texas. Defendant further admits and alleges that AT&T Inc. was formerly known as SBC Communications Inc. until it changed its name to AT&T Inc. after its acquisition of AT&T Corp. in or about 2005. Except as so admitted and alleged, Defendant denies the allegations contained in paragraph 12 of the Amended Complaint.

13.     Defendant admits the allegations contained in paragraph 13 of the Amended Complaint.

14.     In answer to paragraph 14 of the Amended Complaint, Defendant admits and alleges that in 1996 Pacific Telesis Group was the parent company of Pacific Bell Telephone

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

5

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

Company and was the sponsor of the PTG Pension Plan.  Defendant further admits and alleges that Pacific Telesis Group merged with SBC Communications Inc. in 1997.  Except as so admitted and alleged, Defendant denies the allegations of paragraph 14 of the Amended Complaint.

**CLASS ACTION ALLEGATIONS**

15.     Paragraph 15 of the Amended Complaint sets forth the description of the class on whose behalf Plaintiff is purporting to bring this action.  It does not contain any charging allegations that call for an admission or denial, and as such Defendant neither admits nor denies any of the allegations contained in paragraph 15.

16.     In answer to paragraph 16 of the Amended Complaint, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies each of the allegations contained in paragraph 16, and specifically denies that it would be proper to certify a class herein.

17.     Defendant denies the allegations contained in paragraph 17 of the Amended Complaint and specifically denies that it would be proper to certify a class herein.

18.     Defendant denies the allegations contained in paragraph 18 of the Amended Complaint and specifically denies that it would be proper to certify a class herein.

19.     Defendant denies the allegations contained in paragraph 19 of the Amended Complaint and specifically denies that it would be proper to certify a class herein.

20.     In answer to paragraph 20 of the Amended Complaint, Defendant admits and alleges that the Plan Administrator must interpret the Plan consistently.  Except as so admitted and alleged, Defendant denies the allegations contained in paragraph 20, and specifically denies that it would be proper to certify a class herein under Rule 23(b)(1)(B).

21.     In answer to paragraph 21 of the Amended Complaint, Defendant admits and alleges that the Plan Administrator must interpret the Plan consistently.  Except as so admitted and alleged, Defendant denies the allegations contained in paragraph 21, and specifically denies that it would be proper to certify a class herein under Rule 23(b)(1)(A).

22.     In answer to paragraph 22 of the Amended Complaint, Defendant admits and

6

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

alleges that the Plan Administrator must interpret the Plan consistently.  Except as so admitted and alleged, Defendant denies the allegations contained in paragraph 22, and specifically denies that it would be proper to certify a class herein under Rule 23(b)(2).

23.   Defendant denies the allegations contained in paragraph 23 of the Amended Complaint and specifically denies that it would be proper to certify a class herein under Rule 23(b)(3).

## FACTUAL ALLEGATIONS

24.   The allegations of paragraph 24 of the Amended Complaint are so broad, vague and conclusory that Defendant cannot meaningfully respond to them, and on that basis denies each and every allegation.

**A.   The Restructuring and Workforce Reduction of PTG**

25.   The allegations of paragraph 25 of the Amended Complaint are so broad, vague and conclusory that Defendant cannot meaningfully respond to them, and on that basis denies each and every allegation.

26.   Paragraph 26 of the Amended Complaint consists of a recitation of a purported news report.  It does not contain any charging allegations which call for an admission or a denial, and as such Defendant neither admits nor denies the allegations contained in paragraph 26. Further, Defendant lacks sufficient information and belief as to whether Bloomberg, L.P. in fact issued the report cited in paragraph 26, and whether Plaintiff has accurately quoted it.

27.   In answer to paragraph 27 of the Amended Complaint, Defendant states that the 1995 PTG Form 10-K speaks for itself and is the best evidence of its contents.

28.   In answer to paragraph 28 of the Amended Complaint, Defendant lacks sufficient information and belief with respect to the allegations contained therein and on that basis denies the allegations.  Defendant further asserts that the allegations are irrelevant to the issues raised in this action.

29.   In answer to paragraph 29 of the Amended Complaint, Defendant lacks sufficient information and belief with respect to the allegations contained therein and on that basis denies the allegations, except that Defendant admits that Plaintiff's employment by Pacific Bell

7

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

Telephone Company terminated on October 29, 1996, and that at the time of the termination Plaintiff was a Participant in the PTG Pension Plan.

30.      In answer to paragraph 30 of the Amended Complaint, Defendant lacks sufficient information and belief with respect to the allegations contained therein and on that basis denies the allegations.

31.      In answer to paragraph 31 of the Amended Complaint, Defendant lacks sufficient information and belief with respect to the allegations contained therein and on that basis denies the allegations, except that Defendant admits that Plaintiff was rehired by Pacific Bell Telephone Company on May 1, 1997.

32.      In answer to paragraph 32 of the Amended Complaint, Defendant lacks sufficient information and belief with respect to the allegations contained therein and on that basis denies the allegations, except that Defendant admits that Plaintiff again became a Participant in the PTG Pension Plan after his rehire.

**B.      Pacific Telesis Group Cash Balance Plan**

33.      In answer to paragraph 33 of the Amended Complaint, Defendant states that the 1996 PTG Form 10-K speaks for itself and is the best evidence of its contents.

34.      In answer to paragraph 34 of the Amended Complaint, Defendant states that the 1996 PTG Form 10-K speaks for itself and is the best evidence of its contents.  In further response, Defendant admits that effective July 1, 1996, the PTG Pension Plan was amended to change from a "final pay" defined pension benefit plan to a "cash balance" defined pension benefit plan.

35.      In answer to paragraph 35 of the Amended Complaint, Defendant admits and alleges that prior to the institution of the Cash Balance Benefit, Participants under the PTG Pension Plan generally were entitled to receive pension benefits based on certain age and service criteria.  Except as so admitted and alleged, Defendant denies the allegations of paragraph 35 of the Amended Complaint.

36.      In answer to paragraph 36 of the Amended Complaint, Defendant states that the 1996 PTG Form 10-K speaks for itself and is the best evidence of its contents.

8

37.     The allegations of paragraph 37 of the Amended Complaint are so broad, vague and conclusory that Defendant cannot meaningfully respond to them, and on that basis denies each and every allegation.

