R. Joseph Barton, CA Bar No. 212340
Email:  jbarton@cohenmilstein.com
Bruce F. Rinaldi, CA Bar No. 55133
Email:  brinaldi@cohenmilstein.com
Robyn M. Swanson, Admitted *Pro Hac Vice*
Email:  rswanson@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL P LLC**
1100 New York Avenue, N.W.
West Tower, STE 500
Washington, DC  20005
Telephone:      (202) 408-4600
Facsimile:      (202) 408-4699

Michelle L. Roberts, CA Bar No. 239092
Email:  mlr@ssrlawgroup.com
Claire Kennedy-Wilkins, CA Bar No. 231897
Email:  ckw@ssrlawgroup.com
**SPRINGER-SULLIVAN & ROBERTS LLP**
410 – 12th Street, Suite 325
Oakland, CA  94607
Telephone:      (510) 992-6130
Facsimile:      (510) 280-7564

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| QUILLER BARNES, | Case No.  08-04058 MHP |
| Plaintiff, | **STIPULATION & [PROPOSED] ORDER REGARDING PRODUCTION OF DATA FOR PLAN PARTICIPANTS & BENEFICIARIES** |
| v. | |
| AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM, | |
| Defendant. | |

WHEREAS Plaintiffs previously requested data regarding certain participants and

beneficiaries in the AT&T Pension Benefit Plan – NonBargained Program ("the Plan") including

by issuing subpoenas on November 16, 2010 to the Plan's third-party providers and/or

1    consultants, Fidelity Investments Institutional Services Co. ("Fidelity") requesting production of

2    certain documents and data regarding certain participants and beneficiaries of the AT&T Pension

3    Benefit Plan (the "Fidelity Subpoena"), which is attached hereto for reference, and issued a

4    substantially similar subpoena to Aon Corporation ("Aon") on November 16, 2010 requesting

5    production of certain documents and data regarding certain participants and beneficiaries of the

6    AT&T Pension Benefit Plan (the "Aon Subpoena");

7             WHEREAS Fidelity and Aon have objected to Plaintiff's subpoenas and/or refused to

8    produce any responsive data regarding the participants and beneficiaries and the Plan filed a

9    motion for a protective order in the District of Massachusetts seeking to prevent production of

10   such data because, among other reasons, no Agreement or Protective Order governing the

11   Confidentiality of documents and data had been entered in this action;

12            WHEREAS this Court entered an Order on March 1, 2011 modifying the definition of the

13   class to include certain participants who received or will receive their pension from the Plan in

14   the form of a deferred annuity and their beneficiaries;

15            WHEREAS Defendant represents that the Plan is in possession of or has the ability to

16   obtain through Fidelity, Aon or another third-party vendor, and can produce the electronic data

17   regarding the participants and beneficiaries in the Plan, including all of the data to be provided

18   pursuant to this Stipulation (to the extent that such information or data exists for any particular

19   participant or beneficiary) and that the Plan has requested or will request such data from its

20   vendors who are in possession of such data and that the Plan will make its best efforts to have

21   those vendors provide the data agreed to be produced pursuant to this Stipulation;

22            WHEREAS Defendant contends that any data for participants other than those who are

23   included in the Class is not relevant to any claims or defenses in this lawsuit including data for

24   participants terminating employment on or after March 22, 1996 and rehired on or after

25   November 1, 1997 and Plaintiff does not agree with this contention, but the Parties enter into this

26   Stipulation for the purpose of reaching compromise;

27            THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the

28   undersigned counsel for the Parties to the Action as follows:

COHEN, MILSTEIN,
SELLERS & TOLL
P.L.L.C.
ATTORNEYS AT LAW

Case No.  08-04058 MHP

- 2 -

STIPULATION RE: PRODUCTION OF
DATA FOR PLAN PARTICIPANTS

Definitions

1.      For purposes of this Stipulation, the following definitions will apply:

(a)      "Lump Sum Payee Participants" means participants in the Pacific Telesis Group ("PTG") Pension  Plan who (1) terminated their employment on or after March 22, 1996 ("First Termination"); (2) were eligible for an Accelerated Transition Benefit ("ATB"), which, because they had not attained the requisite age or years of service, was subject to a discount; (3) elected to receive their pension as a lump sum payment at their First Termination; and (4) were subsequently rehired by a company that participated in the PTG Plan (or a successor plan) on or before October 31, 1997 and (i) either worked an additional five years or otherwise bridged service under 7.4 of the Plan or (ii) are still employed at a Participating Company;

