| | |
|---|---|
| 1 | R. Joseph Barton, CA Bar No. 212340<br>Email: jbarton@cohenmilstein.com |
| 2 | Bruce F. Rinaldi, CA Bar No. 55133<br>Email: brinaldi@cohenmilstein.com |
| 3 | **COHEN MILSTEIN SELLERS & TOLL P LLC** |
| 4 | 1100 New York Avenue, N.W.<br>West Tower, STE 500 |
| 5 | Washington, DC 20005<br>Telephone: (202) 408-4600 |
| 6 | Facsimile: (202) 408-4699 |
| 7 | *Attorneys for Plaintiff & the Class* |
| 8 | Patrick W. Shea, Admitted *Pro Hac Vice*, NY Bar No. 4587176<br>Email: patrickshea@paulhastings.com |
| 9 | **PAUL HASTINGS LLP**<br>75 East 55th Street |
| 10 | New York, NY 10022<br>Telephone: (212) 318-6000 |
| 11 | Facsimile: (212) 319-4090 |
| 12 | *Attorneys for Defendant*<br>[Additional counsel listed on the next page] |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| QUILLER BARNES,<br><br>Plaintiff,<br><br>v.<br><br>AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM,<br><br>Defendant. | Case No. 08-04058 EMC<br><br>**SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**<br><br>ORDER SETTING TELEPHONIC CMC FOR 11/2/12 at 11:30 a.m.<br><br><br>Judge Edward M. Chen |

COHEN, MILSTEIN,
SELLERS & TOLL
P.L.L.C.
ATTORNEYS AT LAW
WASHINGTON

SUPPLEMENTAL JOINT CASE
MANAGEMENT STATEMENT
*BARNES V. AT&T,* CASE NO. 08-04058 EMC

Michelle L. Roberts, CA Bar No. 239092
Email: mlr@ssrlawgroup.com
**SPRINGER-SULLIVAN & ROBERTS LLP**
410 – 12th Street, Suite 325
Oakland, CA 94607
Telephone: (510) 992-6130
Facsimile: (510) 280-7564

*Attorneys for Plaintiff & the Class*
QUILLER BARNES

Stephen H. Harris, CA Bar No. 184608
Email: stephenharris@paulhastings.com
M'Alyssa C. Mecenas, CA Bar No. 272075
Email: malyssamecenas@paulhastings.com
**PAUL HASTINGS LLP**
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683- 6000
Facsimile: (213) 627-0705

Regan A.W. Herald, CA Bar No. 251879
Email: reganherald@paulhastings.com
**PAUL HASTINGS LLP**
55 Second Street, 24th Floor
San Francisco, CA 94105
Telephone: (415) 856- 7000
Facsimile: (415) 856-7100

*Attorneys for Defendant*
AT&T PENSION BENEFIT PLAN – NONBARGAINED PROGRAM

COHEN, MILSTEIN,
SELLERS & TOLL P.L.L.C.
ATTORNEYS AT LAW
WASHINGTON

SUPPLEMENTAL JOINT CASE
MANAGEMENT STATEMENT
*BARNES V. AT&T,* CASE NO. 08-04058 EMC

Pursuant to the Court's instruction during the Parties' June 22, 2012 case management conference that the Parties report to the court within 60 days regarding outstanding issues, the Parties to the above-entitled action jointly submit this case management statement addressing the issues of class certification, class notice, discovery, and ADR.

**1. Class Certification:**

    **a. Plaintiff's Position**

Prior to time that Count III was added to the Complaint in this case (alleging violations of ERISA's anti-forfeiture, and actuarial equivalence requirements), Plaintiff had sought and the Court granted class certification as to Count II and IV. *See Barnes v. AT&T Pension Benefit Plan – Nonbargained Program*, 270 F.R.D. 488 (N.D. Cal. 2010). Based on information obtained in discovery and positions taken by Defendant, Plaintiff sought to amend the complaint to add Count III. *See Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 273 F.R.D. 562 (N.D. Cal. 2011). At the time that the Court granted Plaintiff's motion to amend the Complaint to add Count III, the Court advised that Plaintiff would need to separately seek class certification for new counts brought on behalf of the Class. *See Barnes*, 273 F.R.D. at 570 at n.6. At the time that the class was originally certified, Defendant had averred that the class consisted of 285 participants (plus their beneficiaries). *See Barnes*, 270 F.R.D. at 499 at n. 2. After the Court certified the class, Defendant then averred in interrogatories that the Class consisted only of 10 participants (plus their beneficiaries), including 7 participants who elected to take lump sums at first retirement and 3 participants who have or would receive deferred annuities. *See* Def's MSJ, Dkt. No. 295 at p. 8. For those who elected to receive deferred annuities, Defendant has now agreed to pay the benefits in Section 3.4(d)(3). *See* Dkt. No. 312 at 1. Based on Defendant's statement under oath that the number of participants in the Class who took lump sums at first termination is 7 participants (plus their beneficiaries) and Plaintiff's belief that any decision on the legality of plan terms will, as a practical matter, affect any of the other similarly situated participants, Plaintiff does not intend to file a motion to certify Count III on behalf of the Class.

