United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUILLER BARNES, | No. C-08-4058 EMC |
| Plaintiff, | |
| v. | **ORDER RE STIPULATION ON PARTIAL DISMISSAL OF REMAINING CLAIMS** |
| AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM, | **(Docket No. 320)** |
| Defendant. | |

_____/

Following the Court's order on summary judgment, the only claims remaining in the litigation were Counts III and IV. Both claims were brought as class claims. Count III, however, had not yet been certified as a class whereas Count IV had been (by Judge Patel). Subsequently, Plaintiff decided not to seek class certification on Count III. *See* Docket No. 314 (St. at 2). Then, several months later, Plaintiff decided not to pursue Count III at all and further decided the same with respect to Count IV. *See* Docket No. 320 (Stip. at 2). The parties stipulated to the dismissal of Counts III and IV. *See* Docket No. 320 (Stip. at 5).

The only issue remaining is whether a class notice should be issued prior to the dismissal of Counts III and IV.[1] Given that Count IV was certified as a class claim by Judge Patel, class notice is arguably required for that claim under Federal Rule of Civil Procedure 23(e). *See* Fed. R. Civ. P. 23(e) (providing that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily

---

[1] The parties seem to agree that the Court could dismiss the claims and then deal with the issue of class notice but that approach does not seem appropriate, as discussed below.

dismissed, or compromised only with the court's approval," that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal," and that, "[i]f the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate"). As for Count III, while Plaintiff decided not to pursue class certification, there is still the issue of whether class notice should be issued pursuant to Federal Rule of Civil Procedure 23(d)(1)(B),[2] particularly if a notice may be issued for Count IV.

Accordingly, the Court hereby orders as follows.

Within 21 days of the date of this order, Plaintiff shall file a motion addressing whether class notice is required for Count III and/or Count IV. Defendant shall file an opposition 21 days thereafter, and Plaintiff shall file any reply within 14 days thereafter. If the parties agree that class notice should be issued for one or both claims, then they should meet and confer and submit a joint

///
///
///
///
///
///
///
///

---

[2] Rule 23(d)(1)(B) provides that

> [i]n conducting an action under this rule, the court may issue orders that:
>
> (B) require – to protect class members and fairly conduct the action – giving appropriate notice to some or all class members of:
>
> (i) any step in the action;
>
> (ii) the proposed extent of the judgment; or
>
> (iii) the members' opportunity to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or to otherwise come into the action.

Fed. R. Civ. P. 23(d)(1)(B).

2

proposed class notice in conjunction with their briefs. Even if the parties do *not* believe that class notice is necessary for Count IV in particular, they should still include, as part of the briefing above, a discussion based on the assumption that class notice *is* required and therefore how the dismissal of Count IV is fair, reasonable, and adequate under Rule 23(e).

IT IS SO ORDERED.

Dated: October 11, 2012

_____
EDWARD M. CHEN
United States District Judge