UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QUILLER BARNES,

    Plaintiff,

    v.

AT&T PENSION BENEFIT PLAN - NONBARGAINED PROGRAM,

    Defendant.
_____/

No. C-08-4058 EMC

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION RE DISMISSAL OF COUNTS III AND IV; CLASS NOTICE; AND MODIFICATION OF THE COURT'S SUMMARY JUDGMENT ORDER**

**(Docket No. 323)**

Plaintiff Quiller Barnes initiated this lawsuit against Defendant AT&T Pension Benefit Plan, Nonbargained Program (the "Plan"), alleging that the Plan violated his rights and the rights of others similarly situated by, *inter alia*, failing to pay full pension benefits in violation of ERISA. In an order filed in May 2012, this Court granted in part and denied in part the parties' cross-motions for partial summary judgment. *See* Docket No. 309 (order). This order left only two claims remaining in the case: Count III (an uncertified class claim) and Count IV (a certified class claim).[1] Subsequently, the parties reached an agreement whereby these two remaining claims would be dismissed. The Court asked the parties to provide briefs as to whether class notice was required prior to dismissal. *See* Docket No. 321 (order).

The parties have now provided that briefing. However, as a part of that briefing, the parties have also raised two new issues: (1) whether the language used in the parties' stipulated dismissal

---

[1] Judge Patel certified Count IV as a class claim.

of Count IV is appropriate (an issue raised by the Plan) and (1) whether the Court's summary judgment order should be modified (an issue raised by Mr. Barnes). Each of the three issues is addressed below.

## I. DISCUSSION

A. <u>Class Notice</u>

Both parties have agreed that there should be a class notice. Furthermore, both parties have now agreed as to the exact language of the class notice. The Court has reviewed the proposed language and hereby grants its approval. The parties are directed to issue the notice to the class which is attached as an exhibit to their joint letter of December 19, 2012. *See* Docket No. 337 (exhibit).

Upon the mailing of the class notice, the parties should file a statement with the Court identifying (1) the date that the notice was mailed and (2) the date by which a party must intervene (*i.e.*, 45 days following the date of mailing).

Furthermore, five days after the last day to intervene, the parties should file a statement with the Court indicating whether they have received any notice from any person stating that he or she wishes to intervene. If no such notice has been received, and there is no other evidence of record indicating that intervention is desired, then the parties may jointly request an entry of final judgment.

B. <u>Modification Issue</u>

Although Mr. Barnes styles his request as one for clarification and modification, it is really a request for modification.[2] The modification that Mr. Barnes seeks is with respect to the Court's order granting the Plan summary judgment on Count II. In Count II (a certified class claim), Mr. Barnes argued that the Plan was obligated to pay class members – whether lump sum payees or

---

[2] Mr. Barnes asks that the summary judgment order be "clarified" so that, for Count II, the Plan obtains summary judgment only with respect to lump sum payees and *not* with respect to annuitants. *See* Mot. at 12-13. This is not a clarification of the summary judgment order but rather a modification because the order had granted the Plan summary judgment on Count II in its entirety.

2

annuitants[3] – both the "x" and "y" values (*i.e.*, a redetermined ATB and a cash balance) identified in § 3.4(d)(3) of the Plan. Mr. Barnes claimed that lump sum payees had improperly been given only the "y" value and annuitants only the "x" value. In its summary judgment order, the Court found that the Plan was not unreasonable in finding that § 3.4(d)(3) had no applicability to lump sum payees (§ 3.4(a) was applicable instead) and therefore they were entitled to the "y" value only. As for annuitants – more specifically, deferred annuitants – although there had been multiple interpretations as to whether § 3.4(d)(3) covered them, the final interpretation (as issued by the Benefit Plan Committee) was that § 3.4(d)(3) did cover them.

In the pending motion, Mr. Barnes effectively asks that the summary judgment order be modified (1) to reflect that the Plan was entitled to summary judgment on Count II only with respect to lump sum payees, not annuitants, and (2) to reflect that annuitants were entitled to summary judgment on Count II. Basically, Mr. Barnes wants some sort of judicial confirmation that annuitants are entitled to both the "x" and "y" values under § 3.4(d)(3).

For purposes of this opinion, the Court assumes that there is no procedural bar to Mr. Barnes's motion to modify. But even assuming such, Mr. Barnes has failed to show that he is entitled to the relief he seeks. As the Plan has already agreed that § 3.4(d)(3) covers deferred annuitants, the annuitants' claim for relief is moot. As the Supreme Court held in *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167 (2000), "[a] case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* at 189. In the case at bar, a change in the interpretation of § 3.4(d)(3) (to the detriment of annuitants, whether immediate or deferred) could not reasonably be expected to recur because the Plan has already stipulated as a part of this litigation that it

> shall calculate and pay benefits to the Annuitant Class Members with respect to their second termination of employment in a manner consistent with the Benefit Plan Committee's August 31, 2011 determination; that is, each Annuitant Class Member shall receive benefits under Section 3.4(d)(3) of the 1996 PTG Plan with respect to his or her second termination unless an alternate benefit formula

---

[3] Because there are no immediate annuitants in the class, the only annuitants in the class are deferred annuitants. *See* Mot. at 10 n.7.