38.     In answer to paragraph 38 of the Amended Complaint, Defendant admits that, effective July 1, 1996, the service pension formula of the PTG Pension Plan was replaced with the cash benefit formula, under which salaried employees generally were entitled to receive a Cash Balance Benefit or an ATB, whichever was greater.  In further response, Defendant states that the publication entitled "*Important Changes to Your Pension Benefits*" (the "PTG Pension Plan Booklet"),  speaks for itself and is the best evidence of its contents, and denies the allegations of paragraph 38 to the extent they are contrary to the contents of the PTG Pension Plan Booklet.

39.     In answer to paragraph 39 of the Amended Complaint, Defendant states that the PTG Pension Plan Booklet speaks for itself and is the best evidence of its contents.  To the extent Plaintiff's allegations are contrary to the contents of the PTG Pension Plan Booklet, Defendant denies the allegations.

40.     In answer to paragraph 40 of the Amended Complaint, Defendant states that the PTG Pension Plan Booklet speaks for itself and is the best evidence of its contents.  To the extent Plaintiff's allegations are contrary to the contents of the PTG Pension Plan Booklet, Defendant denies the allegations.

41.     In answer to paragraph 41 of the Amended Complaint, Defendant states that the PTG Pension Plan Booklet speaks for itself and is the best evidence of its contents.  To the extent Plaintiff's allegations are contrary to the contents of the PTG Pension Plan Booklet, Defendant denies the allegations.

**C.     The PTG Pension Plan Benefit Binder**

42.     In answer to paragraph 42 of the Amended Complaint, Defendant admits and alleges that in or about June or July 1996, a binder entitled "Benefits 90's, Summary Plan Descriptions – July 1996," (the "PTG Benefits Binder") was distributed to employees of Pacific Bell, containing summary plan descriptions of some or all of the benefit plans offered to

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

9

employees of various PTG Companies.  Except as so admitted and alleged, Defendant denies the allegations of paragraph 42.

43.     In answer to paragraph 43 of the Amended Complaint, Defendant states that the PTG Benefits Binder speaks for itself and is the best evidence of its contents.  To the extent Plaintiff's allegations are contrary to the contents of the PTG Benefits Binder, Defendant denies the allegations.

44.     In answer to paragraph 44 of the Amended Complaint, Defendant admits and alleges that Tab 10 of the PTG Benefits Binder contains a Summary Plan Description ("SPD") of the Pacific Telesis Group Cash Balance Pension Plan For Salaried Employees as of July 1996.  Except as so admitted and alleged Defendant denies the allegations of paragraph 44 of the Amended Complaint.

45.     In answer to paragraph 45 of the Amended Complaint, Defendant states that the PTG Benefits Binder speaks for itself.  To the extent Plaintiff's allegations are contrary to the contents of the PTG Benefits Binder, Defendant denies the allegations.

46.     In answer to paragraph 46 of the Amended Complaint, Defendant states that the PTG Benefits Binder speaks for itself.  To the extent Plaintiff's allegations are contrary to the contents of the PTG Benefits Binder, Defendant denies the allegations.

**D.     The Applicable Provisions of the Official Plan Document:  The 1996 Pacific Telesis Group Cash Balance Plan, Effective July 1, 1996**

47.     In answer to paragraph 47 of the Amended Complaint, Defendant admits that one of the PTG Pension Plan documents is the document entitled "Pacific Telesis Group Cash Balance Pension Plan for Salaried Employees," (the "PTG Pension Plan Instrument") produced in this action as document ATTP001578-1672.  In addition, a copy of the PTG Pension Plan Instrument as amended through December 31, 1998, has been produced in this action as document ATTP001673-1781.   Except as so admitted and alleged, Defendant denies the allegations of paragraph 47 of the Amended Complaint.

48.     In answer to paragraph 48 of the Amended Complaint, Defendant admits and alleges that the PTG Pension Plan Instrument and the PTG Pension Plan SPD, individually and

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

10

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

read together, explain the benefits available to Participants of the PTG Pension Plan and how the benefits are calculated.  Except as so admitted and alleged, Defendant denies the allegations of paragraph 48 of the Amended Complaint.

49.     The allegations of paragraph 49 of the Amended Complaint are so broad, vague and conclusory that Defendant cannot meaningfully respond to them, and on that basis denies each and every allegation.  The benefits available to employees under the PTG Pension Plan are generally governed by all of the terms of the Plan documents, including the Plan Instrument and the Plan SPD.

50.     In answer to paragraph 50 of the Amended Complaint, Defendant states that the terms of section 3.4(d) of the PTG Pension Plan Instrument speak for themselves and are the best evidence of the terms.  Except as so admitted and alleged Defendant denies the allegations of paragraph 50 of the Amended Complaint, and denies the allegations to the extent that they are contrary to the terms of the PTG Pension Plan Instrument.

51.     In answer to paragraph 51 of the Amended Complaint, Defendant admits that section 5.2 of the PTG Pension Plan Instrument sets forth the Early Payment Discount which is referenced in section 3.4(d)(3)(x) of the PTG Pension Plan Instrument.

52.     In answer to paragraph 52 of the Amended Complaint, Defendant admits that, under section 5.2 of the PTG Pension Plan Instrument, the ATB potentially was subject to an early payment discount based on the Participant's age and Term of Employment.  Except as so admitted and alleged, and to the extent the allegations of paragraph 52 of the Amended Complaint vary from, or are qualified by, the terms of the PTG Pension Plan, Defendant denies each and every allegation contained in paragraph 52.

53.     In answer to paragraph 53 of the Amended Complaint, Defendant admits and alleges that under section 3.4(d)(3)(x) of the PTG Pension Plan Instrument, in order for a rehired employee to have his or her ATB monthly *annuity* adjusted to reflect the employee's age and Term of Employment at the employee's next termination of employment, the employee's service had to be "bridged" under section 7.4(a) of the PTG Pension Plan Instrument.  Except as so admitted and alleged, Defendant denies the allegations of paragraph 53 of the Amended

11

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

Complaint, and specifically denies that under the terms of section 3.4(d)(3)(x) rehired employees such as Plaintiff who cashed out their prior ATB benefit in a lump sum as opposed to taking it in the form of a monthly annuity were entitled to an adjusted or "redetermined" ATB.  Section 3.4(a) of the PTG Pension Plan Instrument and section 10-30 of the PTG Pension Plan SPD clearly provide that they are not so entitled.