(b)      "Annuitant Participants" means participants in the PTG Plan who (a) terminated their employment on or after March 22, 1996 with a company that participated in the PTG Plan; (b) were eligible for an ATB, which, because they had not attained the requisite age or years of credited service, was subject to an ATB discount; (c) did not receive their pension as an annuity at their First Termination; and (d) were subsequently rehired by a company that participated in the PTG Plan (or a successor plan) on or before October 31, 1997 and either (i) worked at least five additional years or otherwise bridged service under Section 7.4 of the Plan or (ii) are still employed at a Participating Company;

(c)      The terms "ATB," "Special ATB," "CAM benefit," "First Termination," "Second Termination," "PTG Plan," and "PTG Participating Company" have the same definitions as set forth in the Fidelity Subpoena.

Participant Data for Lump Sum Payee Participants

2.      By April 29, 2011, the Plan will produce the following data for the Lump Sum Payee Participants to Lead Class Counsel in Excel format (and indicate that the data is for Lump Sum Payee Participants):

Cohen, Milstein,
Sellers & Toll
P.L.L.C.
Attorneys At Law

Case No.  08-04058 MHP

- 3 -

STIPULATION RE: PRODUCTION OF
DATA FOR PLAN PARTICIPANTS

1

(a)      name;

2

(b)      social security number;

3

(c)      birth date;

4

(d)      sex/gender;

5

6

(e)      current/last known address (and, if known, address at termination of employment);

7

8

(f)      the net credited service ("NCS") start date for purposes of determining eligibility for a pension;

9

10

11

(g)      the date(s) on which any such person's employment commenced with and terminated with each and every PTG Participating Company and the name of each such PTG Participating Company and the dates of his or her employment with each and every PTG Participating Company (a.k.a. Service History with PTG Participating Companies);

12

13

(h)      the current employment status of the person as active employee, former (i.e. deferred vested or terminated) employee, or retiree;

14

(i)      whether such person is alive or deceased (and if deceased, date of death);

15

(j)      the name of such person's beneficiary;

16

(k)      the date of First Termination;

17

(l)      NCS at date of First Termination;

18

(m)      rate of compensation at date of First Termination;

19

20

(n)      cash balance at date of First Termination(if applicable and to the extent one was calculated);

21

(o)      cash balance accrued benefit at date of First Termination (if applicable and to the extent one was calculated);

22

23

(p)      ATB at date of First Termination;

24

(q)      any other data and factors used to calculate ATB at date of First Termination;

25

(r)      date of rehire;

26

(s)      date of Second Termination;

27

(t)      NCS at date of Second Termination;

28

COHEN, MILSTEIN,
SELLERS & TOLL
P.L.L.C.
ATTORNEYS AT LAW

Case No.  08-04058 MHP

- 4 -

STIPULATION RE: PRODUCTION OF
DATA FOR PLAN PARTICIPANTS

(u)     rate of compensation at date of Second Termination;

(v)     cash balance at date of Second Termination (if applicable and to the extent one was calculated);

(w)     cash balance accrued benefit at date of Second Termination (if applicable and to the extent one was calculated);

(x)     Special ATB at date of Second Termination (if applicable and to the extent one was calculated);

(y)     CAM benefit at date of Second Termination (if applicable and to the extent one was calculated);

(z)     any redetermined ATB amount at date of Second Termination (if applicable and to the extent one was calculated);

(aa)    any other data and factors used or necessary to determine eligibility for a cash balance, CAM benefit, redetermined ATB or Special ATB at date of Second Termination (if applicable);

(bb)    any other data and factors necessary to determine the amount of a cash balance, CAM benefit, redetermined ATB or Special ATB at date of Second Termination (if applicable).