///

   b.   **Parties' Joint Statement**

In light of Plaintiff's decision not to move for class certification on Count III, the Parties agree to resolve the remaining claims and defenses with respect to Plaintiff only, pursuant to the current Scheduling Order.

**2.   Class Notice**

In light of the Court's Order on the parties cross-motions for summary judgment (Dkt. No. 309), and Plaintiff's decision not to seek class certification of Count III, Class Counsel believed that it would be appropriate pursuant to Rule 23(d)(1)(B) to send notice to the Class members advising them of Plaintiff's decision to not pursue Count III as a class claim, and that absentee class members may need to take some action to protect their rights, such as seeking to intervene and/or filing a separate individual claim.  Class Counsel proposed submitting a form of supplemental notice for the Court's approval.

The Parties have conferred regarding this issue.  Defendant has stated that it will agree that any time-based defense that Defendant could assert against the absentee class members with respect to the claims asserted in Count III shall be tolled from the date of this joint case management statement up through the date the Court rules on Count III with respect to Plaintiff. The Parties intend to enter a formal agreement to this respect.  In light of Defendant's agreement, the Parties agree that it is not necessary to send supplemental class notice to the Class at this time, but Plaintiff and Class Counsel believe it may be necessary to do so after a ruling on Count III.

**3.   Discovery:**

Fact discovery in this case closes on September 10, 2012.  On April 27, 2011, Plaintiff served a fourth set of interrogatories on Defendant regarding its affirmative defenses.  Defendant never responded to these interrogatories.  In light of the parties' agreement to address issues of plan interpretation first, Plaintiff agreed that discovery regarding Defendant's affirmative defenses could be deferred until after the Court's decision on the cross-motions for summary judgment.  *See* Dkt. No. 258 at 8.  Defendant has agreed to respond to Plaintiff's interrogatories regarding Defendant's affirmative defenses with respect to Plaintiff only and expects to provide responses to Plaintiff's Fourth Set of Interrogatories before the current fact discovery cut-off date,

-2-

SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT
*BARNES V. AT&T,* CASE NO. 08-04058 EMC

September 10, 2012. Because Count I was not certified as a class claim, summary judgment on Count II was granted on behalf of Defendant and Plaintiff does not seek to certify Count III as a class claim, responses to Plaintiff's interrogatories regarding Defendant's affirmative defenses with respect to any other Class member are unnecessary at this stage.

4. **ADR**:

During the June 22, 2012 case management conference, the Court asked the parties about pursuing ADR. The Parties agree that a subsequent settlement conference would likely be most useful, if at all, after the parties have exchanged expert reports. At that juncture, the Parties will confer to determine whether they wish to engage in another settlement conference.

Dated: August 22, 2012    COHEN MILSTEIN SELLERS & TOLL PLLC
By: /s/
R. Joseph Barton, CA Bar No. 212340
Bruce F. Rinaldi, CA Bar No. 55133

*Attorneys for Plaintiff*

Dated: August 22, 2012    PAUL HASTINGS LLP
By: /s/
Patrick W. Shea, Admitted *Pro Hac Vice*, NY Bar No. 4587176

*Attorneys for Defendant*

## SIGNATURE ATTESTATION

I, Michelle L. Roberts, hereby attest that that I have obtained the concurrence in the filing of the document from the other signatories on this document.

Dated: August 22, 2012    SPRINGER-SULLIVAN & ROBERTS LLP

By: /s/
Michelle L. Roberts, CA Bar No. 239092

IT IS SO ORDERED that a telephone CMC is set for 11/2/12 at 11:30 a.m. Plaintiff counsel shall call defendant then the Court at 415-522-2117. An updated CMC statement shall be filed by 10/26/12.

Edward M. Chen
U.S. District Judge

IT IS SO ORDERED AS MODIFIED

-3-    SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT
*BARNES V. AT&T*, CASE NO. 08-04058 EMC