3

1         available to him or her under the Plan provides him or her with greater
2         benefits.

3 Docket No. 320 (Stip. ¶ 2). *Compare National Audubon Soc'y v. Davis*, 307 F.3d 835, 350 (9th Cir.

4 2002) (concluding that "the state's willingness to stipulate in this litigation that Proposition 4 does

5 not apply to ESA-related trapping is not enough to moot the controversy" because "[t]he state's

6 stipulation is based on an interpretation of Proposition 4 rather than on federal preemption grounds,

7 and the state is not constrained from later adopting a different interpretation; nor are the California

8 state courts constrained from interpreting Proposition 4 differently"). That stipulation is consistent

9 with the Plan's last stated interpretation of § 3.4(d)(3). Further, the Plan's counsel reaffirmed this

10 stipulation and its binding effect at the hearing on Mr. Barnes's motion.

11       Since Mr. Barnes's claim with respect to annuitants is moot, the Court denies Mr. Barnes's

12 motion to modify.

13 C.    <u>Count IV Issue</u>

14       Finally, there is now an issue as to whether Mr. Barnes should be allowed to dismiss his (but

15 not the class's) Count IV claim with prejudice "subject to the ability to re-assert this claim . . . in the

16 event of a subsequent successful appeal." Docket No. 320 (Stip. ¶ 3). Although the Plan previously

17 stipulated to this dismissal, it now argues that this is a problem because, under Ninth Circuit

18 precedent, this language "will prevent this Court's decision from being treated as a final appealable

19 order." Opp'n at 4. Mr. Barnes argues that the precedent actually weighs in his favor.

20       The Court agrees with Mr. Barnes. Count IV in this case is derivative of Count II. That is,

21 in Count II, Mr. Barnes argued that he and other class members were entitled to both the "x" and "y"

22 values. In particular, lump sum payees should have been paid the "x" value and not just the "y"

23 value alone. In Count IV, Mr. Barnes argued that, to the extent the "x" value *to which he and other*

24 *class members were entitled* was modified by a subsequent amendment to the Plan, "which had the

25 effect of decreasing, eliminating, or imposing new conditions or materially greater restrictions on the

26 Redetermined ATB, such amendment violated ERISA § 204(g)." Docket No. 243 (SAC ¶ 176).

27 Thus, clearly, after the Court disposed of Count II, finding no entitlement to the "x" value, there was

28 no way for Mr. Barnes (or anyone else in the class) to proceed with Count IV which asserts a

subsequent diminution of that value. This Court could not have tried Count IV after granting summary judgment in favor of the Plan on Count II.

Because Count IV is derivative of Count II, the language used in the stipulation does not prevent a final judgment. This is consistent with the Ninth Circuit's ruling in *Horn v. Berdon, Inc. Defined Benefit Pension Plan*, 938 F.2d 125 (9th Cir. 1991). There, the Ninth Circuit decided to exercise jurisdiction over a summary judgment appeal even after the parties stipulated to dismiss without prejudice an unresolved counterclaim. The *Horn* court acknowledged that the defendants had dismissed their counterclaim with the understanding that it would be reinstated if the Ninth Circuit were to set aside the district court's order on summary judgment. This, however, was not a problem because

> the revivable claim was solely for indemnification, entirely dependent upon plaintiffs' success in the underlying action, It could not have been heard by the district court after the court granted summary judgment for defendants. There were, in sum, no claims left for the district court to hear after granting summary judgment against the plaintiffs.

*Id.* at 126 n.1. In contrast, in *Dannenberg v. Software Toolworks, Inc.*, 16 F.3d 1073 (9th Cir. 1994), which rendered a contrary position as to the finality and appealability of the judgment, "the remaining . . . claim was not derivative of the plaintiffs' other claims; the district court could have tried that cause of action even after granting summary judgment on the other claims." *Id.* at 1076. The stipulated dismissal stands.

///
///
///
///
///
///
///
///
///

## II. CONCLUSION

For the foregoing reasons, the Court approves the class notice, denies Mr. Barnes's motion to modify, and rejects the Plan's contention that the language used in the parties' stipulation with respect to Count IV may prevent a final judgment.

This order disposes of Docket No. 323.

IT IS SO ORDERED.

Dated: January 2, 2013

_____
EDWARD M. CHEN
United States District Judge