54.     In answer to paragraph 54 of the Amended Complaint, Defendant states that the terms of section 7.4 of the PTG Pension Plan Instrument speak for themselves and are the best evidence of the terms.  Except as so admitted and alleged Defendant denies the allegations of paragraph 54 of the Amended Complaint, and denies the allegations to the extent that they are contrary to the terms of the PTG Pension Plan Instrument.

55.     Defendant denies the allegations of paragraph 55 of the Amended Complaint and specifically denies that the provisions of section 3.4(d)(3)(x) of the PTG Pension Plan applies to employees who cashed out their prior ATB in the form of a lump sum, or that the provisions of section 3.4(d)(3)(x) call for an adjusted or redetermined lump sum ATB, both of which the allegations of paragraph 55 implicitly assume, and both of which are contradicted by section 3.4(a) of the PTG Pension Plan Instrument and section 10-30 of the PTG Pension Plan SPD.

56.     In answer to paragraph 56 of the Amended Complaint, Defendant states that the terms of section 3.13 of the PTG Pension Plan Instrument speak for themselves.  Except as so averred, Defendant denies the allegations of paragraph 56, and specifically denies that the provisions of section 3.4(d)(3)(x) of the PTG Pension Plan Instrument applies to employees who cashed out their prior ATB in the form of a lump sum, or that the provisions of section 3.4(d)(3)(x) call for an adjusted or redetermined lump sum ATB, both of which paragraph 56 implicitly assume, and both of which are contradicted by section 3.4(a) of the PTG Pension Plan Instrument and section 10-30 of the PTG Pension Plan SPD.  In further response to paragraph 56, Defendant avers that section 3.13 of the PTG Pension Plan Instrument sets forth the manner in which a rehired employee's benefit will be calculated and offset for any prior cashouts.  It does not provide or imply that an employee who previously took his or her ATB as a lump sum payment will have that lump sum payment adjusted or redetermined under section 3.4(d)(3)(x).  12

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

57.     In answer to paragraph 57 of the Amended Complaint, Defendant repeats and realleges its denials, admissions and allegations made in response to paragraph 50 of the Amended Complaint, for which paragraph 57 appears to be duplicative.  Defendant denies the allegations to the extent they are contrary to the provisions of the PTG Pension Plan and specifically denies that the PTG Pension Plan calls for an adjustment or redetermination of an employee's ATB that previously was cashed out in the form of a lump sum payment.

58.     Defendant admits the allegations contained in paragraph 58 of the Amended Complaint.

59.     In answer to paragraph 59 of the Amended Complaint, Defendant admits and avers that the terms of the executive resolution speak for themselves and are the best evidence of their contents.  Except as so admitted and averred, Defendant denies the allegations of paragraph 59 and denies the allegations to the extent that they are contrary to the terms of the executive resolution, and further denies that the quoted portion of the executive resolution in any way implies that an employee rehired between March 22, 1996 and October 31, 1997, who previously cashed out his or her ATB in the form of a lump sum payment was entitled to have that benefit redetermined at the next termination of employment.  The resolution refers to "the benefit *frozen* at the rehire date," *i.e.,* the monthly annuity that is suspended.  After a cash-out, there is nothing left to be "frozen" at rehire.

**E.     The Plaintiff's First Term of Employment With Pacific Bell from 1973 to 1996.**

60.     Defendant admits the allegations contained in paragraph 60 of the Amended Complaint.

61.     Defendant presently lacks sufficient information and belief as to the authenticity of the documents referenced in paragraph 61 of the Amended Complaint and on that basis denies the allegations contained in paragraph 61 of the Amended Complaint.

62.     Defendant presently lacks sufficient information and belief as to the authenticity of the documents referenced in paragraph 62 of the Amended Complaint and on that basis denies the allegations contained in paragraph 62 of the Amended Complaint.

63.     Defendant presently lacks sufficient information and belief as to the authenticity 13

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1    of the documents referenced in paragraph 63 of the Amended Complaint and on that basis denies

2    the allegations contained in paragraph 63 of the Amended Complaint.

3        64.      Defendant admits the allegations contained in paragraph 64 of the Amended

4    Complaint, and admits that Plaintiff elected to cash out his ATB and take a lump sum in the

5    amount of $309,878.38 after his first retirement on October 29, 1996.

6    **F.**     **Plaintiff's Second Term of Employment With Pacific Bell and SBC**

7        65.      Defendant admits the allegations contained in paragraph 65 of the Amended

8    Complaint.

9        66.      In answer to paragraph 66 of the Amended Complaint, Defendant admits that

10   Plaintiff was sent a Statement of Pension Benefits dated July 31, 1997, which was produced in

11   this action as document ATTP00193-194.  The contents of the Statement speak for themselves

12   and are the best evidence thereof.  Defendant denies the allegations contained in paragraph 66 of

13   the Amended Complaint to the extent that they vary from or are contrary to the Statement of

14   Pension Benefits.  In further response to paragraph 66, Defendant avers that the ATB estimate

15   contained in the 7/31/97 Statement is erroneous and did not take into account Plaintiff's prior

16   cash-out of the ATB.  The 7/31/97 Statement was the first in a series of statements that failed to

17   take into account Plaintiff's cash-out, an error that was corrected in or about October 2000.

18       67.      In answer to paragraph 67 of the Amended Complaint, Defendant admits that

19   Plaintiff was sent quarterly Statements of Pension Benefits up through December 31, 1998,

20   produced in this action as documents ATTP00193-205.  The contents of the Statements speak for

21   themselves and are the best evidence thereof.  Defendant denies the allegations contained in

22   paragraph 67 of the Amended Complaint to the extent that they vary from or are contrary to the

23   Statements of Pension Benefits.  In further response to paragraph 67, Defendant avers that the

24   ATB estimates contained in the Statements were erroneous because they did not take into account

25   Plaintiff's prior cash-out of the ATB.

26       68.      In answer to paragraph 68 of the Amended Complaint, Defendant admits that

27   Plaintiff was sent two SBC Savings Plan/SBC Pension Benefit Plan Account Statements for the

28   periods 12/31/98 – 3/31/99 and 3/31/99 – 6/30/99, produced in this action as documents    14

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1   ATTP00207-222.  The contents of the Statements speak for themselves and are the best evidence

2   thereof.  Defendant denies the allegations contained in paragraph 68 of the Amended Complaint

3   to the extent that they vary from or are contrary to the Statements.  In further response to

4   paragraph 68, Defendant avers that the ATB estimates contained in the Statements were

5   erroneous because they did  not take into account Plaintiff's prior cash-out of the ATB.