<u>Participant Data For Annuitant Participants</u>

3.      By April 29, 2011, the Plan will produce the following data for the Annuitant Participants to Lead Class Counsel in Excel format:

(a)     name;

(b)     social security number;

(c)     birth date;

(d)     sex/gender;

(e)     current/last known address (and, if known, address at termination of employment);

(f)     NCS start date for purposes of determining eligibility for a pension;

(g)     the date(s) on which any such person's employment commenced with and terminated with each and every PTG Participating Company and the name of each such PTG Participating Company and the dates of his or her employment with each and every PTG Participating Company (a.k.a. Service History with PTG Participating Companies);

(h)     the current employment status of the person as active employee, former (i.e. deferred vested or terminated) employee, or retiree;

Cohen, Milstein,
Sellers & Toll
P.L.L.C.
Attorneys At Law

Case No.  08-04058 MHP
- 5 -
STIPULATION RE: PRODUCTION OF
DATA FOR PLAN PARTICIPANTS

|  | (i) | whether such person is alive or deceased (and if deceased, date of death); |
|---|---|---|
|  | (j) | the name of such person's beneficiary; |
|  | (k) | the date of First Termination; |
|  | (l) | NCS at date of First Termination; |
|  | (m) | rate of compensation at date of First Termination; |
|  | (n) | cash balance at date of First Termination (if applicable and to the extent one was calculated); |
|  | (o) | cash balance accrued benefit at date of First Termination (if applicable and to the extent one was calculated); |
|  | (p) | ATB at date of First Termination; |
|  | (q) | any other data and factors used to calculate the ATB at date of First Termination; |
|  | (r) | date of rehire; |
|  | (s) | date of Second Termination (if applicable); |
|  | (t) | NCS at date of Second Termination; |
|  | (u) | rate of compensation at date of Second Termination; |
|  | (v) | cash balance at Second Termination (if applicable and to the extent one was calculated); |
|  | (w) | cash balance accrued benefit at date of Second Termination (if applicable and to the extent one was calculated); |
|  | (x) | Special ATB at Second Termination (if applicable and to the extent one was calculated); |
|  | (y) | CAM benefit at date of Second Termination (if applicable and to the extent one was calculated); |
|  | (z) | redetermined ATB amount at date of Second Termination; |
|  | (aa) | any other data and factors used or necessary to determine eligibility for a cash balance, CAM benefit, redetermined ATB and/or Special ATB at date of Second Termination (if applicable); |
|  | (bb) | any other data and factors used or necessary to calculate the amount of cash balance, CAM benefit, redetermined ATB and/or Special ATB at date of Second Termination (if applicable). |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Beneficiary Data

4.      By April 29, 2011, the Plan will produce the following data to Lead Class Counsel in Excel format for the beneficiaries of the Lump Sum Payee Participants and the beneficiaries of the Annuitant Participants : (a) name, (b) social security number, (c) birth date, (d) current or last known address, (e) email address (if known) and (f) whether such person is alive or deceased.

Raw Data

5.      At the time that the Plan produces the data set forth in Paragraphs 2-4, the Plan will identify the sources of any underlying data used for purposes of compiling the data in Paragraphs 2-4 and the instructions or parameters used in extracting such data, including the queries that were used to extract the data from the Plan's Access database, and shall produce in Excel format any data that Fidelity or Aon provided to the Plan and any data extracted as a result of the queries from the Plan's Access database which, in either case, was used to compile the data in Paragraphs 2-4.  Each of the queries, instructions and parameters used to extract the data and the underlying data shall be considered Confidential under the terms of the Protective Order in this case.

Confidentiality of Production of Data Regarding Participants & Beneficiaries

6.      Data regarding a particular individual's social security number, birth date, rate of compensation, and amount of benefit(s) calculated or received shall be designated as Attorneys Eyes Only under the Protective Order agreed to by the parties. Calculations or summaries of such data that reveal only aggregate numbers and do not reveal sensitive information of individual participants will not be subject to such restrictions.

Disclosures of Persons Knowledgeable About the Data Maintained and Compiled

7.      At the time that the data in Paragraphs 2-5 are produced, the Plan will identify in writing to Lead Class Counsel (a) the name and address of the person(s) at the Plan and/or AT&T whom the Plan believes most knowledgeable about the participant and beneficiary data that was compiled and produced to and by the Plan (or AT&T) in this litigation; and (b) the name, employer (i.e. vendor/contractor) and address of the person(s) at any vendor (including Aon) that provided the Plan with any data or information in connection with the data requested or produced

COHEN, MILSTEIN,
SELLERS & TOLL
P.L.L.C.
ATTORNEYS AT LAW

Case No.  08-04058 MHP

- 7 -

STIPULATION RE: PRODUCTION OF
DATA FOR PLAN PARTICIPANTS

1   pursuant to Paragraphs 2-5 of this Stipulation whom the Plan believes most knowledgeable about

2   the participant and beneficiary data that was compiled and produced to and by the Plan (or

3   AT&T) in this litigation.

4       8.       The Plan waives objections under Rule 30(a)(2)(ii) to the extent that Plaintiff

5   subsequently issues a notice of either a Rule 30(b)(6) deposition of the Plan or a subpoena for

6   deposition to any person identified pursuant to Paragraph 7 who has previously been deposed in

7   this litigation so long as those depositions address matters related to the participant and

8   beneficiary data, the composition or size of the Class or the difference in calculating benefits

9   before and after the 1997 Amendment.  Defendant reserves all rights to object to such depositions

10  on any other basis.