6   69.     In answer to paragraph 69 of the Amended Complaint, Defendant admits that

7   Plaintiff was sent a Pension Benefit Calculation Summary dated October 2, 2000, produced in

8   this action as document ATTP00223-224.  The contents of the Summary speak for themselves

9   and are the best evidence thereof.  Defendant denies the allegations contained in paragraph 69 of

10  the Amended Complaint to the extent that they vary from or are contrary to the Summary.  In

11  further response to paragraph 69, Defendant avers that the ATB estimate contained in the

12  Summary was erroneous because it did not take into account Plaintiff's prior cash-out of the

13  ATB.  This error was corrected in a second summary dated October 2, 2000, (produced in this

14  action as document ATTP00225-226) and, to the best of Defendant's information and belief, in

15  all other pension estimate statements or summaries issued thereafter.

16  70.     Defendant admits the allegations contained in paragraph 70 of the Amended

17  Complaint.

18  71.     In answer to paragraph 71 of the Amended Complaint, Defendant admits and

19  alleges that after the merger of the PTG Pension Plan into the SBC Pension Plan in 1999, all

20  benefits accrued under the provisions of the PTG Pension Plan prior to January 1, 1999, and

21  transferred to the SBC Pension Plan effective January 1, 1999, continued to be  governed, with

22  respect to current employees, under the provisions of the PTG Pension Plan in effect as of

23  December 31, 1998, as set forth in Supplement 1, section 1.5 of the SBC Pension Plan.  Except as

24  so admitted and alleged, Defendant denies the allegations of paragraph 71 and denies the

25  allegations to the extent that they vary from, or are inconsistent with, the terms of the

26  SBC Pension Plan.

27  72.     In answer to paragraph 72 of the Amended Complaint, Defendant avers that

28  Supplement 1 to the SBC Pension Plan speak for itself and is the best evidence of the terms       15

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

thereof.  To the extent Plaintiff's allegations are contrary to the terms of Supplement 1, Defendant denies the allegations.

73.     In answer to paragraph 73 of the Amended Complaint, Defendant avers that Section 1.5 of Supplement 1 to the SBC Pension Plan speaks for itself and is the best evidence of the terms thereof.  To the extent Plaintiff's allegations are contrary to the terms of Section 1.5 of Supplement 1, Defendant denies the allegations.

**G.     Plaintiff's Bridged Service**

74.     Defendant admits the allegations contained in paragraph 74 of the Amended Complaint.

75.     In answer to paragraph 75 of the Amended Complaint, Defendant admits and alleges that Plaintiff was sent a document entitled "Notice of Dates Established For Continuous Service And Net Credited Service," a copy of which was produced herein as document ATTP00192.  The contents of the Notice speak for themselves and are the best evidence thereof. Defendant denies the allegations of paragraph 75 to the extent that they vary from or are contrary to the contents of the Notice.

76.     In answer to paragraph 76 of the Amended Complaint, Defendant admits that document ATTP00083-86 contains an entry dated 01/11/02 that says Plaintiff contacted the SBC Pension and Savings Plan Service Center with questions regarding bridging his service and was advised that he would have to work five continuous years in order for previous service to be bridged.

77.     In answer to paragraph 77 of the Amended Complaint Defendant admits that Plaintiff was sent an NCS Memorandum dated June 5, 2002, that reflected a "Net Credited Service Date" of July 17, 1973.  Defendant denies that this date was Plaintiff's effective net credited service date as of June 5, 2002.  As Plaintiff admits and alleges in paragraphs 78 and 79 of his Amended Complaint, Plaintiff did not bridge his prior service until October 29, 2002, at which point his net credited service date became July 15, 1973.

78.     In answer to paragraph 78 of the Amended Complaint, Defendant admits that Plaintiff bridged his service on October 29, 2002.  The effect of the bridging on Plaintiff's

16

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

pension benefits is controlled by the terms of the relevant pension plan, and Defendant denies the allegations of paragraph 78 to the extent that they vary from or are inconsistent with any of the terms.

79.     Defendant admits the allegations contained in paragraph 79 of the Amended Complaint.

## EXHAUSTION

**A.     Plaintiff's Request for an ATB Pension Benefit**

80.     In answer to paragraph 80 of the Amended Complaint, Defendant admits that document ATT00083-86 contains an entry dated 08/08/03 indicating that Plaintiff "called to request a manual calculation of his benefit with December 30, 2003 as his date of separation. Mr. Barnes also wanted to know if his ATB was frozen and that he was due to receive that benefit after his previous service was bridged." Except as so admitted, Defendant denies the allegations contained in paragraph 80 of the Amended Complaint.

81.     In answer to paragraph 81 of the Amended Complaint, Defendant states that the CAM Retirement Calculation Summary dated September 9, 2003 speaks for itself. Defendant denies the allegations contained in paragraph 81 to the extent that they vary from or are contrary to the contents of the Retirement Calculation Summary.

82.     In answer to paragraph 82 of the Amended Complaint, Defendant admits and alleges that the Retirement Calculation Summary did not include a reference to, or a calculation of, a "redetermined" or adjusted ATB because Plaintiff was not entitled to an adjusted ATB because he previously cashed out his ATB as a lump sum. Except as so admitted and alleged, Defendant denies the allegations contained in paragraph 82 of the Amended Complaint and specifically denies that Plaintiff was entitled to an adjusted or redetermined ATB under section 3.4(d)(3)(x) of the PTG Pension Plan.

83.     In answer to paragraph 83 of the Amended Complaint, Defendant admits and alleges that the CAM Benefit was added to the SBC Pension Plan on or about September 28, 2001, and that the CAM Benefit had not previously existed under the PTG Pension Plan. Except as so admitted and alleged, Defendant denies the allegations contained in paragraph 83 of the

17

Amended Complaint.