11          Subsequent Production of Data for Other Participants

12      9.       To the extent that the data required to be produced in this Stipulation does not

13  include data for persons who are included in the Class, Defendant agrees to supplement and

14  provide the data described in this Stipulation for such participants and beneficiaries.

15      10.      Plaintiff reserves the right to subsequently request data for participants and

16  beneficiaries of the Plan not required to be produced by this Stipulation, but agrees not to make

17  such request until after Plaintiff has received the data required to be produced by this Stipulation.

18  Defendant reserves the right to object on any basis to production of data for participants and

19  beneficiaries not included in the Class.

20          WHEREFORE the Parties, by and through their undersigned counsel, hereby request that

21  this Stipulation be entered as an Order of the Court.

22  Dated: April 15, 2011                Agreed to by:

23

24

25

26

27

28

COHEN, MILSTEIN,
SELLERS & TOLL
P.L.L.C.
ATTORNEYS AT LAW

Case No.  08-04058 MHP

- 8 -

STIPULATION RE: PRODUCTION OF
DATA FOR PLAN PARTICIPANTS

| | |
|---|---|
| 1 | |
| 2 | |

COUNSEL FOR PLAINTIFF & THE CLASS

By: _____ /s/ R. Joseph Barton _____
    R. Joseph Barton, CA Bar No. 212340
    Bruce F. Rinaldi CA Bar No. 55133
    Robyn M. Swanson (*pro hac vice*)
    COHEN MILSTEIN SELLERS & TOLL
    PLLC
    1100 New York Avenue, N.W.
    Suite 500
    Washington, DC 20005
    Telephone: (202) 408-4600
    Facsimile: (202) 408-4699

    Michelle Lee Roberts CA Bar No. 239092
    Claire Kennedy-Wilkins CA Bar No. 231897
    SPRINGER-SULLIVAN & ROBERTS LLP
    410 - 12th Street
    Suite 325
    Oakland, CA 94607
    Telephone: (510) 992-6130
    Facsimile: (510) 280-7564

COUNSEL FOR AT&T PENSION BENEFIT PLAN – NONBARGAINED PROGRAM

By: /s/ Patrick W. Shea (with permission)
    Patrick W. Shea, NY SB No. 4587176,
      *Pro Hac Vice*
    PAUL HASTINGS JANOFSKY & WALKER LLP
    75 E. 55th Street, First Floor
    New York, NY 10022
    Telephone: (212) 318-6405
    Facsimile: (212) 752-2542

    Stephen H. Harris, CA SB No. 184608
    M'Alyssa Christianne Mecenas,
      CA SB No. 272075
    PAUL HASTINGS, JANOFSKY & WALKER LLP
    515 S. Flower Street
    25th Floor
    Los Angeles, CA 90071
    Telephone: (213)-683-6000
    Facsimile: (213) 627-0705

    Scott J Paisley, CA SB No. 94236
    AT&T SERVICES, INC.
    525 Market Street
    Suite 2001
    San Francisco,, CA 94105
    Telephone: (415) 778-1213
    Facsimile: (415) 882-4458

    Rebecca K. Kimura, CA SB No. 220420
    Susan T Kumagai, SB No. 127667
    LAFAYETTE & KUMAGAI LLP
    100 Spear Street
    Suite 600
    San Francisco, CA 94105
    Telephone: (415) 357-4600
    Facsimile: (415) 357-4605