84.     In answer to paragraph 84 of the Amended Complaint, Defendant admits and alleges that on or about September 28, 2001, the SBC Pension Plan was amended and the Updated Career Average Minimum or "CAM" Benefit pension formula was added to the Plan. Defendant further admits and alleges that in January 2005 the SBC Pension Plan was amended whereby, *inter alia*, the Cash Balance Benefit was frozen except for future interest credits.  The terms of these amendments speak for themselves and are the best evidence thereof.  Except as so admitted and alleged, Defendant denies the allegations of paragraph 84 and further denies them to the extent they vary from or are contrary to, the terms of the foregoing amendments.

85.     In answer to paragraph 85 of the Amended Complaint, Defendant avers that the terms of the SMM circulated in or about November 2004 speak for themselves.  To the extent that the allegations of paragraph 85 are contrary to those terms, Defendant denies the allegations of paragraph 85.

86.     In answer to paragraph 86 of the Amended Complaint, Defendant avers that the terms of the SMM circulated in or about November 2004 speak for themselves.  To the extent that the allegations of paragraph 86 are contrary to those terms, Defendant denies the allegations of paragraph 86.

87.     In answer to paragraph 87 of the Amended Complaint, Defendant admits that the CAM benefit estimate contained in the CAM Retirement Calculation Summary provided to Plaintiff on or about September 9, 2003, was less than the ATB estimates which Plaintiff had received between June 30, 1997, and October 2, 2000.  The ATB estimates were erroneous and did not take into account Plaintiff's prior cash-out of his ATB.  This error was corrected in or about October, 2000, and to the best of Defendant's information and belief, no further benefit estimate statements were sent to Plaintiff containing an estimated ATB.  Except as so admitted and alleged, Defendant denies the allegations of paragraph 87.

88.     In answer to paragraph 88 of the Amended Complaint, Defendant admits that Plaintiff's legal counsel sent a letter dated December 8, 2003, to the SBC Pension and Savings Plan Service Center concerning the calculation of Plaintiff's retirement benefits.  The contents

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

18

of the letter speak for themselves and are the best evidence thereof.  Defendant denies the

allegations of paragraph 88 to the extent they are contrary to the contents of the letter, and

specifically denies that Plaintiff or any of his attorneys at any time prior to the filing of his

motion to amend his complaint herein ever questioned or suggested that he was entitled to an

adjusted or "redetermined" ATB.  From the beginning and throughout the administrative process,

Plaintiff's claim was always based upon his belief that he was entitled to a second, full ATB

based upon the erroneous pension benefit statements, as opposed to a recalculation,

"redetermination" or adjusted ATB.  At no time did Plaintiff or any of his three prior attorneys

ever reference or mention a "redetermined" ATB, and no such claim was ever considered,

determined or exhausted.

89.     In answer to paragraph 89 of the Amended Complaint, Defendant admits and

avers that Plaintiff sent a letter to the SBC Pension Service Center dated May 5, 2004, wherein he

claimed he was entitled to a full, second ATB based on the erroneous pension estimate

statements.  Except as so admitted and averred, Defendant denies each and every allegation

contained in paragraph 89 of the Amended Complaint.

90.     In answer to paragraph 90 of the Amended Complaint, Defendant admits and

alleges that Plaintiff terminated his employment with Pacific Bell Telephone Company on June

25, 2004, and elected to receive a lump sum payment of $75,203.40 for his CAM benefit.  Except

as so admitted and alleged, Defendant denies each and every allegation contained in paragraph 90

of the Amended Complaint.

91.     Defendant admits the allegations contained in paragraph 91 of the Amended

Complaint.  Further, with respect to the footnote contained in paragraph 91, Defendant states that

the terms surrounding the Special ATB speak for themselves, and Defendant denies the

allegations contained in the footnote to the extent that they are contrary to such terms.

92.     Defendant denies the allegations contained in paragraph 92 of the Amended

Complaint and specifically denies that Plaintiff was entitled to a "redetermined" or adjusted ATB

upon his second termination of employment.

//

19

AMENDED ANSWER OF DEFENDANT AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM
TO PLAINTIFF'S AMENDED COMPLAINT  (Case No. CV 08-04058 MHP)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

**B.**     **The Procedures for Reviewing A Benefit Determination Under the PTG Pension Plan and the Successor SBC Pension Plan**

93.     In answer to paragraph 93 of the Amended Complaint, Defendant states that the law speaks for itself and denies the allegations of paragraph 93 to the extent that they are contrary to or inconsistent with such laws.

94.     Defendant admits the allegations contained in paragraph 94 of the Amended Complaint.

95.     In answer to paragraph 95 of the Amended Complaint, Defendant states that the law and regulations speak for themselves and denies the allegations of paragraph 95 to the extent they are contrary to or inconsistent with such laws and regulations.

96.     Defendant admits the allegations contained in paragraph 96 of the Amended Complaint.

**C.**     **The Denial of Plaintiff's Request for Benefits**

97.     Defendant admits the allegations contained in paragraph 97 of the Amended Complaint.

98.     Defendant denies the allegations contained in paragraph 98 of the Amended Complaint.

99.     Defendant admits the allegations contained in paragraph 99 of the Amended Complaint.

100.     In answer to paragraph 100 of the Amended Complaint, Defendant states that the contents of the Claim Denial Letter speak for themselves and are the best evidence of the contents.  Defendant denies the allegations of paragraph 100 to the extent that they are inconsistent with or contrary to the terms of the letter.

101.     Defendant admits the allegations contained in paragraph 101 of the Amended Complaint.

102.     Defendant presently lacks sufficient information and belief as to the review process that was employed by Mellon HR Solutions (dba the SBC Pension and Savings Plan Center) with respect to Plaintiff's claim and whether or not the review was limited to the sections quoted in paragraph 101 of the Amended Complaint or whether it also included the Center's

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
FAX (415) 357-4605
(415) 357-4600

20

experience with the PTG Pension Plan in general and/or with the administration of the ATB in particular, or otherwise.  Based on this lack of sufficient information and belief, Defendant denies the allegations contained in paragraph 102 of the Amended Complaint.