COHEN, MILSTEIN,
SELLERS & TOLL
P.L.L.C.
ATTORNEYS AT LAW

Case No.  08-04058 MHP

- 9 -

STIPULATION RE: PRODUCTION OF DATA FOR PLAN PARTICIPANTS

1   So ORDERED this 18th day of April, 2011.

2

3   IT IS SO ORDERED

4

5   Judge Marilyn H. Patel

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COHEN, MILSTEIN,
SELLERS & TOLL
P.L.L.C.
ATTORNEYS AT LAW

Case No.  08-04058 MHP

- 10 -

STIPULATION RE: PRODUCTION OF
DATA FOR PLAN PARTICIPANTS

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

District of Massachusetts

| | |
|---|---|
| Quiller Barnes | ) |
| *Plaintiff* | ) |
| v. | ) |
| AT&T Pension Benefit Plan - NonBargained Program | ) |
| *Defendant* | ) |

Civil Action No.   3:08-cv-04058-MHP

(If the action is pending in another district, state where:

Northern District of California          )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Fidelity Investments Institutional Services Company, Inc.
      82 Devonshire Street, Boston, MA 02109

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:   See attached Schedule A.

| Place: Berman DeValerio<br>One Liberty Square<br>Boston, MA 02109 | Date and Time:<br><br>12/07/2010 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   11/16/2010

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR   _____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*          Quiller Barnes & the Class                                              , who issues or requests this subpoena, are:
Robyn M. Swanson, Esq., Cohen Milstein Sellers & Toll PLLC, 1100 New York Ave., N.W., Suite 500, West Tower, Washington, D.C. 20005   Telephone: (202) 408-4600   Email: rswanson@cohenmilstein.com

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:08-cv-04058-MHP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____        ; or

❏ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____         _____
                                                           *Server's signature*

                                                           _____
                                                           *Printed name and title*

                                                           _____
                                                           *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

### DEFINITIONS

**General Definitions**

1.     "You" or "your" shall mean each person to whom this subpoena is directed and any persons acting on their behalf or under their direction or control.

2.     "Documents" shall mean any writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, including, without limitation, electronic or computerized compilations as well as any drafts or non-identical copies of any of the foregoing.

3.     "Electronic Data" shall mean data stored, maintained or organized electronically through any computer-related equipment, including but not limited to the following: (a) output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code, PDF files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, deleted file, or file fragment; (b) any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, or in any other vehicle for digital data storage or transmittal.

4.     "Electronically Stored Information" or "ESI" is any information capable of being stored electronically and includes, without limitation, the following:

- Information that is generated, received, processed, and recorded by computers and other electronic devices including, without limitation, voicemail;

- Internal or external web sites;

- Output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant message programs, bulletin board programs, operating systems, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

- Activity listings of electronic mail receipts and/or transmittals; and

- Any an all items stores on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistant, e.g., Palm Pilot, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

5.      "Identify" (with respect to documents) means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

6.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) including, but not limited to, e-mails, letters and memoranda.

7.      "Person" means any natural person or any business, legal or governmental entity or association.

8.       "Concerning" means relating to, referring to, describing, evidencing or constituting.

9.      "Plaintiff" and "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

10.      "And" or "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the subpoena all responses which might otherwise be construed to be outside of its scope.

2

11.     "Evidencing" shall mean tending to show, in any probative manner, the existence or nonexistence of any matter.

12.     The terms "all," "every," "any," and "each" shall be construed as necessary to make the subpoena inclusive rather than exclusive.

13.     The use of the singular form of any word includes the plural and vice versa.

**Case Specific Definitions**[1]

14.     "ATB-Eligible Annuitants" means all participants in the PTG Plan (a) who terminated their employment on or after March 22, 1996 with a company that participated in the PTG Plan ("First Termination"); (b) who were eligible for an ATB, which, because they had not attained the requisite age or years of credited service, was subject to an ATB discount; (c) who elected to receive their discounted ATB as an annuity; (d) who were subsequently rehired by a company that participated in the PTG Plan and worked at least five additional years and bridged service under Section 7.4 of the Plan.

15.     "ATB-Eligible Lump Sum Payees" means all participants in the PTG Plan (a) who terminated their employment on or after March 22, 1996 with a company that participated in the PTG Plan ("First Termination"); (b) who were eligible for an ATB, which, because they had not attained the requisite age or years of credited service, was subject to an ATB discount; (c) who elected to receive their pension as a lump-sum payment; (d) who were subsequently rehired by a company that participated in the PTG Plan and worked at least five additional years; and (e) who either (i) at their next termination ("Second Termination"), did not have their ATB adjusted to reflect their age and term of employment at their next termination of employment or (ii) are still employed at a Participating Company.

---

[1]     Documents referenced in this section to assist in defining certain terms will be provided upon request.