103.    In answer to paragraph 103 of the Amended Complaint, Defendant admits and alleges that the references in the November 11, 2004, Claim Denial Letter to sections 10-20, 10-21 and 10-30 are references to the July, 1996 Summary Plan Description of the PTG Pension Plan, and are not quotations from the PTG Pension Plan Instrument.  Except as so admitted and alleged, Defendant denies the allegations of paragraph 103 of the Amended Complaint.

104.    In answer to paragraph 104 of the Amended Complaint, Defendant admits and alleges that the references in the November 11, 2004, Claim Denial Letter to sections 10-20, 10-21 and 10-30 are references to the July, 1996 Summary Plan Description of the PTG Pension Plan, which was part of the PTG Benefits Binder.  In further response, and as stated in response to paragraph 102 above, Defendant is without sufficient information as to the review process that was employed by Mellon HR Solutions (dba the SBC Pension and Savings Plan Center) with respect to Plaintiff's claim and whether or not the review was limited to the SPD sections quoted above, and on that basis denies that the review was limited as alleged.

105.    In answer to paragraph 105 of the Amended Complaint, Defendant admits and alleges that the November 11, 2004, Claim Denial Letter did not quote any provisions of the PTG Pension Plan Instrument.  Except as so admitted and alleged, Defendant denies the allegations of paragraph 105 of the Amended Complaint, and specifically denies that the citations in the letter to the SPD provisions were inadequate or not compliant with the relevant statutes and regulations.

106.    In answer to paragraph 106 of the Amended Complaint, Defendant admits that Plaintiff has accurately quoted a portion of the Claim Denial Letter, but Defendant avers that the entire letter must be read in context with respect to the calculation of Plaintiff's benefits.

107.    The allegations of paragraph 107 of the Amended Complaint are so broad, vague and conclusory, and further make reference to Class members whom have not yet been identified and whose circumstances are not yet known, such that Defendant cannot meaningfully respond

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

AMENDED ANSWER OF DEFENDANT AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM TO PLAINTIFF'S AMENDED COMPLAINT  (Case No. CV 08-04058 MHP)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1    to the allegations, and on that basis denies each and every allegation.

2        108.    In answer to paragraph 108 of the Amended Complaint, Defendant admits and

3    alleges that Plaintiff's pension benefit for his second retirement on June 25, 2004, was based on

4    the CAM formula.  Except as so admitted and alleged, Defendant denies the allegations of

5    paragraph 108 and specifically denies that Plaintiff was entitled to an adjusted or "redetermined"

6    ATB upon his second termination of employment.

7    **D.    Plaintiff's Appeal of the Denial of Benefits**

8        109.    In answer to paragraph 109 of the Amended Complaint, Defendant admits and

9    alleges that a letter dated January 18, 2005, from the Law Offices of Dorothy Taylor Cobb was

10   sent to the SBC Pension Service Center appealing the denial of Plaintiff's claim for a second

11   ATB based on the erroneous pension benefit estimate statements.  Defendant is without

12   knowledge as to the date upon which the letter was actually sent.

13       110.    Defendant admits the allegations contained in paragraph 110 of the Amended

14   Complaint.

15       111.    Defendant admits the allegations contained in paragraph 111 of the Amended

16   Complaint.

17       112.    Defendant denies the allegations contained in paragraph 112 of the Amended

18   Complaint.

19       113.    Defendant admits the allegations contained in paragraph 113 of the Amended

20   Complaint.

21       114.    In answer to paragraph 114 of the Amended Complaint, Defendant admits that

22   Plaintiff has exhausted his administrative remedies with respect to the claim set forth in his letter

23   dated May 5, 2004, *i.e.,* that he was entitled to a second, full ATB based on the erroneous pension

24   benefit statements.  Defendant denies that Plaintiff has exhausted his administrative remedies

25   with respect to any other claim or any other benefit, including his new claim for a "redetermined"

26   ATB.

27       115.    In answer to paragraph 115 of the Amended Complaint, Defendant admits that a

28   copy of the Appeal Denial Letter was provided to attorney Ronald Roy Johnson, Jr. as part of    22

Defendant's Rule 26(a) disclosures herein.  Except as so admitted, Defendant lacks sufficient information and belief with respect to the allegations contained in paragraph 115 of the Amended Complaint and on that basis denies the allegations.

116.   In answer to paragraph 116 of the Amended Complaint, Defendant admits and alleges that the Appeal Denial Letter references sections 10-20, 10-21 and 10-30 of the July 1996 Summary Plan Description of the PTG Pension Plan, which in turn are based upon the provisions of the PTG Pension Plan Instrument.  The letter also makes reference to the terms of the PTG Pension Plan.  The denial of Plaintiff's appeal was based upon the terms of the PTG Pension Plan, as summarized in the SPD, and further upon the long-standing interpretation and administration of the PTG Pension Plan and the ATB.  Except as so admitted, Defendant denies the allegations contained in paragraph 116 of the Amended Complaint.

117.   In answer to paragraph 117 of the Amended Complaint, Defendant avers that the Appeal Denial Letter speaks for itself and must be read as a whole.  Defendant denies the allegations of paragraph 117 to the extent they are contrary to the contents of the letter, or attempt to characterize a single portion of the letter.

118.   In answer to paragraph 118 of the Amended Complaint, Defendant avers that the terms of the PTG Pension Plan, the SBC Pension Plan and 29 C.F.R. § 2560.503-1(j)(2) speak for themselves.  Defendant denies the allegations of paragraph 118 to the extent that they are contrary to or inconsistent with any of those provisions.

119.   Defendant denies the allegations contained in paragraph 119 of the Amended Complaint.

120.   Defendant denies the allegations contained in paragraph 120 of the Amended Complaint.

121.   Defendant denies the allegations contained in paragraph 121 of the Amended Complaint.

122.   Defendant denies the allegations contained in paragraph 122 of the Amended Complaint.

123.   Defendant denies the allegations contained in paragraph 123 of the Amended

23

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

Complaint.