16.   "AT&T Plan" refers to the AT&T Pension Benefit Plan - NonBargained Program.

17.   "ATB" or "Accelerated Transition Benefit" refers to the benefit described in Section 5 of the 1996 PTG Plan at ATTP001119-ATTP001121 of the AT&T Initial Disclosures in *Barnes v. AT&T*.

18.   "Barnes Benefit Claim" refers to the letter dated May 5, 2004, from Quiller Barnes to the Claims Administrator, SBC Pension Plan which bears the bates number ATTP00188-ATTP00190 and was produced in *Barnes v. AT&T*.

19.   "Barnes Claim Denial" refers to the letter to Quiller Barnes dated November 11, 2004, from the SBC Pension and Savings Plan Service Center which bears the bates numbers ATTP00185-ATTP00187 and was produced in *Barnes v. AT&T*.

20.   "*Barnes v. AT&T*" refers to this litigation, entitled *Barnes v. AT&T Pension Benefit Plan – NonBargained Program*, No. 3:08-cv-04058-MHP (N.D.Ca.).

21.   "Bridging of Prior Service" has the same meaning as that term is defined in Section 7.4 of the 1996 PTG Plan Document.

22.   "CAM Benefit" means the career average minimum benefit described in the Summary of Material Modifications circulated in 2004 which bears the bates number ATTP00997 as well as the SBCPBP-NB Plan as restated through January 31, 2002 at ATTP00883 and was produced in *Barnes v. AT&T*.

23.   "First Termination" means the date on which an ATB-Eligible Lump Sum Payee or ATB-Eligible Annuitant terminated employment with a PTG Participating Company on or after March 22, 1996.

24.   "Plan Documents" mean the written instrument (including any trust agreement, contract or other instruments) under which the plan is or was established, maintained or operated.

25. "1996 PTG Plan" means the Pacific Telesis Group Cash Balance Pension Plan for Salaried Employees, effective July 1, 1996, executed by J.R. Moberg, Executive Vice President – Human Resources, Pacific Telesis Group on February 26, 1997, including all amendments thereto, which bears the Bates numbers ATTP001075-ATTP001215 and was produced in *Barnes v. AT&T*.

26. "1998 PTG Plan" means the Pacific Telesis Group Cash Balance Pension Plan for Salaried Employees, as amended through December 31, 1998, referenced on page ATTP00081 of the AT&T Initial Disclosures in *Barnes v. AT&T*, including all amendments thereto.

27. "PTG Benefits Binder" means the binder of Summary Plan Descriptions for all benefit plans offered to the employees of Participating Companies, including Pacific Bell, which was distributed to Pacific Bell employees on or about June 15, 1996.

28. "PTG Non-Participating Company" means a company that is or was a member of the Employer Group, as that term is defined in the 1996 PTG Plan at page 9, including all subsequent amendments thereto, but is not or was not a PTG Participating Company.

29. "PTG Participating Company" shall have the same meaning as "Participating Company" as that term is defined in the 1996 PTG Plan at page 14, including all subsequent amendments thereto.

30. "PTG Plans" means collectively the 1996 PTG Plan, the 1998 PTG Plan and any successor, amended and/or updated plan or plan(s), including all amendments thereto, and any pension plan or plans into which the PTG Plan was subsequently merged.

31. "SBCPBP-NB" means the SBC Pension Benefit Plan – NonBargained Program into which the PTG Plan was merged, referenced on page ATTP00080 of the AT&T Initial Disclosures in *Barnes v. AT&T*, including all amendments thereto, as well as any successor,

updated and/or amended versions of the plan, including the SBCPBP-NB as restated through January 31, 2002, which appears on pages ATTP00687-ATTP00934 produced in *Barnes v. AT&T*.

32. "Second Termination" means the date on which an ATB-Eligible Lump Sum Payee or ATB-Eligible Annuitant terminated employment with a PTG Participating Company after being rehired.

33. "Special ATB" refers to the benefit added at or about the time of the merger of the PTG Plan and the SBCPBP-NB in 1999 and described in the Summary of Material Modifications at ATTP01008 and ATTP01036 as well as the SBCPBP-NB Plan as restated through January 31, 2002 at ATPP00815 produced in *Barnes v. AT&T*.

**All Other Terms**

34. All other terms not defined herein shall have the meaning defined by ERISA § 3, 29 U.S.C. § 1002, if defined therein, or shall have the meaning defined by *Black's Law Dictionary*, if defined therein, or shall have the meaning defined by the *American Heritage Dictionary of the English Language*.