**COUNT I**

**FAILURE TO PROVIDE ADEQUATE NOTICE OF SPECIFIC REASONS
FOR THE DENIAL OF BENEFITS IN VIOLATION OF ERISA § 503(1) & THE TERMS
OF THE PLAN**

124.    In answer to paragraph 124 of the Amended Complaint, Defendant repeats and incorporates herein by reference all of the admissions, denials, allegations averments and statements made in response to paragraphs 1 through 123 of the Amended Complaint.

125.    In answer to paragraph 125 of the Amended Complaint, Defendant admits that Plaintiff has quoted a portion of ERISA § 503(1), 29 U.S.C. § 1133(1).

126.    In answer to paragraph 126 of the Amended Complaint, Defendant admits that Plaintiff has quoted a portion of 29 C.F.R. § 2560.503-1.

127.    In answer to paragraph 127 of the Amended Complaint, Defendant avers that the terms of section 13.4(b)(2) of the PTG Pension Plan speak for themselves and are the best evidence of the terms.  Defendant denies Plaintiff's allegations to the extent they vary from or are inconsistent with those terms.

128.    Defendant admits the allegations contained in paragraph 128 of the Amended Complaint.

129.    In answer to paragraph 129 of the Amended Complaint, there are no charging allegations calling for an admission or a denial.  Rather, paragraph 129 consist of a legal assertion or a legal contention or a legal conclusion on the part of Plaintiff (it is not clear which).  As such, Defendant neither admits nor denies the allegations contained in paragraph 129.

130.    In answer to paragraph 130 of the Amended Complaint, there are no charging allegations calling for an admission or a denial.  Rather, paragraph 130 consist of a legal assertion or a legal contention or a legal conclusion on the part of Plaintiff (it is not clear which).  As such, Defendant neither admits nor denies the allegations contained in paragraph 130.

131.    Defendant denies the allegations contained in paragraph 131 of the Amended Complaint.

**L A F A Y E T T E  &  K U M A G A I  L L P**
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

AMENDED ANSWER OF DEFENDANT AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM
TO PLAINTIFF'S AMENDED COMPLAINT  (Case No. CV 08-04058 MHP)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

132.     Defendant denies the allegations contained in paragraph 132 of the Amended Complaint.

## COUNT II

## CLAIM FOR BENEFITS PURSUANT TO ERISA § 502(A)(1)(B)

133.     In answer to paragraph 133 of the Amended Complaint, Defendant repeats and incorporates herein by reference all of the admissions, denials, allegations averments and statements made in response to paragraphs 1 through 132 of the Amended Complaint.

134.     In answer to paragraph 134 of the Amended Complaint, Defendant admits that Plaintiff has quoted a portion of ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

135.     In answer to paragraph 135 of the Amended Complaint, Defendant admits and alleges that a Participant of the PTG Pension Plan who terminated his or her employment with a Participating Company on or after March 22, 1996, and had not reached the age of 55 or did not have 30 years of service, but qualified for the ATB, was potentially subject to an ATB discount. Defendant further admits and alleges that in the event such an employee was rehired by a Participating Company more than 6 months after the employee's termination but prior to October 31, 1997, and bridged his or her service by working five more years, the employee potentially was eligible to have his or her ATB *annuity* – but not lump sum – adjusted to reflect the employee's age and term of employment at the employee's next termination.  Except as so admitted and alleged, Defendant denies the allegations contained in paragraph 135 and specifically denies that rehired employees who cashed out their ATB as a lump sum payment, such as Plaintiff, were entitled to have the ATB later adjusted and receive an additional payment based thereon.

136.     In answer to paragraph 136 of the Amended Complaint, Defendant admits and alleges that under the PTG Pension Plan employees who retired on or after March 22, 1996 and subsequently were rehired more than 6 months after the employee's termination but on or before October 31, 1997, were eligible to receive a Cash Balance Benefit based upon the allocations to the employee's cash balance account from the date of rehire to the date of the Annuity Start Date, as that term is defined in the PTG Pension Plan, and assuming that the employee met all

25

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

eligibility requirements under the PTG Pension Plan.  Defendant further admits and alleges that after the PTG Pension Plan was merged into the SBC Pension Plan in 1999, and after the CAM Benefit was added to the SBC Pension Plan in 2001, rehired employees were entitled to receive whichever benefit was greater – the Cash Balance Benefit or the CAM Benefit -- assuming they met all eligibility requirements.  Except as so admitted and alleged, Defendant denies the allegations of paragraph 136 and specifically denies that rehired employees who, like Plaintiff, cashed out their ATB as a lump sum payment were entitled to later have the ATB adjusted and receive an additional payment based thereon.

137.    In answer to paragraph 137 of the Amended Complaint, Defendant admits and alleges that under section 3.4(d)(3) of the PTG Pension Plan, and after the introduction of the CAM Benefit in 2001, employees who retired on or after March 22, 1996, and took their ATB in the form of a monthly *annuity* and subsequently were rehired on or before October 31, 1997, and thereafter bridged their service, were eligible to receive (i) a Cash Balance Benefit or a CAM Benefit, whichever was greater, and (ii) a monthly ATB annuity adjusted to reflect the Employee's age and Term of Employment at the Employee's next Termination of Employment. Except as so admitted and alleged, Defendant denies the allegations of paragraph 137 of the Amended Complaint and specifically denies that rehired employees who cashed out their ATB as a lump sum payment, such as Plaintiff, were entitled to later have the ATB adjusted and receive an additional payment based thereon.

138.    In answer to paragraph 138 of the Amended Complaint, Defendant admits that Plaintiff was not given a "redetermined" ATB because he elected to cash out his ATB as a lump sum payment and therefore was not eligible for a "redetermined" ATB.  Instead, Plaintiff only received the greater of his Cash Balance Benefit or the CAM benefit, which in his case was the CAM Benefit.  Defendant further admits and alleges, based on information and belief, that other similarly situated employees who elected to cash out their ATB's as a lump sum payment likewise were ineligible and did not receive a "redetermined" ATB upon a subsequent Termination of Service.  Except as so admitted and alleged, Defendant denies the allegations of paragraph 138 of the Amended Complaint and specifically denies that Plaintiff or any other

26

employee who took his or her ATB in the form of a lump sum cashout was subsequently eligible for a "redetermined" ATB under section 3.4(d) of the PTG Pension Plan.