**INSTRUCTIONS**

The rules of construction set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure and, as applicable, any applicable Local Rules are incorporated as if set forth fully herein. In addition, the following instructions shall apply to the extent they are not inconsistent with those Rules:

1. You shall produce any document responsive to this subpoena which is in your possession, custody, or control.

2.      If you decline to produce any document based upon a claim of privilege, You shall furnish the sufficient information in writing at the time that the response to such discovery is due to comply with Rule 26(b)(5).

3.      If any document request herein cannot be complied with in full, it shall be complied with to the extent possible with an explanation as to why full compliance is not possible.

4.      Each document request herein seeks production of each and every document described in the request, including all drafts, non-identical copies, attachments, exhibits, or appendices thereto, in your possession, custody, or control, or in the possession or custody of any of your present or former attorneys, accountants, partners, employees, financial advisors, agents, or other representatives, and all documents which you have the legal right or ability to obtain from sources within your control.

5.      Documents produced pursuant to this subpoena shall be labeled in a manner which indicates that the documents were produced by You.

6.      Each document request contemplates production of each document in its entirety, without abbreviation, redaction or expurgation, unless such information is privileged and is identified on a privilege log produced contemporaneously with the documents.

7.      Any objection to a document request shall state with specificity all grounds for such objection. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure in this action shall be deemed to be waived.

8.      All dates referenced herein are to be understood as though they were preceded by the phrase "on or about."

## RELEVANT TIME PERIOD

Unless otherwise specified, this subpoena calls for the production of documents prepared, written, sent, dated, received, or in effect, or relating to the time period January 1, 1996 to the present.  This subpoena includes documents, regardless of when created or dated, received by You between January 1, 1996 and the present.

## DOCUMENTS TO BE PRODUCED

*Documents*

1.      The final versions of documents which set forth the agreement(s) by which You provided any administration or other services to AT&T (f/k/a SBC Communications) in connection with the PTG Plans or the SCPBP-NB between January 1, 1996 and the present, including any amendments or modifications to those agreements.

2.      The final versions of documents which You utilized in administering or interpreting the PTG Plans and/or the SBCPBP-NB between January 1, 1996 and the present, including the Data Administration Manual or any other document that specifies the categories of data maintained by You regarding participants in the PTG Plans and/or the SBCPBP-NB.

3.      The final versions of any Summary Plan Descriptions for the PTG Plans and/or the SBCPBP-NB between January 1, 1996 and the present.

4.      The final versions of any plan document or other written instrument governing the terms of the PTG Plans and/or the SBCPBP-NB between January 1, 1996 and the present.

5.      Documents reflecting any analysis of or communications regarding the Barnes Benefit Claim or this litigation.

6.      Documents concerning any interpretation of the terms of the PTG Plan regarding the ATB (including interpretation of any definitions applicable to the section involving ATBs),

including Sections 3.4 and 3.13 of the PTG Pension Plan Document and Sections 10-20, 10-21,

and 10-30 of the PTG Benefits Binder, including the process and rationale of that interpretation,

the circumstances and approximate date(s) under which this interpretation was reached and/or

applied, and the characteristics and number of persons who have been or would be eligible for a

re-determined ATB under this interpretation.

7.      Documents identifying the formula and factors (a) used to calculate lump sum

distribution amounts at termination (including whether such formula/factors included a right to a

re-determined ATB upon bridging subsequent service); (b) used to calculate annuity amounts at

termination (including whether such factors included a right to a re-determined ATB upon

bridging service); (c) used to calculate a "Special ATB" at termination; and (d) used to calculate

a re-determined ATB at a participant's termination following his/her bridging of service

(including whether, how and why such formula or factors differ between those who elected to

receive or received an annuity versus a lump sum at their initial termination).

**ELECTRONIC DATA /ESI/METADATA TO BE PRODUCED**

8.      For any documents produced in response to the above-numbered requests,

produce metadata sufficient to identify the author(s), any recipients (including bcc recipients),

and the date the document was created, edited and (as applicable) transmitted.  To the extent that

documents exist in electronic form (other than in Excel or some other spreadsheet or database),

and to the extent reasonably available, documents should be produced in single-page properly

unitized TIFF files, OCRed with a Summation Load File (.dii), with accompanying searchable

extracted text in the .txt file and specified metadata fields in a load file.  To the extent that such

documents exist in Excel or some other spreadsheet, produce the document in Excel.  In the

event that such documents are in electronic form and You do not believe this method of

9

production is reasonably available, You should confer with Plaintiff's Counsel concerning the format of production prior to producing such documents.