139.    Defendant denies the allegations contained in paragraph 139 of the Amended Complaint.

140.    Defendant denies the allegations contained in paragraph 140 of the Amended Complaint.

## COUNT III

## VIOLATION OF THE ANTI CUTBACK PROVISION OF ERISA § 204(G)

141.    In answer to paragraph 141 of the Amended Complaint, Defendant repeats and incorporates herein by reference all of the admissions, denials, allegations averments and statements made in response to paragraphs 1 through 140 of the Amended Complaint.

142.    In answer to paragraph 142 of the Amended Complaint, Defendant admits that Plaintiff has quoted a portion of ERISA § 204(g) and a portion of 26 C.F.R. § 1.411(d)-3.  The remainder of the allegations in paragraph 142 consist of a legal assertion or a legal contention or a legal conclusion on the part of Plaintiff (it is not clear which) that Defendant denies to the extent it is inconsistent with the governing statutes, regulations, court decisions and/or the facts of this case.

143.    Defendant denies the allegations contained in paragraph 143 of the Amended Complaint.

144.    Defendant denies the allegations contained in paragraph 144 of the Amended Complaint.

145.    Defendant denies the allegations contained in paragraph 145 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

146.    As a first separate and affirmative defense, Defendant asserts that, as to Plaintiff and as to each member of the class he purports to represent, the Amended Complaint, and/or each claim for relief contained therein, is barred in whole or in part, by applicable statutes of limitation including the four-year statute of limitation for breach of contract claims applicable to

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

27

participants residing in California, or Nevada's six-year statute of limitation applicable to participants residing in Nevada.  Plaintiff filed his original complaint in this action on or about January 22, 2008.  Plaintiff and each class member knew, or had reason to know, as early as 1996, that Defendant had repudiated any rights to any further ATB based on, among other things, the Plan documents, the SPD and pension statements.

## SECOND AFFIRMATIVE DEFENSE

147.    As a second separate and affirmative defense, Defendant asserts that, as to Plaintiff and each member of the class he purports to represent, the Amended Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of laches, in that Plaintiff and each class member knew, or had reason to know, based on, among other things, the Plan documents, the SPD and pension statements, that Defendant had repudiated any rights to any further ATB as early as 1996, and unreasonably delayed in bringing an action to enforce their claims.  As a result, Defendant has been prejudiced in its ability to properly defend this action in that necessary witnesses may no longer be available, documents may no longer exist and the damages for which Defendant may be liable are increased due to the passage of time, as Plaintiff and class members seek pre- and post-judgment interest.

## THIRD AFFIRMATIVE DEFENSE

148.    As a third separate and affirmative defense, Defendant asserts that, as to Plaintiff and each member of the class he purports to represent, the Amended Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of estoppel, in that Plaintiff and each class member completed an Election of Distribution Option form or similar form upon their first retirement, acknowledging that they were entitled to no further pension benefits, and waiving their rights to receive any further pension benefits, and/or engaged in other conduct including, but not limited to, accepting lump sum pension payments, which led Defendant to believe that they were waiving their rights to receive any further pension benefits.

## FOURTH AFFIRMATIVE DEFENSE

149.    As a fourth separate and affirmative defense, Defendant asserts that, as to Plaintiff and each member of the class he purports to represent, the Amended Complaint, and/or each

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

claim for relief contained therein, is barred in whole or in part by the doctrine of waiver, in that class members completed an Election of Distribution Option form or similar form upon their first retirement, acknowledging that they were entitled to no further pension benefits, and waiving their rights to receive any further pension benefits, and/or engaged in other conduct including, but not limited to, accepting lump sum pension payments, which led Defendant to believe that they were waiving their rights to receive any further pension benefits.

**FIFTH AFFIRMATIVE DEFENSE**

150.    As a fifth separate and affirmative defense, Defendant asserts that Plaintiff and each member of the class he purports to represent lack standing to assert the claims alleged because (1) class members who are no longer Plan participants lack standing to seek injunctive and/or declaratory relief as to future benefits determinations for other employees; (2) current employees who have not yet retired and have not been denied a redetermined ATB lack standing to sue for claims relating to denied benefits; and (3) employees who have not filed an administrative claim under the Plan and exhausted their administrative remedies lack standing to pursue any claims in court.

**SIXTH AFFIRMATIVE DEFENSE**

151.    As a sixth separate and affirmative defense, Defendant asserts that each of the claims asserted herein are barred by the failure of Plaintiff and/or the failure of each member of the class Plaintiff purports to represent, to exhaust their administrative remedies with respect to the claims asserted herein, in that ERISA requires that claimants avail themselves of a plan's own internal review procedures before bringing suit in federal court.  Here, Plaintiff failed to make a claim for a "redetermined ATB" during the administrative proceeding below.  Further, to the best of Defendant's information and belief, none of the other members of the putative class ever filed an administrative claim with the Plan seeking a "redetermined" ATB or any other like kind benefit, nor ever exhausted their administrative remedies with respect thereto as required under ERISA.  As such, they are barred from seeking relief in federal court, either individually or on a representative basis.

//

29

WHEREFORE, Defendant prays for Judgment as follows:

1. That Plaintiff and the class he purports to represent (assuming such a class is certified) take nothing by the Amended Complaint;

2. That judgment be entered in favor of Defendant and against Plaintiff and the class he purports to represent (assuming such a class is certified), on each claim contained in the Amended Complaint;

3. That the Amended Complaint be dismissed in its entirety, with prejudice;

4. That Defendant be awarded its costs of suit incurred herein,

5. That Defendant be awarded its reasonable attorneys' fees; and

6. For such other and further relief as the Court may deem just and proper.

DATED:  July 22, 2010                    LAFAYETTE & KUMAGAI LLP


                                         /s/Susan T. Kumagai
                                         SUSAN T. KUMAGAI
                                         Attorneys for Defendant
                                         AT&T PENSION BENEFIT PLAN -
                                         NONBARGAINED PROGRAM



## CERTIFICATE OF SERVICE

I certify that a copy of this document was served electronically on July 22, 2010, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.


                                           /s/ Susan T. Kumagai
                                         SUSAN T. KUMAGAI

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

AMENDED ANSWER OF DEFENDANT AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM TO PLAINTIFF'S AMENDED COMPLAINT  (Case No. CV 08-04058 MHP)