## ELECTRONIC DATA[2]

9.      Electronic Data for each ATB-Eligible Lump Sum Payee that identifies each such individual by (a) name, (b) social security number, (c) birth date, (d) sex/gender, (e) current/last known address (and, if known, address at termination of employment), (f) the net credited service start date for purposes of determining eligibility for a pension, (g) the date(s) on which any such person's employment commenced with and terminated with each and every PTG Participating Company and the name of each such PTG Participating Company and the dates of their employment with each and every PTG Participating Company, (h) the current employment status of the person as active employee, former (i.e. deferred vested or terminated) employee, or retiree, (i) whether such person is alive or deceased (and if deceased, the date of death), (j) the name of such person's beneficiary, (k) the date of First Termination, (l) net credited service at date of First Termination, (m) rate of compensation at date of First Termination, (n) cash balance at date of First Termination, (o) cash balance accrued benefit at date of First Termination, (p) ATB at date of First Termination, (q) any other data and factors used to calculate the ATB at date of First Termination; (r) the date of rehire, (s) the date of Second Termination (if applicable), (t) net credited service at date of Second Termination (if applicable), (u) rate of compensation at date of Second Termination (if applicable), (v) cash balance at date of Second Termination (if applicable), (w) cash balance accrued benefit at date of Second Termination (if

---

[2]      To the extent that such information is contained or is reasonably convertible to Excel, this Subpoena requests that You produce such Electronic Data in a format compatible with Excel pursuant to Rule 45(d)(1)(B). To the extent that such Electronic Data is not contained in or reasonably convertible to Excel, this Subpoena requires You to contact Plaintiffs' counsel to advise as the manner in which such Electronic Data can be produced and/or permit inspection, copying, testing or sampling of the Electronic Data pursuant to Rule 45(a)(1)(D).

applicable), (x) Special ATB at date of Second Termination (if applicable), (y) CAM benefit at date of Second Termination (if applicable), (z) any other data and factors used to determine eligibility for a redetermined ATB at date of Second Termination (if applicable); (aa) redetermined ATB amount at date of Second Termination (if applicable), (bb) any other data and factors used to calculate the redetermined ATB amount at date of Second Termination (if applicable).

10.     For any beneficiary of any person identified in response to Request No. 9, Electronic Data sufficient to identify each such person by (a) name, (b) social security number, (c) birth date, (d) current or last known address, (e) email address (if known) and (f) whether such person is alive or deceased.

11.     Electronic Data for all ATB-Eligible Annuitants that identifies each such individual by (a) unique identifying number, (b) birth date, (c) sex/gender, (d) the net credited service start date for purposes of determining eligibility for a pension, (e) the date(s) on which any such person's employment commenced with and terminated with each and every PTG Participating Company and the name of each such PTG Participating Company and the dates of their employment with each and every PTG Participating Company, (f) the current employment status of the person as active employee, former (i.e. deferred vested or terminated) employee, or retiree, (g) whether such person is alive or deceased (and if deceased, the date of death), (h) the date of First Termination, (i) net credited service at date of First Termination, (j) rate of compensation at date of First Termination, (k) cash balance at date of First Termination, (l) cash balance accrued benefit at date of First Termination, (m) ATB at date of First Termination, (n) any other data and factors used to calculate the ATB at date of First Termination; (o) the date of rehire, (p) the date of Second Termination (if applicable), (q) net credited service at date of

11

Second Termination (if applicable), (r) rate of compensation at date of Second Termination (if applicable), (s) cash balance at date of Second Termination (if applicable), (t) cash balance accrued benefit at date of Second Termination (if applicable), (u) Special ATB at date of Second Termination (if applicable), (v) CAM benefit at date of Second Termination (if applicable), (w) any other data and factors used to determine eligibility for a redetermined ATB at date of Second Termination (if applicable); (x) redetermined ATB amount at date of Second Termination (if applicable), (y) any other data and factors used to calculate the redetermined ATB amount at date of Second Termination (if applicable).

     12.    All Electronic Data requested by and/or produced by You to AT&T in connection with this litigation and sufficient documents or other information to describe the data provided by You to AT&T.